**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ALBERT SEDGES,** *Plaintiff,*

v.

**ASSIGNMENT JUDGE MINKOWITZ,** (In his Individual and Administrative Capacities)
**Defendant.**

**CIVIL COMPLAINT FOR CONSTITUTIONAL VIOLATIONS**
(42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 407)

## I. PRELIMINARY STATEMENT

1. This is a civil rights action for declaratory relief, injunctive relief, and compensatory and punitive damages brought pursuant to **42 U.S.C. § 1983**, the **First, Fourth, Fifth,** and **Fourteenth Amendments** to the United States Constitution, and **42 U.S.C. § 407** of the Social Security Act.

2. Plaintiff, **Albert Sedges**, a disabled senior citizen and *Pro Se* litigant, brings this action to seek emergency relief from a calculated and documented campaign of **Administrative Malfeasance, Judicial Fraud,** and **Institutional Retaliation** orchestrated by Defendant Minkowitz. For **182 days**, from October 8, 2025, to April 8, 2026, the Plaintiff has been subjected to a systemic administrative tyranny. Under the Defendant's oversight, the Superior Court has operated not as a hall of justice, but as a predatory machine designed to "step on" a *Pro Se* litigant like a bug.

3. By maintaining a total procedural blackout, the Defendant has effectively kidnapped the Plaintiff's legal rights, leaving him in a state of limbo where he is silenced, ignored, and stripped of his federally protected SSDI assets. This is a documented conspiracy of silence and collusion where the Defendant and his subordinates have manufactured frauds, intercepted federal correspondence intended for **Chief Justice Stuart Rabner**, and utilized "Zoom Ambushes" to dismantle the Plaintiff's life under the "Color of Law." This action is the Plaintiff's only remaining shield against a machine that has replaced the Rule of Law with a **"Star Chamber"** of administrative collusion.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** (Federal Question) and **28 U.S.C. § 1343** (Civil Rights).

5. Venue is proper in the District of New Jersey pursuant to **28 U.S.C. § 1391(b)** as the Defendant resides in this District and the substantial part of the events giving rise to the claim occurred within this Vicinage.

## III. THE PARTIES

6. Plaintiff, **Albert Sedges**, is a *Pro Se* litigant and a disabled recipient of Social Security Disability Insurance (SSDI).

7. Defendant, **Assignment Judge Minkowitz**, is the administrative head of the Superior Court of New Jersey, Morris/Sussex Vicinage. He is sued in his **Individual Capacity** for malicious and retaliatory acts, and in his **Administrative Capacity** for the systemic failure of the Vicinage's oversight mechanisms and the interception of formal misconduct complaints.

*J*

- **EXHIBIT D: Zoom Attendance Records** — Proving Plaintiff's 2:00 PM presence vs. the Court's 20-minute delay.

- **EXHIBIT E: The Four-Tiered Fraud Receipts (The Self-Adjudication Loop):**

  1. **The Original Barbato Complaint** – Regarding the failure to oversee procedure.

  2. **The Follow-Up Complaint** – Regarding Barbato ruling on the complaint against himself.

  3. **The Recusal Motion & Denial** – Proof that Barbato denied his own recusal despite a clear conflict.

  4. **The CMC Misconduct Denial** – Final proof of the "Self-Adjudication Loop."

- **EXHIBIT F: The Intercepted Redress** — The formal complaint against Defendant Minkowitz intended for **Chief Justice Stuart Rabner**, which was intercepted and denied by a subordinate.

- **EXHIBIT G: The "Go Get Your Own CMC" Order** — Proof of arbitrary administrative obstruction and the 182-day blackout.

- **EXHIBIT H: Financial Ledger / Escrow Records** — Proof of the illegal distribution of **$11,750** in SSDI-protected funds.

- **EXHIBIT I: PACER Documents (Docs 8, 11, & 12)** — Certifications proving the State Court attempted to "dismiss" a Federal Summons and threatened Plaintiff with jail.

**EXHIBIT J: Summary of Intercepted Filings and Procedural Interference**

**DATE:** April 2, 2026
**PLAINTIFF:** Albert Sedges
**DEFENDANT:** Assignment Judge Minkowitz

**SUBJECT: Evidence of "Gatekeeping" and Interception of Redress by Judge Martin Barbato**

The following documents were properly submitted by Plaintiff to the Superior Court with the explicit intent for adjudication by **Assignment Judge Minkowitz**. Instead, these filings were intercepted, reviewed, and denied by **Judge Martin Barbato**, despite Barbato being under a federal summons and having no jurisdiction over motions directed at the Assignment Judge:

1. **Opposition to Order to Show Cause:** Despite the Assignment Judge granting Plaintiff 21 days to respond, Judge Barbato intercepted this opposition and denied Plaintiff's right to be heard before the deadline expired.

2. **Cross-Motion for Recusal of Assignment Judge:** Plaintiff submitted a formal motion requesting that Assignment Judge Minkowitz recuse himself due to the improper *sua sponte* referral from Barbato. This motion was intercepted and adjudicated by Barbato himself— effectively allowing a judge to decide a motion filed against his superior.

3. **Emergency Order to Show Cause (Power of Attorney):** Submitted as an emergency filing for the Court's immediate attention. This was intercepted by Barbato while he was an active defendant in Federal Case **25-cv-17354**, creating an incurable conflict of interest and a total blockade of Plaintiff's access to the Assignment Judge.

**LEGAL SIGNIFICANCE:** These interceptions constitute a "Vicinage-wide" policy of denying Due Process. By allowing Judge Barbato to intercept and adjudicate motions directed at the administrative head of the court, Defendant Minkowitz has abdicated his supervisory duties, resulting in a total loss of Plaintiff's First Amendment right to petition for redress.

4/2/2026

## IV. STATEMENT OF FACTS (THE 182-DAY SIEGE)

8. **The 182-Day Blackout:** On **October 8, 2025**, a mandatory Case Management Conference (CMC) was scheduled. Despite the clear requirements of the law, Defendant Minkowitz and his office willfully refused to issue a Case Management Order (CMO). This was not a clerical error; it was a **Tactical Procedural Freeze** that has lasted for **182 consecutive days**. By refusing to docket a CMO, the Defendant effectively "erased" the Plaintiff's case from the active calendar, leaving the Plaintiff with no discovery, no trial date, and no legal protection.

9. **The Weaponized "Hit" Referral:** In direct retaliation for the Plaintiff filing a misconduct complaint against Judge Barbato, Barbato executed a **Handwritten Referral** to Defendant Minkowitz (**Exhibit B**) to trigger a "Vexatious Litigant" designation. This was a weaponized maneuver to strip a disabled citizen of his standing and bypass the law.

10. **The Manufactured "Sua Sponte" Fraud:** Defendant Minkowitz knowingly accepted this retaliatory referral and issued an **Order to Show Cause (OTSC) Complaint (Exhibit A)**. To cover up the retaliatory origin, Minkowitz committed a **Fraud Upon the Court** by lying to the public record, claiming the action was taken *Sua Sponte* (on the Court's own motion) to conceal the retaliatory "hit."

11. **The Theft of Redress (The Rabner Interception):** Plaintiff filed a **Two-Pronged Fraud Upon the Court** complaint against Defendant Minkowitz, specifically addressed and intended for **Chief Justice Stuart Rabner** in Trenton. Under the Defendant's oversight, this mail was **intercepted and stolen from the record**. Instead of reaching the Chief Justice, the complaint was handed back to the Defendant's subordinate, Judge Barbato, who then "denied" the complaint against his own boss. This act of "killing" a complaint before it reached the Chief Justice is a total usurpation of authority.

12. **The Zoom Ambush:** On **February 2, 2026**, the Defendant executed a "Zoom Ambush." Plaintiff was present and waiting in the digital lobby at 2:00 PM (**Exhibit D**). The Defendant entered the session 20 minutes late (2:20 PM) and utilized his own administrative tardiness to declare the Plaintiff "non-appearing," thereby adjudicating the Plaintiff's life and property *ex parte* and in *absentia*.

13. **Criminal Obstruction of Federal Jurisdiction:** On **February 4, 2026**, as proven by **Exhibit I (PACER Docs 8, 11, & 12)**, the Defendant oversaw an order declaring the Plaintiff's Federal Lawsuit (Case No. 25-cv-17354) "incomprehensible" and ordering that Federal filings **"shall not be served on any party."** The Defendant further threatened the Plaintiff with **Contempt of Court** and jail specifically for seeking redress in the United States District Court.

14. **The Predatory SSDI Seizure:** During this 182-day blackout, the Defendant facilitated the illegal distribution of **$11,750** in SSDI-protected funds (**Exhibit H**) in direct violation of **42 U.S.C. § 407** and the U.S. Supreme Court's holding in **Philpot v. Essex County Welfare Board**.

## V. LIST OF EXHIBITS (THE RECEIPTS OF MALFEASANCE)

- **EXHIBIT A: The Order to Show Cause (OTSC) Complaint** — The fraudulent charging document.

- **EXHIBIT B: "The Handwritten Referral"** — The proof of the open retaliatory hit by Barbato to Minkowitz.

- **EXHIBIT C: The Final Judgment** — Resulting from the fraudulent OTSC "Zoom Ambush."

3

## VI. LEGAL CLAIMS AND ARGUMENTS

### COUNT I: 14TH AMENDMENT – VIOLATION OF PROCEDURAL DUE PROCESS (THE 182-DAY BLACKOUT)

Defendant Minkowitz oversaw and authorized a **182-day total denial** of a mandatory Case Management Conference. By refusing to issue a CMO and instead issuing a bad-faith, arbitrary order for the Plaintiff to "go get his own" (**Exhibit G**), the Defendant created a procedural **"Black Hole."** This was a **Calculated Tactical Freeze** intended to deprive the Plaintiff of the opportunity to be heard while his assets were distributed. Under **Zinermon v. Burch**, such arbitrary deprivations are actionable when procedural safeguards are discarded to facilitate a specific, predatory outcome.

### COUNT II: 42 U.S.C. § 1983 – ADMINISTRATIVE MALFEASANCE & THE SELF-ADJUDICATION LOOP

Defendant Minkowitz is liable for the administrative **interception of mail** intended for **Chief Justice Stuart Rabner (Exhibit F)**. Per **Forrester v. White**, an Assignment Judge has no immunity for administrative acts. Authorizing a subordinate to "clear" the Assignment Judge of misconduct is a corrupt **"Self-Adjudication"** loop that violates the **First Amendment** Right to Petition and the **Fourteenth Amendment** Right to a Neutral Tribunal. It is a violation of the fundamental maxim that **"No man shall be a judge in his own cause."**

### COUNT III: 42 U.S.C. § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

The **Order to Show Cause (Exhibit A)** and the **Handwritten Referral (Exhibit B)** prove a "meeting of the minds" between the Defendant and his subordinates to execute a coordinated retaliatory strike. The February 4th Order (**Exhibit I**) further proves a conspiracy to interfere with Federal Court proceedings and obstruct the service of Federal Process.

### COUNT IV: FRAUD UPON THE COURT & STRUCTURAL ERROR

The **"Zoom Ambush" (Exhibit D)** was a structural fraud. By utilizing a 20-minute administrative delay to lock the Plaintiff out and subsequently lying to the record regarding the Plaintiff's attendance, the Defendant committed **Fraud Upon the Court**, rendering the resulting "Vexatious" order void *ab initio*.

### COUNT V: VIOLATION OF 42 U.S.C. § 407 (THE SOCIAL SECURITY ACT)

Under **Philpot v. Essex County Welfare Board**, SSDI funds are immune from legal process. The

4

Defendant facilitated the illegal attachment of **$11,750** in protected funds by maintaining the 182-day procedural blockade, making the Defendant personally liable for this financial injury.

## COUNT VI: OBSTRUCTION OF FEDERAL JURISDICTION (ARTICLE VI & THE 1ST AMENDMENT)

As proven by **Exhibit I**, the Defendant attempted to use a State Order to **"Dismiss" a Federal Summons** and threatened the Plaintiff with jail for seeking Federal redress. This is a direct violation of the **Supremacy Clause** and the **First Amendment** Right to Petition for Redress. A State Judge cannot "overrule" the United States District Court or block the service of Federal Process.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Issue a **Declaratory Judgment** that Defendant's acts violated the 1st, 4th, 5th, and 14th Amendments.

2. Issue a **Permanent Injunction** vacating the "Vexatious Litigant" status and all fraudulent state orders.

3. Award **Compensatory Damages** in the amount of **$500,000.00** for Constitutional and financial injury.

4. Award **Punitive Damages** against Defendant in his individual capacity for malicious and retaliatory misuse of office and obstruction of federal process.

5. **Order of Redress:** An order for the immediate and un-intercepted forwarding of all pending misconduct complaints to **Chief Justice Stuart Rabner** and a full accounting of the mail that was stolen from the record.

## VIII. FINAL SUMMARY

The evidence in this case depicts a judicial vicinage operating as a **"Star Chamber."** For **182 days**, Defendant Minkowitz maintained an administrative **"Dead Zone"** where the Rule of Law was replaced by a collusive loop. The Defendant allowed Judge Barbato to usurp all authority by adjudicating his own misconduct, while simultaneously **intercepting and killing** the Plaintiff's formal petitions to **Chief Justice Stuart Rabner**.

This was a coordinated siege intended to strip a disabled citizen of his property, his dignity, and his right to be heard. By stealing the Plaintiff's mail to the Chief Justice and threatening him with jail for seeking Federal help, the Defendant has shown a total contempt for the **United States Constitution**. The Plaintiff was stepped on like a bug by a machine he was told would protect him. This Court must now intervene to break the blackout, restore the Plaintiff's rights, and hold this Defendant accountable for this systemic, malicious assault on the American legal system.

4/12/2026