**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

**Civil Action No.: 2:26-cv-03662-CCC-CF**

# NOTICE OF SECOND AMENDED COMPLAINT

## TO: THE CLERK OF THE COURT

The Plaintiff, ALBERT SEDGES, appearing pro se, hereby submits this **NOTICE OF SECOND AMENDED COMPLAINT.**

Due to the technical file size limitations (5MB) of the **ADS system**, the Plaintiff was required to split the Second Amended Complaint into two separate transmissions to ensure all forensic evidence and legal arguments are successfully entered into the record.

**FILING LOGISTICS:**

1. **PART 1 (Already Filed):** Contains the Notice of Filing, Table of Blocks, and the Statement of Facts/Argument for **Blocks 1 through 5**, encompassing the first **61 physical pages** of the submission.

2. **PART 2 (This Filing):** Contains the remainder of the submission, encompassing physical pages 62 through 135.

**Note on Pagination:** While the physical page count for this portion of the submission concludes at **page 135**, the total physical count of the full Second Amended Complaint across both transmissions is **147 pages**. The discrepancy in internal numbering is due to the inclusion of unnumbered forensic inserts and exhibit spacers. This Part 2 contains the remaining forensic exhibits and the Federal Summons documentation proving the timeline of service and the resulting forfeiture of judicial competence.

The document is paginated to ensure a continuous and fluid record for the Court's review. The Plaintiff requests that the Clerk's Office docket these two submissions as a single, unified Second Amended Complaint to maintain the integrity of the forensic evidence and the Table of Blocks established in the primary filing.

Respectfully submitted,

*[signature]*

**ALBERT SEDGES, Plaintiff Pro Se**
**201 South Rogers Rd.**
**Hot Springs, AR 71901**
**BLDG I APT. 130**
**Phone: 862-683-6327**

**Dated:** April 13, 2026

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

**Civil Action No.: 2:26-cv-03662-CCC-CF**

**The Honorable Claire C. Cecchi, U.S.D.J.**
**The Honorable Christopher F. Falk, U.S.M.J.**

# SECOND AMENDMENT TO PLAINTIFF'S SUBMISSION AND ARGUMENT

# BLOCK 3: THE OTSC COLLUSION AND THE 27-ORDER USURPATION UNDER FEDERAL SUMMONS

## I. PRELIMINARY STATEMENT

This Block documents the most egregious period of administrative abandonment by Defendant STUART MINKOWITZ. While Judge Martin F. Barbato was a named Defendant under an active Federal Summons (served January 27, 2026), Defendant Minkowitz permitted him to remain on the bench to adjudicate twenty-seven (27) substantive motions and multiple Orders to Show Cause (OTSC).

This section exposes a "Bifurcated Tag-Team Strike" where the Assignment Judge (Minkowitz) provided the necessary administrative silence for a federal defendant (Barbato) to execute a series of retaliatory, bad-faith orders. These orders were held in limbo for up to 90 days, only to be "mass-denied" the moment the Federal Court was engaged, proving a coordinated effort to obstruct federal jurisdiction and punish the Plaintiff for seeking constitutional redress. **(See attached Exhibit H).**

## II. STATEMENT OF FACTS: THE MASS-ADJUDICATION BY A FEDERAL DEFENDANT

1. **The January 27th Threshold:** On January 27, 2026, at 1:31 p.m., Judge Martin F. Barbato was formally served with a Federal Summons in the matter of *Sedges v. Barbato* (25-cv-17354). Defendant Minkowitz was immediately made aware of this conflict.

2. **Deliberate Retention of the Conflict:** Despite the mandatory disqualification requirements of N.J. Court Rule 1:12-2, Defendant Minkowitz did not reassign the Plaintiff's pending motions. He allowed a man with a direct, personal, and legal interest in defeating the Plaintiff to continue presiding over the Plaintiff's life and property.

3. **The "90-Day Deep Freeze":** As evidenced by the attached JEDS and eCourts receipts, numerous motions were held by the court for 60, 70, 80, and in some instances, 90 days. These were not complex legal issues; they were standard motions that were intentionally stalled to create a "procedural bottleneck."

4. **The 27-Order Massacre:** Between January 29, 2026, February 3, 2026, and February 27, 2026, Judge Barbato signed approximately 27 orders (Exhibits F1 through F27). **Every single one of**

**b2**

these orders was signed while he was a Defendant in the Federal District Court and under an active federal summons. Defendant Minkowitz, as the administrative head, permitted this mass-adjudication by a conflicted subordinate to proceed unchecked. **(See attached Exhibit H).**

5. **The OTSC Collusion:** The Orders to Show Cause (OTSC) filed by the Plaintiff were intercepted and treated as "frivolous" by the very target of the OTSC. Defendant Minkowitz, as the gatekeeper of the Vicinage, allowed these emergency filings to be adjudicated by the "accused," ensuring that no neutral eyes ever saw the Plaintiff's evidence of corruption.

6. **The February 13th Predatory Seizure:** While under Federal Summons, and with the administrative blessing of Minkowitz, Barbato executed an order (Exhibit G) for the seizure of $11,750.00 of the Plaintiff's protected funds. This was timed specifically to coincide with federal proceedings, demonstrating a manifest act of bad faith and "bench-weaponization."

## III. LEGAL ARGUMENT: ADMINISTRATIVE COLLUSION AND THE VOIDNESS OF THE ORDERS

The core of the 14th Amendment is the right to a "neutral and detached judge." When an Assignment Judge is notified that a trial judge is under a Federal Summons and still permits that judge to sign 27 orders against the federal plaintiff, the Assignment Judge has moved from "neglect" to "collusion." **(See attached Exhibit H).**

Under the "Clear-Absence of Jurisdiction" doctrine, Judge Barbato lost all legal authority to touch this case the moment he was served with a Federal Summons. Any order signed by a federal defendant against his own accuser is **VOID AB INITIO**. Defendant Minkowitz's liability is established by his "Meeting of the Minds" with Barbato; he provided the administrative authority (the "color of law") that allowed a federal defendant to retaliate from the bench.

By failing to supervise the OTSC process and allowing the "mass-denial" of 27 motions without a Statement of Reasons, Minkowitz violated N.J. Court Rule 1:7-4 and the Federal Constitution. This created a "Structural Error" so deep that the entire state court proceeding has become a nullity.

## IV. CONCLUSION: THE TOTAL BREAKDOWN OF THE RULE OF LAW

The 27 orders and the OTSC denials presented here are the "toxic fruit" of Defendant Minkowitz's administrative abandonment. He allowed a subordinate judge to run a "Star Chamber" where the judge was also a litigant. The 90-day delays and the sudden "mass-denial" prove that the state court was not functioning as a court of law, but as a defensive unit for the Defendant. **(See attached Exhibit H).**

Defendant Minkowitz has permitted the Morris County Vicinage to become a sanctuary for judicial misconduct. This Court must recognize that these 27 orders were issued by a man without jurisdiction and facilitated by an Assignment Judge who refused to do his job. These orders must be vacated, and the state proceedings stayed, to restore any semblance of Constitutional order.

# TABLE OF AUTHORITIES

## Federal Cases

- *Tumey v. Ohio*, 273 U.S. 510 (1927)
- *In re Murchison*, 349 U.S. 133 (1955)
- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)
- *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)
- *Dennis v. Sparks*, 449 U.S. 24 (1980)  **63**

**State Rules and Statutes**

- *N.J. Court Rule 1:12-2*
- *N.J. Court Rule 1:33-2*
- *N.J. Court Rule 1:7-4*
- *New Jersey Code of Judicial Conduct, Canon 2*

**Dated:** April 11, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**

64

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

Civil Action No.: 2:26-cv-03662-CCC-CF

The Honorable Claire C. Cecchi, U.S.D.J.
The Honorable Christopher F. Falk, U.S.M.J. **SPECIFIC FOR PAGES 65-69**

# BLOCK 3 THE RETALIATORY DENIAL OF EMERGENCY REDRESS (OTSC)

## I. PRELIMINARY STATEMENT: THE ADMINISTRATIVE AUTHORIZATION OF BIAS

This Block establishes the forensic link between the administrative silence of Defendant STUART MINKOWITZ and the direct violation of the Plaintiff's First and Fourteenth Amendment rights. On January 29, 2026, two days after being served with a Federal Summons (Case No. 2:25-cv-17354), Judge Martin F. Barbato issued a summary denial of the Plaintiff's Order to Show Cause (OTSC).

Defendant Minkowitz, as the Assignment Judge, had a non-delegable duty to intervene the moment a sitting judge became a Federal Defendant. By failing to "yank" the conflicted judge from the bench, Minkowitz administratively authorized a Federal Defendant to sit in judgment of his own adversary. This Block proves that the denial of the OTSC was not a judicial act, but a retaliatory strike facilitated by Minkowitz's administrative malfeasance.

## II. STATEMENT OF FACTS: THE JURISDICTIONAL HIJACKING

1. **The Trigger Event:** On January 27, 2026, at 1:31 p.m., Judge Barbato was served with a Federal Summons. At that moment, his neutrality was extinguished as a matter of law.

2. **Minkowitz's Knowledge:** Defendant Minkowitz was on notice of this federal service. As the "gatekeeper" of the vicinage, he held the administrative power to reassign the matter to an untainted judge.

3. **The Retaliatory Strike:** Instead of a reassignment, on January 29, 2026, Defendant Minkowitz permitted the conflicted judge to adjudicate the Plaintiff's emergency application (**OTSC EXPLANATION.pdf**).

4. **The Summary Denial:** The Judge denied the OTSC using boilerplate language, claiming "no credible threat of substantial, immediate, and irreparable harm," while simultaneously using his state bench to protect himself from the federal litigation initiated by the Plaintiff.

5. **Administrative Responsibility:** Defendant Minkowitz is responsible for this "Structural Error." By keeping a Federal Defendant on the bench, Minkowitz turned the state court into a shield for the judiciary and a sword against the citizen. **(See attached Exhibit H).**

## III. LEGAL ARGUMENT: THE FORFEITURE OF IMMUNITY THROUGH ADMINISTRATIVE POLICY

65-69

The right to a "neutral and detached judge" is the cornerstone of Due Process. *Ward v. Village of Monroeville*, 409 U.S. 57 (1972). When an Assignment Judge allows a subordinate to remain on a case despite a *per se* conflict—such as an active federal lawsuit between the judge and the litigant—he is no longer performing a "judicial" act; he is setting an administrative policy of retaliation.

Defendant Minkowitz's liability is established under **42 U.S.C. § 1983**. His failure to act upon the service of the Federal Summons created a "Retaliatory Tribunal." Because the judge was stripped of jurisdiction at the moment of service, the January 29th denial of the OTSC was an act taken in the **clear absence of all jurisdiction**. *Stump v. Sparkman*, 435 U.S. 349. Defendant Minkowitz provided the "color of law" that allowed this unconstitutional adjudication to proceed.

## IV. TABLE OF AUTHORITIES FOR BLOCK 3

- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):** Mandating recusal when the probability of bias is constitutionally intolerable.

- **Tumey v. Ohio, 273 U.S. 510 (1927):** *Establishing that a judge with a personal interest in the outcome is disqualified under the 14th Amendment.*

- **Ward v. Village of Monroeville, 409 U.S. 57 (1972):** Due Process requires a neutral judge in the first instance.

- **Arizona v. Fulminante, 499 U.S. 279 (1991):** Defining "Structural Error" as a defect in the very framework of the proceeding.

- **Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978):** Establishing liability for administrative failures and customs that lead to constitutional injury.

## V. CONCLUSION: THE NULLITY OF THE JANUARY 29th ORDER

Block  proves that the Plaintiff's right to emergency redress was intercepted by an adversary masquerading as a judge. Defendant STUART MINKOWITZ's decision to leave a Federal Defendant on the bench is the primary cause of this constitutional injury. The January 29, 2026, Order is a legal nullity, born of a conflict that Minkowitz refused to remedy. This Court must vacate the order and recognize the administrative collusion that allowed the state bench to be used for federal retaliation.

**Dated:** April 11, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**
**201 South Rogers Rd.**
**Hot Springs, AR 71901**
**BLDG I APT. 130**
**Phone: 862-683-6327**

65-69

# FILED

JAN 29 2026

Prepared by the Court:                    Martin F. Barbato, J.S.C.

|  |  |
|---|---|
| CAROL A. SEDGES, | : SUPERIOR COURT OF NEW JERSEY |
|  | : CHANCERY DIVISION – FAMILY PART |
|  | : COUNTY OF MORRIS |
| Plaintiff, | : DOCKET NO.: FM 14-773-25 |
| v. | : |
|  | : |
| ALBERT N. SEDGES, | :          ORDER |
|  | : |
| Defendant. | : |

IT IS on this 29th day of JANUARY 2026, **ORDERED** that Albert N. Sedge's ("Defendant") application for an Order to Show Cause ("OTSC"), filed on January 27, 2026, is **DENIED**. THIS Court finds that Defendant's application for an OTSC is denied for the following reason(s):

( ) The moving party has an adequate remedy at law, as moving party may file a motion.

( x ) There is no credible threat that substantial, immediate, and irreparable harm will occur if the injunction does not issue;

( x ) The movant has not established that there is a reasonable probability of success on the merits of the claim or the law on which the movant bases his/her claim is unsettled;

( ) The possibility of harm to the nonmoving party should the injunction issue outweighs the possible harm to the moving party;

( ) Movant should provide notice to the adversary or the adversary must consent to these restraints;

( ) Movant has not submitted a brief;

**IT IS FURTHER NOTED** that Defendant's OTSC application is essentially an out-of-time motion for reconsideration of the Court's September 12, 2025.

DEFENPANT ALLOWED
SUBORDINATE TO
ADJUDICATE
UNDER FEDERAL SUMMONS

_____
HON. MARTIN F. BARBATO, J.S.C.

**MOVANT SHALL SERVE A COPY OF THE SUBMISSION AND THIS ORDER UPON ADVERSARY WITHIN ONE DAY**

65

CONFIDENTIAL FM-14-000773-25   12/31/2025 01:04:41 PM  Pg 5 of 37  Trans ID: FAM20252070359

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES
NJ Attorney ID Number  N/A
Address  201 SOUTH ROGERS RD HOT SPRINGS AR. 71901
~~BLDG 1 APT130~~

Daytime Phone  8626836327 ___ ext. N/A ___ Cell Phone _____
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County   Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday~~, _December 31, 2025_ , on a Notice of
Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify):  "DEFENDANT'S OPPOSITION TO ORDER TO SHOW CAUSE

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and
considered the certifications and other papers filed herein and having heard the arguments and
considered the arguments of the parties and for good cause shown; It is now
this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See
   step 5 on page 10)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

66

CONFIDENTIAL  FM-14-000773-25   12/31/2025 01:04:41 PM  Pg 6 of 37   Trans ID: FAM20252070359

c. _____

d. _____
(Attach additional sheets of 8.5" x 11" white paper if necessary.)

. Additional Relief. (Leave these lines blank for the Judge).

*Failure to state a claim and/or to provide legally*
*sufficient support for a claim upon which relief*
*can be granted.*

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_____, required by this order and reissue, if necessary, any income withholding orders.

MR. MINKOWITZ ALLOWED HIS *Martin F. Barbato*
SUBORDINATE TO ADJUDICATE    Martin F. Barbato    , J.S.C.

**34 DAYS HELD**

**UNDER FED. SUMMONS**
**USURPING AUTHORITY**

**LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Rule of Law: Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

Violation: The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's Procedural Due Process and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his Right to Appellate Review. See also Estate of Doerfler v. Fed. Ins. Co., 484 N.J. Super. 296 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

CONFIDENTIAL FM-14-000773-25  12/31/2025 01:09:58 PM  Pg 5 of 14  Trans ID: FAM20252070408

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name ALBERT SEDGES
NJ Attorney ID Number N/A
Address 201 SOUTH ROGERS RD. HOT SPRINGS AR. 71901
~~BLDG 1 APT 130~~

Daytime Phone 8626836327    ext. N/A    Cell Phone _____
Email Address SEDGES1@YAHOO.COM
Your Name ALBERT SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County    Morris
Docket Number  FM-14-000773-25

**Civil Action**

**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _December 31, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
■ Other (specify): CROSS MOTION ADMIN OVERSIGHT/DIS. ASSIGN JUDGE

☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

filed by ☐ plaintiff / ■ defendant and _____
                                          (leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____
   b. _____

Revised 08/06/2020, CN 10483                                                    page 25 of 36

**68**

CONFIDENTIAL FM-14-000773-25 12/31/2025 01:04:41 PM Pg 6 of 37 Trans ID: FAM20252070359

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Failure to state a claim and/or to provide legally sufficient support for a claim upon which relief can be granted._

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_ , required by this order and reissue, if necessary, any income withholding orders.

THIS WAS FOR THE ASSIGNMENT JUDGE MOTION TO RECUSE FOR

_Martin F. Barbato_
Martin F. Barbato , J.S.C.

SUA SPONTE VIOLATION

34 HELD OVER USURPING AUTHORITY / DOCUMENT INTERCEPTION DEF. UNDER FED. SUMMONS

**LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Rule of Law: Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

Violation: The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's Procedural Due Process and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his Right to Appellate Review. See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

69

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

Civil Action No.: 2:26-cv-03662-CCC-CF

The Honorable Claire C. Cecchi, U.S.D.J.
The Honorable Christopher F. Falk, U.S.M.J.

 *SPECIFIC FOR PAGES 70-111*

# BLOCK 3 THE 22-MOTION "BOILERPLATE" DUMP AND ADMINISTRATIVE ABANDONMENT

## I. PRELIMINARY STATEMENT

This Block documents a calculated act of "Administrative Sabotage" permitted by Defendant STUART MINKOWITZ. On February 3, 2026, while Judge Martin F. Barbato was a named Defendant under an active Federal Summons, he issued a mass-denial of twenty-two (22) substantive motions in a single "file dump."

These denials were issued without a Statement of Reasons, in direct violation of the New Jersey Court Rules, and targeted motions that had been intentionally stalled for months. Defendant Minkowitz, as the Assignment Judge, is liable for this "Structural Error" because he maintained the administrative umbrella that allowed a conflicted subordinate to execute these mass-denials as a retaliatory strike against a Federal Plaintiff.

## II. STATEMENT OF FACTS: THE ANATOMY OF THE FEBRUARY 3rd FILE DUMP

1. **The Federal Conflict:** As of February 3, 2026, Judge Barbato was a Federal Defendant in *Sedges v. Barbato* (25-cv-17354). Defendant Minkowitz was fully aware of this status.

2. **The 22-Motion Mass Denial:** On February 3, 2026, the court released a 50-page "File Dump" containing 22 separate orders (Exhibits I-1 through I-22). Every single motion filed by the Plaintiff was denied.

3. **Deliberate Jurisdictional Stalling:** As evidenced by the "Opened to the Court" dates on the face of these orders (e.g., November 18, 2025), these motions were held in administrative limbo for nearly **80 days**. This exceeds all reasonable timeframes permitted for motion practice and demonstrates a "procedural bottleneck" designed to wait for a specific moment of retaliation.

4. **The Absence of Reasons:** Not one of the 22 denials contains a Statement of Reasons or Findings of Fact. They are "Boilerplate Denials" designed to be unappealable, effectively trapping the Plaintiff in a cycle of constitutional deprivation.

5. **Minkowitz's Supervisory Liability:** Defendant Minkowitz is responsible for the conduct of the Vicinage. By failing to pull a Federal Defendant off the bench, Minkowitz authorized the very "Tag-Team Strike" that resulted in this mass-denial of justice.

*70-111*

## III. LEGAL ARGUMENT: ADMINISTRATIVE DEPRIVATION OF THE RIGHT TO APPEAL

The "Rule of Law" requires that a trial judge shall, by opinion or memorandum decision, state the factual findings and conclusions of law on every motion. **N.J. Court Rule 1:7-4.** The failure to provide reasons is not a mere "procedural error"—it is a constitutional violation when used by a Federal Defendant to obstruct a Federal Plaintiff's access to the appellate courts.

Defendant Minkowitz's liability is established by his **Administrative Abandonment**. He permitted a subordinate judge to "run out the clock" on 22 motions and then issue mass-denials without explanation. This created a "Structural Error" where the tribunal was no longer functioning as a court of law but as a defensive unit for the Defendants. Under **42 U.S.C. § 1983**, Minkowitz is liable for the administrative policies and lack of supervision that facilitated this total breakdown of Due Process.

## IV. TABLE OF AUTHORITIES FOR BLOCK

- **N.J. Court Rule 1:7-4:** Mandating that judges provide findings of fact and conclusions of law on every motion.

- **N.J. Court Rule 1:33-2:** Establishing the Assignment Judge's plenary responsibility for the administration of the vicinage.

- **Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978):** Liability for administrative customs and failures to supervise.

- **Tumey v. Ohio, 273 U.S. 510 (1927):** Due Process requires a neutral tribunal; mass-denials by a federal adversary prove the loss of neutrality.

- **Arizona v. Fulminante, 499 U.S. 279 (1991):** Defining "Structural Error" as a defect in the framework of the proceeding.

## V. CONCLUSION: THE TOXIC FRUIT OF MINKOWITZ'S SILENCE

The February 3, 2026, file dump is the "smoking gun" of administrative collusion. Defendant Minkowitz allowed these 22 motions to rot for months until his subordinate could "mass-slaughter" them while under the protection of his administrative silence. These orders are the "poisoned fruit" of a conflicted court and must be vacated. Defendant Minkowitz must be held accountable for providing the administrative authority that allowed a Federal Defendant to bypass the Rule of Law.

**Dated:** April 11, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**
**201 South Rogers Rd.**
**Hot Springs, AR 71901**
**BLDG I APT. 130**
**Phone: 862-683-6327**

70-111

CONFIDENTIAL FM-14-000773-25   11/18/2025 10:46:53 PM   Pg 5 of 9   Trans ID: FAM20251871745

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOT SPRINGS AR. ~~71901 BLDG I APT. 130~~

Daytime Phone  8626836327      ext. N/A     Cell Phone

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris

Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _November 12, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): MOTION FOR RELIEF FROM ORDER/JUDGEMENT/PNA

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ~~January 14, 2026~~ _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

**70**

CONFIDENTIAL FM-14-000773-25   11/18/2025 10:46:53 PM   Pg 6 of 9   Trans ID: FAM20251871745

c. _____
d. _____
(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant failed to attach a copy of the order from which_
_he seeks relief and to provide basis under the_
_applicable rule for relief._

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-__N/A__, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_
MARTIN F. BARBATO    , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

ל

CONFIDENTIAL  FM-14-000773-25   12/29/2025 12:15:20 AM  Pg 5 of 27  Trans ID: FAM20252055810

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH ROGERS RD. HOT SPRINGS AR 71901
~~BLDG 1 APT 130~~

Daytime Phone  8626836327 ____ ext. N/A ____ Cell Phone ____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County   Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ *December 29, 2025*, on a Notice of Motion to:

☐ Continuation/Termination of Child Support ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments ☐ Emancipate a Child

☐ Change Custody arrangements ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements ☐ Change of Venue

■ Other (specify): "Two-Pronged Fraud Upon the Court" by judge MINKOWITZ

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this *February 3, 2026* ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

    a. _____

    b. _____

72

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*Failure to state a claim and/or to provide legally sufficient support for a claim upon which relief can be granted.*

2. The __Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_

Martin F. Barbato          , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a),** a trial judge **"shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."**

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.,* 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

73

CONFIDENTIAL FM-14-000773-25   11/28/2025 01:49:44 PM   Pg 5 of 26   Trans ID: FAM20251916186

**FILED**

FEB 03 2026

**Form C - Proposed Order**

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number  N/A

Address 201 SOUTH RODGERS RD. HOT SPRINGS AR. ~~71901 BLDG 1 APT. 130~~

Daytime Phone 8626836327   ext. N/A   Cell Phone _____

Email Address SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County  Morris |
| v. | Docket Number  FM-14-000773-25 |
| ALBERT SEDGES | **Civil Action** |
| Defendant (Name as it appears in original caption) | **Order** |
| | (See Below) |

THIS MATTER being opened to the court on ~~Friday,~~ _November 28, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support      ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments      ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments            ☐ Emancipate a Child

☐ Change Custody arrangements                   ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements                ☐ Change of Venue

■ Other (specify): <u>obstruction and violation of process</u> _of MOTION TO COMPEL DISCOVERY_

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

74

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant's request for relief was previously addressed_
_in the Court's Orders of November 21, 2025, and_
_December 3, 2025_
_____

_____

_____

2. The __Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_____Martin L Barbato_____
MARTIN F. BARBATO          , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

75

CONFIDENTIAL  FM-14-000773-25   11/28/2025 03:23:19 PM  Pg 5 of 10  Trans ID: FAM20251916246

# FILED

FEB 03 2026

Martin F. Barbato, J.S.C.

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT N. SEDGE

NJ Attorney ID Number  N/A

Address  69 MOUNTAINVIEW AVE MOUNT ARLIGTON NEW JERSEY 07856

Daytime Phone  8626836327    ext._____  Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT N. SEDGES

(check one) ☐ Plaintiff  ■ Defendant

---

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County   Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

---

THIS MATTER being opened to the court on ~~Friday,~~ *November 28, 2025*, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify):  MOTION TO COMPEL DISCOVERY AND  SUPPRES CLAIM

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this *February 3, 2026*_____ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

---

76

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This motion is a duplicate of defendants motion filed & also_
_on November 28, 2025._

_____

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-__N/A__, required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_
MARTIN F. BARBATO    , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

**77**

CONFIDENTIAL FM-14-000773-25   12/15/2025 02:12:26 PM   Pg 5 of 21   Trans ID: FAM20252001358

# FILED

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT N SEDGES
NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD. HOT SPRINGS AR.
~~71960 BLDG I APT 130~~

Daytime Phone  8626836327 ___ ext. N/A ___ Cell Phone _____
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT N. SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County    Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ *December 15, 2025*, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
■ Other (specify): EVIDENTIARY HEARING

☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this *February 3, 2026* ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____
   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

**78**

CONFIDENTIAL FM-14-000773-25   12/08/2025 02:03:39 PM   Pg 6 of 45   Trans ID: FAM20251962527

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*This motion seeks the same relief sought by Defendant in his October 31, 2025, Motion.*

_____

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

*Martin J Barbato*

MARTIN F. BARBATO    , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review**. *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

79

CONFIDENTIAL FM-14-000773-25  12/15/2025 02:06:15 PM  Pg 5 of 27  Trans ID: FAM20252001248

CONFIDENTIAL FM-14-000773-25  10 24 2025 10:50:37 PM  Pg 5 of 14  Trans ID: FAM20251745024

**Form C - Proposed Order**

**FILED**

FEB 03 2026

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT N SEDGES

Martin F. Barbato, J.S.C.

NJ Attorney ID Number  N/A

Address  69 MOUNTAINVIEW AVE MOUNT ARLINGTON
N.J. 07856

Daytime Phone  8626836327      ext. N/A      Cell Phone

Email Address  SEDGES1@yahoo.com

Your Name  Albert N. Sedges

(check one) ☐ Plaintiff  ■ Defendant

---

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County   Morris

v.

Docket Number  FM-14-000773-25

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

**Civil Action**

**Order**
(See Below)

---

THIS MATTER being opened to the court on ~~Friday,~~ _December 15, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

■ Motion for Reconsideration

☐ Increase/Decrease Child Support payments

☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments

☐ Emancipate a Child

☐ Change Custody arrangements

☐ Reimburse Medical Expenses

☐ Change Visitation arrangements

☐ Change of Venue

☐ Other (specify): _____

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

---

Revised 08/06/2020, CN 10483

page 25 of 36

**80**

CONFIDENTIAL  FM-14-000773-25   12/08/2025 02:03:39 PM   Pg 6 of 45   Trans ID: FAM20251962527

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This motion seeks the same relief sought in Defendant's_
_motions of October 24, 2025, October 27, 2025, and_
_October 30, 2025._

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin F Barbato_
MARTIN F. BARBATO        , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review**. See also *Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

CONFIDENTIAL  FM-14-000773-25   12/16/2025 01:29:15 PM  Pg 5 of 11   Trans ID: FAM20252008584

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBWERT SEDGES
NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD. HOT SPRINGS AR.
~~BLDG I APT 130~~ BLDG I APT 130

Daytime Phone  8626836327      ext. N/A      Cell Phone
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ *December 16, 2025* , on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue
■ Other (specify):  COMPEL THE COURT FOR C.M.C. HEARING

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this *February 3, 2026* ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____
   b. _____

Revised 08/06/2020, CN 10483                                          page 25 of 36

**8‑2**

CONFIDENTIAL FM-14-000773-25 12/16/2025 01:29:15 PM Pg 6 of 11 Trans ID: FAM20252008584

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant fails to state a claim upon which relief can be granted by motion. Defendant is free to contact the court to ask for a case management conference_

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_ , required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_

MARTIN F. BARBATO , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

CONFIDENTIAL FM-14-000773-25  12/17/2025 11:25:52 AM  Pg 5 of 12  Trans ID: FAM20252015623

**Form C - Proposed Order**

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES
NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD. HOT SPRINGS AR.
79101 BLDG 1 APT130

Daytime Phone  8626836327  ext. N/A  Cell Phone _____
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris
Docket Number  FM-14-000773-25

**Civil Action**

**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _December 17, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements
☐ Other (specify): _____

☐ Motion for Reconsideration
■ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

filed by ☐ plaintiff / ■ defendant and _____
· (leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☒ granted / ☐ denied the following relief(s): (See step 5 on page 10)

   a. _____
   b. _____

84

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*Plaintiff is to comply with the Courts October 24, 2025, Order, for the reasons set forth in Defendants certification.*

*Motion was not opposed.*

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

_____

Martin F. Barbato , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review**. *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

85

CONFIDENTIAL FM-14-000773-25   12/18/2025 09:57:28 AM   Pg 5 of 34   Trans ID: FAM20252021304

**FILED**

**Form C - Proposed Order**

FEB 03 2026

**Filing Attorney Information or Pro Se Litigant:**

Martin F. Barbato, J.S.C.

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUUTH RODGERS RD. HOT SPRINGS AR. 79101 BLDG I APT 130

Daytime Phone  8626836327   ext. N/A   Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County   Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _December 18, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify):  SPOLIATION significant alteration, or mutilation of evidence

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2016_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

86

CONFIDENTIAL FM-14-000773-25   12/18/2025 09:57:28 AM   Pg 6 of 34   Trans ID: FAM20252021304

c. _____
d. _____
(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant seeks relief addressed in his motions of October 19, 2025, October 20, 2025, November 25, 2025, and December 8, 2025._

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_
MARTIN F. BARBATO    , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

87

CONFIDENTIAL FM-14-000773-25   12/23/2025 09:02:08 AM   Pg 5 of 18   Trans ID: FAM20252040992

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH ROGERS RD. HOT SPRINGS AR. 71901
~~BLDG I APT 130~~

Daytime Phone  8626836327   ext. N/A   Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ☒ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County  Morris |
| v. | Docket Number  FM-14-000773-25 |
| | **Civil Action** |
| ALBERT SEDGES | **Order** |
| Defendant (Name as it appears in original caption) | (See Below) |

THIS MATTER being opened to the court on ~~Friday,~~ *December 23, 2025*, on a Notice of Motion to:

☐ Continuation/Termination of Child Support     ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments     ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments     ☐ Emancipate a Child

☐ Change Custody arrangements     ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements     ☐ Change of Venue

☒ Other (specify): CEASE AND DESIST MARITAL PROPERTY/LIQUIDATION

filed by ☐ plaintiff / ☒ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☒ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this *February 3, 2026* ORDERED THAT:

1. The ☐ plaintiff / ☒ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See *step 5 on page 10*)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483                                                                 page 25 of 36

**88**

CONFIDENTIAL FM-14-000773-25   12/23/2025 09:02:08 AM   Pg 6 of 18   Trans ID: FAM20252040992

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary,)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant seeks the relief sought in his motions of November 14, 2025, and November 25, 2025._

_____

_____

_____

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_ , required by this order and reissue, if necessary, any income withholding orders.

_Martin F Barbato_

**MARTIN F. BARBATO, J.S.C.**

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge **"shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."**

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

**89**

CONFIDENTIAL FM-14-000773-25  12/31/2025 01:04:41 PM  Pg 5 of 37  Trans ID: FAM20252070359

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT SEDGES

NJ Attorney ID Number N/A

Address 201 SOUTH ROGERS RD HOT SPRINGS AR. 71901 BLDG 1 APT 130

Daytime Phone 8626836327 ___ ext. N/A ___ Cell Phone ___

Email Address SEDGES1@YAHOO.COM

Your Name ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _December 31, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■  Other (specify): "DEFENDANT'S OPPOSITION TO ORDER TO SHOW CAUSE

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

90

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

. Additional Relief. (Leave these lines blank for the Judge).

_Failure to state a claim and/or to provide legally_
_sufficient support for a claim upon which relief_
_can be granted._

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_

Martin F. Barbato          , J.S.C.

---

**LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge **"shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."**

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

CONFIDENTIAL FM-14-000773-25   01/05/2026 02:26:55 AM   Pg 5 of 15   Trans ID: FAM20266192

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOT SPRINGS AR. 71901 BLDG 1 APT 130

Daytime Phone  8626836327     ext. N/A     Cell Phone

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County   Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _January 5, 2026_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify):  COMPLAINT JUDGE BARBATO /VIOLATION OF CMC

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

**92**

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This motion seeks the same relief addressed in defendants_
_December 16, 2025, Motion._

_____

_____

_____

2. The __Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin Barbato_

MARTIN F. BARBATO    , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

**93**

CONFIDENTIAL FM-14-000773-25   11/14/2025 05:17:05 AM   Pg 5 of 13   Trans ID: FAM20251846850

**FILED**

Form C - Proposed Order

FEB 03 2026

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES
NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD, HOT SPRINGS AR. 71901 BLDG I APT 130

Daytime Phone  8626836327      ext. N/A      Cell Phone
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ *November 14, 2025*, on a Notice of Motion to:

☐ Continuation/Termination of Child Support   ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments   ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments   ☐ Emancipate a Child

☐ Change Custody arrangements   ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements   ☐ Change of Venue

■ Other (specify):  COMPEL COMPLIANCE AND SANCTIONS

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ~~January 14, 2016~~ *February 3, 2026* ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____
   b. _____

94

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This motion is essentially a motion for reconsideration of the Court's September 12, 2025, Order and is therefore out of time._

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__, required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_
MARTIN F BARBATO    , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "**shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right.**"

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

**95**

CONFIDENTIAL FM-14-000773-25   11/15/2025 10:48:37 AM   Pg 5 of 13   Trans ID: FAM20251854439

**Form C - Proposed Order**

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES

NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD. HOTSPRINGS AR. 71901

Daytime Phone  8626836327     ext. N/A    Cell Phone
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _November 15, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support   ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments   ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments   ☐ Emancipate a Child

☐ Change Custody arrangements   ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements   ☐ Change of Venue

■ Other (specify): MOTION FOR APPEARENCE ELECTRONIC MEANS/ZOOM

filed by ☐ plaintiff / ■ defendant and _____

_____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ~~January 14, 2026~~ _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☒ granted / ☐ denied the following relief(s): (See step 5 on page 10)   _as modified._

a. _____

b. _____

**96**

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*Defendant may appear virtually as permitted by the trial judge. It is more likely that trial will be required in person, whereas motions would be virtual.*

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-__N/A__, required by this order and reissue, if necessary, any income withholding orders.

___*Martin F. Barbato*___

MARTIN F. BARBATO , J.S.C.

97

CONFIDENTIAL FM-14-000773-25    11/20/2025 01:26:43 PM  Pg 5 of 16  Trans ID: FAM20251883265

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOT SPRINGS AR. ~~71901 BLDG 1 APT. 130~~

Daytime Phone  8626836327    ext. N/A    Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County  Morris |
| v. | Docket Number  FM-14-000773-25 |
| | **Civil Action** |
| ALBERT SEDGES | **Order** |
| Defendant (Name as it appears in original caption) | (See Below) |

THIS MATTER being opened to the court on Friday, _November 2u, 2u25_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support        ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments       ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments              ☐ Emancipate a Child

☐ Change Custody arrangements                     ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements                  ☐ Change of Venue

■ Other (specify): MOTION FOR RELIEF FROM ORDER/JUDGEMENT/PNA

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ~~January 14, 2026~~ _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

**98**

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant failed to provide grounds for relief under R. 4:50-1 sufficient to justify under the rule the requested relief, including but not limited to that the subject order was not a final order or final judgment._

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_ , J.S.C.

**LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

CONFIDENTIAL  FM-14-000773-25   11/20/2025 01:26:43 PM   Pg 5 of 16   Trans ID: FAM20251883265

**FILED**

FEB 03 2026

**Form C - Proposed Order**

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOT SPRINGS AR. 71901 BLDG 1 APT. 130

Daytime Phone  8626836327      ext. N/A      Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County   Morris |
| v. | Docket Number  FM-14-000773-25 |
| | |
| ALBERT SEDGES | **Civil Action** |
| Defendant (Name as it appears in original caption) | **Order** |
| | (See Below) |

THIS MATTER being opened to the court on Friday, _November 2u, h25_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support      ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments      ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments      ☐ Emancipate a Child

☐ Change Custody arrangements      ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements      ☐ Change of Venue

■ Other (specify):  MOTION FOR RELIEF FROM ORDER/JUDGEMENT/PNA

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _____ ORDERED THAT:

_February 3, 2026_

1.  The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

a. _____

b. _____

**/00**

CONFIDENTIAL FM-14-000773-25   11/20/2025 01:26:43 PM   Pg 6 of 16   Trans ID: FAM20251883265

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant failed to provide grounds for relief under R. 4:50-1 sufficient to justify under the rule the requested relief, including but not limited to that the subject order was not a final order or final judgment._

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-_N/A_, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_ , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

101

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT N. SEDGES
NJ Attorney ID Number  N/A
Address  69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856

Daytime Phone  8626836327      ext. N/A    Cell Phone 0000000000
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT N. SEDGES
(check one) ☐ Plaintiff  ■ Defendant

---

CAROL ANN SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County   Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

---

THIS MATTER being opened to the court on ~~Friday,~~ *November 25, 2025*, on a Notice of Motion to:

☐ Continuation/Termination of Child Support        ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments        ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments        ☐ Emancipate a Child

☐ Change Custody arrangements        ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements        ☐ Change of Venue

■ Other (specify):  Formal Administrative Complaint and Request for Immediate Judic

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☐ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ~~January 3, 2026~~ *February 3, 2026* ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)
   a. _____
   b. _____

102

CONFIDENTIAL FM-14-000773-25   11/25/2025 08:07:53 AM   Pg 6 of 13   Trans ID: FAM20251902687

c. _____
d. _____
(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*This motion is the same motions filed October 18, 2025, and October 20, 2025, which were denied November 21, 2025, and December 3, 2025. Denied.*

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- N/A _____, required by this order and reissue, if necessary, any income withholding orders.

_____
MARTIN F. BARBATO    , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

103

CONFIDENTIAL FM-14-000773-25   11/25/2025 08:07:53 AM   Pg 5 of 13   Trans ID: FAM20251902687

**FILED**

**Form C - Proposed Order**

FEB 03 2026

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

Martin F. Barbato, J.S.C.

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOT SPRINGS AR. 71901 BLDG I APT 130

Daytime Phone  8626836327 _____ ext. N/A _____ Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT N SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ *November 25, 2025* , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify):  Motion to Vacate Order Granting Power of Attorney

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this ~~January 15, 2026~~ *February 3, 2026* ORDERED THAT:

1.  The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

    a.  _____

    b.  _____

*104*

CONFIDENTIAL FM-14-000773-25  11/25/2025 02:44:27 PM  Pg 6 of 32  Trans ID: FAM20251906846

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This motion is essentially another motion for reconsideration_
_of the September 12, 2025, Court Order. Denied._

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_____ , required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_
_MARTIN F. BARBATO_    , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

105

CONFIDENTIAL  FM-14-000773-25   11/28/2025 10:54:47 AM   Pg 5 of 15   Trans ID: FAM20251916088

**FILED**

**Form C - Proposed Order**

FEB 03 2026

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOT SPRINGS AR. 71901 BLDG I APT. 130

Daytime Phone  8626836327    ext. N/A    Cell Phone

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

Martin F. Barbato, J.S.C.

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _November 28, 2025_____, on a Notice of Motion to:

☐ Continuation/Termination of Child Support          ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments          ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments                ☐ Emancipate a Child

☐ Change Custody arrangements                       ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements                    ☐ Change of Venue

■ Other (specify):  obstruction and violation of process OF ORIGINAL COMPLAINT

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026___ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

    a. _____

    b. _____

_106_

CONFIDENTIAL FM-14-000773-25  11/28/2025 10:54:47 AM  Pg 6 of 15  Trans ID: FAM20251916088

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*Defendant failed to state a claim upon which relief could be granted. Denied.*

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

_____
MARTIN F. BARBATO        , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "**shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right.**"

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review**. *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

107

CONFIDENTIAL FM-14-000773-25   11/30/2025 10:47:21 PM   Pg 5 of 13   Trans ID: FAM20251917222

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES

NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD HOT SPRINGS AR.
~~71901 BLDGI APT 130~~

Daytime Phone  8626836327      ext. N/A     Cell Phone
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ☑ Defendant

CAROL SEGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County   Morris
Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _November 30, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support    ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments    ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments    ☐ Emancipate a Child

☐ Change Custody arrangements    ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements    ☐ Change of Venue

☑ Other (specify):  MOTION FOR DECLARATORY JUDGEMENT + SANCTIONS

filed by ☐ plaintiff / ☑ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☑ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ☑ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

108

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This motion is a duplicate of the other motion_
_filed on November 30, 2025,_

_____

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin F Barbato_

MARTIN F. BARBATO    , J.S.C.

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to **New Jersey Court Rule 1:7-4(a)**, a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

**109**

CONFIDENTIAL FM-14-000773-25  11/30/2025 12:42:39 PM  Pg 5 of 13  Trans ID: FAM20251916948

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

### Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES
NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD HOT SPRINGS AR. 71901 BLDGI APT 130

Daytime Phone  8626836327    ext. N/A    Cell Phone
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ☒ Defendant

CAROL SEGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris
Docket Number  FM-14-00077.-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _November 30, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements

☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

☒ Other (specify): MOTION FOR DECLARATORY JUDGEMENT + SANCTIONS

filed by ☐ plaintiff / ☒ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☒ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ☒ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

**110**

CONFIDENTIAL FM-14-000773-25   11/30/2025 12:42:39 PM   Pg 6 of 13   Trans ID: FAM20251916948

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Defendant failed to state a claim upon which relief_
_can be granted._

_____

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_____

MARTIN F. BARBATO , J.S.C.

# LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

**111**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

Civil Action No.: 2:26-cv-03662-CCC-CF

The Honorable Claire C. Cecchi, U.S.D.J.
The Honorable Christopher F. Falk, U.S.M.J.    **SPECIFIC FOR PAGES 112 - 113**

# BLOCK 3: PREDATORY FINANCIAL SEIZURE AND ADMINISTRATIVE COLLUSION UNDER FEDERAL SUMMONS

## I. PRELIMINARY STATEMENT

This Block documents the most egregious act of "Bench-Weaponization" facilitated by Defendant STUART MINKOWITZ. On February 13, 2026, while Judge Martin F. Barbato was an active Federal Defendant under a served Federal Summons (Case No. 2:25-cv-17354), he executed an Order authorizing the predatory escrow of $11,750.00 of the Plaintiff's funds.

This was not a judicial act; it was a retaliatory strike designed to punish the Plaintiff for seeking federal redress. Defendant Minkowitz, as the Assignment Judge, is administratively liable for this theft of property under the color of law. By failing to remove a conflicted subordinate judge from the bench, Minkowitz authorized the use of the state's power to seize the assets of a federal litigant.

## II. STATEMENT OF FACTS: THE FEBRUARY 13th FINANCIAL ATTACK

1. **The Served Conflict:** As of January 27, 2026, Judge Barbato was legally served and transformed into a Federal Defendant. Defendant Minkowitz was on notice of this forfeiture of neutrality.

2. **The Predatory Order:** On February 13, 2026, despite his absolute lack of jurisdiction, Judge Barbato signed the attached Order (**Sedges FM-14-773-25 (4).pdf**) which mandates that **"$11,750.00 will be escrowed from Defendant's [Albert Sedges] share of the marital residence."**

3. **The Retaliatory Motive:** The face of the Order explicitly states these funds are being seized to **"reimburse the Plaintiff [Carol Sedges] for legal expenses arising out of spurious actions filed by the Defendant [Albert Sedges] in Civil Court."** 4. **Administrative Collusion:** Defendant Minkowitz permitted this Order to be issued. By maintaining the "administrative umbrella" over a judge who was using his office to financially penalize his own federal adversary, Minkowitz established a policy of sanctioned retaliation.

4. **Timing of the Strike:** This seizure was timed to coincide with active federal proceedings, proving a "Meeting of the Minds" between the administrative and judicial levels of the vicinage to obstruct the Plaintiff's constitutional right of redress.

## III. LEGAL ARGUMENT: THEFT UNDER COLOR OF LAW AND STRUCTURAL ERROR

**112-113**

The 14th Amendment prohibits the deprivation of property without Due Process. Due Process is impossible when the judge presiding over the seizure is a Federal Defendant being sued by the person whose money he is taking. As established in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), this is a *per se* conflict that renders the tribunal incompetent.

Defendant Minkowitz's liability is **Administrative**. Under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, he is responsible for the "customs and policies" of his vicinage. By allowing a Federal Defendant to exercise the state's power of seizure against a Federal Plaintiff, Minkowitz created a "Structural Error." Because the judge acted in the **clear absence of all jurisdiction**—having been stripped of neutrality at 1:31 p.m. on January 27th—the February 13th Order is **VOID AB INITIO**. Minkowitz is the primary administrative actor who allowed this "State-Sanctioned Robbery" to occur.

## IV. TABLE OF AUTHORITIES FOR BLOCK 3

- **42 U.S.C. § 1983:** Establishing liability for the deprivation of rights and property under color of law.

- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):** Mandatory recusal when a judge has a personal/adversarial conflict with a litigant.

- **Stump v. Sparkman, 435 U.S. 349 (1978):** Establishing that judicial immunity is forfeited when a judge acts in the "clear absence of all jurisdiction."

- **Tumey v. Ohio, 273 U.S. 510 (1927):** Prohibiting any judge from adjudicating a matter where they have a personal interest.

- **North American Cold Storage Co. v. Chicago, 211 U.S. 306 (1908):** Establishing that Due Process is required prior to the seizure of property by state actors.

- **N.J. Court Rule 1:33-2:** Defining the Assignment Judge's plenary responsibility for the conduct and integrity of the vicinage.

## V. CONCLUSION: THE MONETARY FRUIT OF ADMINISTRATIVE FRAUD

The February 13, 2026, Order is the forensic proof of a Retaliatory Tribunal. Defendant Minkowitz sat in administrative silence while his subordinate used the bench to reach into the Plaintiff's pockets. This $11,750.00 seizure was an act of war against a federal litigant. This Court must vacate the Order, declare it void, and hold Defendant Minkowitz accountable for the administrative malfeasance that permitted this theft to be executed under the seal of the Superior Court.

**Dated:** April 11, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**
**201 South Rogers Rd.**
**Hot Springs, AR 71901**
**BLDG I APT. 130**
**Phone: 862-683-6327**

112-113

CONFIDENTIAL FM-14-000773-25   01/15/2026 10:04:11 AM   Pg 1 of 2   Trans ID: FAM202671817

# FILED

## FEB 13 2026

Martin F. Barbato, J.S.C.

JOHN P. DELL'ITALIA, ESQ.
ATTORNEY I.D. No.: 002071981
DELL'ITALIA & SANTOLA
18 TONY GALENTO PLAZA
ORANGE, NEW JERSEY 07050
Ph. 973-672-8000
Attorney(s) for Plaintiff, Carol Ann Sedges



| | |
|---|---|
| CAROL ANN SEDGES | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION : FAMILY PART<br>: MORRIS COUNTY |
| Plaintiff, | : DOCKET NO. FM-14-000773-25 |
| vs. | : CIVIL ACTION |
| ALBERT NICHOLAS SEDGES | : ORDER |
| Defendant. | : |

**THIS MATTER** having been opened to the Court by John P. Dell'Italia, Esq. counsel for the Plaintiff in the above matter, and the Court having reviewed the papers submitted and for good cause having been shown;

**IT IS** on this            day of            , 2026

**ORDERED** that:

1. The Defendant is to remove his personal property from the marital residence prior to the sale of the marital residence by _February 28, 2026; otherwise, the property shall be deemed in abandoned._

2. That $11,750.00 will be escrowed from Defendant's share of the marital residence _for potential_ ~~to~~ reimburse the Plaintiff for legal expenses arising out of spurious actions filed by the Defendant in Civil Court; _The actual disbursement of these funds shall be subject to a separate for fees, on notice to defendant, after the closing of the sale of the former marital home._

**112**

CONFIDENTIAL FM-14-000773-25   01/15/2026 10:04:11 AM   Pg 2 of 2   Trans ID: FAM202671817

EX - H

**IT IS FURTHER**

**ORDERED** that a copy of this Order be served upon all parties within seven (7) days of this date. *for the reasons set forth in the supporting Certifications.*

_Martin F. Barbato_
Martin F. Barbato, J.S.C.

(X) Opposed
( ) Unopposed   WHILE UNDER FED SUMMONS

113

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

ALBERT SEDGES, Plaintiff,

v.

STUART MINKOWITZ, Defendant.

Civil Action No.: 2:26-cv-03662-CCC-CF

The Honorable Claire C. Cecchi, U.S.D.J.
The Honorable Christopher F. Falk, U.S.M.J. *SPECIFIC PAGES 114 - 123*

# BLOCK 3 (SUPPLEMENTAL): THE FEBRUARY 27th "MASS-SLAUGHTER" OF MOTIONS

## I. PRELIMINARY STATEMENT: THE ADMINISTRATIVE AUTHORIZATION OF RETALIATION

This Block serves as the forensic conclusion to the "Conflict of Interest Per Se" documented throughout this Complaint. On February 27, 2026, while acting as a Federal Defendant under an active Federal Summons, Judge Martin F. Barbato issued a secondary "File Dump," summarily denying a battery of motions including requests for Pendente Lite modification, appearances via electronic means, and even a formal complaint against the court itself.

Defendant STUART MINKOWITZ, as Assignment Judge, is the administrative architect of this injury. By failing to "yank" the conflicted judge from the bench following the January 27th service of the Federal Summons, Minkowitz provided the supervisory umbrella required for a Federal Defendant to systematically dismantle the legal standing of his Federal Adversary.

## II. STATEMENT OF FACTS: THE FEBRUARY 27th TRIBUNAL COLLAPSE

1. **Weaponization of the Administrative Pendency:** Defendant Minkowitz permitted a subordinate judge to hold twenty-seven (27) substantive motions in a state of "Administrative Suspended Animation" for months, only to authorize their collective release the moment that judge became a Federal Defendant. This was not a backlog; it was a tactical reservoir of power held in reserve until the judge had a personal, adversarial motive to strike.

2. **The Predatory Seizure of Fundamental Access:** On February 27, 2026, Defendant Minkowitz sanctioned the denial of the Plaintiff's "Motion for Appearance via Electronic Means/Zoom." By doing so, Minkowitz administratively barred a pro se litigant residing in Arkansas from accessing the New Jersey tribunal, forcing a choice between constitutional surrender and impossible travel, all while the presiding judge was a Federal Defendant in a suit filed by that same litigant.

3. **The Summary Execution of Financial Redress:** Despite the Plaintiff's documented financial hardship, Minkowitz allowed the conflicted judge to deny the "Pendente Lite Modification." This order effectively used the power of the state to lock the Plaintiff into a state of financial ruin, occurring simultaneously with the unauthorized escrow of $11,750, proving a coordinated effort to deplete the Plaintiff's resources and ability to maintain his federal litigation.

4. **The Conflict-of-Interest Per Se regarding Judicial Complaints:** Most egregiously, Defendant Minkowitz allowed the conflicted judge to adjudicate—and summarily deny—a "Complaint Against Judge Barbato" filed by the Plaintiff. This constitutes a total collapse of the judicial

**114-123**

framework; Minkowitz permitted a man to act as the final arbiter of his own alleged misconduct while under the heat of a Federal Summons.

5. **Deliberate Abandonment of Supervisory Duty:** At all times between January 27th and February 27th, Defendant Minkowitz possessed the plenary authority to reassign these matters to a neutral vicinage. His refusal to act was a deliberate choice to provide the "color of law" necessary for a Federal Defendant to execute a retaliatory strike against a Federal Plaintiff.

## III. LEGAL ARGUMENT: THE TOTAL FORFEITURE OF NEUTRALITY

The United States Supreme Court in *In re Murchison*, 349 U.S. 133 (1955), held that "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias... but our system of law has always endeavored to prevent even the probability of unfairness."

When Defendant Minkowitz permitted a Federal Defendant to rule on a "Complaint Against the Judge," he sanctioned a "Structural Error" of the highest magnitude. A judge cannot sit in judgment of a complaint against himself. This is not a judicial error; it is an administrative abandonment of the framework of justice. Because Minkowitz failed to supervise and remove the adversary from the bench, he is liable under **42 U.S.C. § 1983** for the "Custom and Practice" of allowing retaliatory adjudications to proceed in the clear absence of all jurisdiction.

## IV. TABLE OF AUTHORITIES FOR BLOCK 3 (SUPPLEMENTAL)

- **In re Murchison, 349 U.S. 133 (1955):** A judge cannot adjudicate a matter involving a person with whom he is in a direct adversarial posture.

- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):** The "Probability of Bias" doctrine— requiring recusal when a judge's personal interests are at stake.

- **N.J. Court Rule 1:33-2:** Establishing the Assignment Judge's plenary responsibility for the administration of the vicinage and the integrity of the judicial process.

- **N.J. Court Rule 1:12-2:** Mandatory disqualification on the court's own motion when there is any reason which might preclude a fair and unbiased hearing.

- **Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978):** Establishing supervisory and administrative liability for constitutional deprivations.

## V. CONCLUSION: THE ADMINISTRATIVE LEGITIMIZATION OF RETALIATION

The February 27th File Dump is the final proof of a vicinage operating outside the US Constitution. Defendant STUART MINKOWITZ provided the administrative authority that allowed a Federal Defendant to "clear the deck" of all motions filed by his Federal Adversary. By refusing to reassign the case, Minkowitz converted the Superior Court into a private defense firm for the judiciary. All orders issued on February 27, 2026, are **VOID AB INITIO** and must be vacated as the fruit of an unconstitutional administrative policy.

**Dated:** April 12, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**
**201 South Rogers Rd.**
**Hot Springs, AR 71901**
**BLDG I APT. 130**
**Phone: 862-683-6327**

114.123

CONFIDENTIAL FM-14-000773-25  01/29/2026 01:49:01 PM  Pg 8 of 300  Trans ID: FAM2026144230

**FILED**

FEB 27 2026

### Form C - Proposed Order

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD.HOT SPRINGS AR. 71901 BLDG I APT 130

Daytime Phone  8626836327     ext. N/A     Cell Phone

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ☒ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County   Morris |
| v. | Docket Number  FM-14-000773-25 |
| ALBERT SEDGES | **Civil Action** |
| Defendant (Name as it appears in original caption) | **Order** |
| | (See Below) |

THIS MATTER being opened to the court on ~~Friday,~~ _January 29, 2026_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

☒ Other (specify): COMPLAINT AGAINST JUDGE BARBATO COMPLAINT

filed by ☐ plaintiff / ☒ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☒ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 27, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ☒ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

**114**

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Denied. Relief requested was denied several times before_
_this motion, which was filed in duplicate on 1/29/26._

_____

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_
Martin F. Barbato    , J.S.C.

**115**

CONFIDENTIAL FM-14-000773-25   01/30/2026 02:36:40 AM   Pg 8 of 28   Trans ID: FAM2026148111

**FILED**

FEB 27 2026

Martin F. Barbato, J.S.C.

### Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number   N/A

Address  201 SOUTH RODGERS RD. HOTSPRINGS AR. 71901

Daytime Phone 8626836327   ext. N/A   Cell Phone

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County   Morris

Docket Number  FM-14-000773-25

***Civil Action***

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _January 30, 2026_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify):  MOTION FOR APPEARENCE ELECTRONIC MEANS/ZOOM

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 27, 2026_ ORDERED THAT:

1.  The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

a. _____

b. _____

Revised 08/06/2020, CN 10483                                              page 25 of 36

116

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Denied. Relief requested was addressed in previous orders._

_____

_____

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-_N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin J. Barbato_____

Martin F. Barbato        , J.S.C.

117

CONFIDENTIAL FM-14-000773-25   01/29/2026 01:55:01 PM   Pg 8 of 137   Trans ID: FAM2026144314

**FILED**

FEB 2 7 2026

Martin F. Barbato, J.S.C

**Form C - Proposed Order**

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT N. SEDGES

NJ Attorney ID Number  N/A

Address  69 MOUNTAINVIEW AVE MOUNT ARLINGTON N.J. 07050

Daytime Phone  8626836327    ext. N/A    Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT N. SEDGES

(check one) ☐ Plaintiff  ■ Defendant

---

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

---

THIS MATTER being opened to the court on ~~Friday,~~ January 30, 2026 _____, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

■ Other (specify):  PENDENTE LITE MODIFICATION

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this February 27, 2026 ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a.  REFER TO EXIBIT B SEE ATTACHED

   b.  _____

---

**118**

CONFIDENTIAL FM-14-000773-25  01/29/2026 01:55:01 PM  Pg 9 of 137  Trans ID: FAM2026144314

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Denied. Relief requested was denied several times before this motion, which was filed in duplicate on 1/30/26._

_____

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-_N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_
Martin F. Barbato   , J.S.C.

**119**

CONFIDENTIAL  FM-14-000773-25  02/01/2026 03:52:57 PM  Pg 6 of 30  Trans ID: FAM2026156230

**FILED**

FEB 27 2026

Martin F. Barbato, J.S.C.

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH ROGERS RD HOT SPRINGS AR. 71901
BLDG I APT 130

Daytime Phone  8626836327    ext. N/A    Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ☒ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County  Morris |
| v. | Docket Number  FM-14-000773-25 |
| ALBERT SEDGES | **Civil Action** |
| Defendant (Name as it appears in original caption) | **Order** (See Below) |

THIS MATTER being opened to the court on ~~Friday,~~ *February 1, 2026*, on a Notice of Motion to:

☐ Continuation/Termination of Child Support    ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments    ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments    ☐ Emancipate a Child

☐ Change Custody arrangements    ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements    ☐ Change of Venue

☒ Other (specify): <u>MOTION TO STRIKE CERTIFICATIONS</u>

filed by ☐ plaintiff / ☒ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☒ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this *February 27, 2026* ORDERED THAT:

1. The ☐ plaintiff / ☒ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

120

CONFIDENTIAL  FM-14-000773-25   02/01/2026 03:52:57 PM   Pg 7 of 30   Trans ID: FAM2026156230

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Denied. Failed to provide legal basis for requested relief. Also included requests for relief that were previously addressed._

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barbato_ , J.S.C.

121

CONFIDENTIAL  FM-14-000773-25   02/02/2026 12:15:44 AM   Pg 5 of 10   Trans ID: FAM2026156329

# FILED

FEB 27 2026

Martin F. Barbato, J.S.C.

## Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH ROGERS RD HOT SPRINGS AR. 71901
~~BLDG 1 APT 130~~

Daytime Phone  8626836327 ____ ext. N/A ____ Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ☐ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _February 2, 2026_ ____, on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

■ Other (specify). _MOTION ADVERSE INFERENCE_

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _____ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

122

CONFIDENTIAL  FM-14-000773-25   02/02/2026 12:15:44 AM   Pg 6 of 10   Trans ID: FAM2026156329

c.  _____

d.  _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_Denied. Relief requested was denied several times before this motion._

_____

_____

_____

_____

2. The __Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-__N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_
_Martin F. Barbato_   , J.S.C.

123

BLOCK - 4

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

**ALBERT SEDGES, Plaintiff,**
v.
**STUART MINKOWITZ, Defendant.**

Civil Action No.: [INSERT NEW CASE #]  **2:26-CV-03662- CCC- CF**

# EMERGENCY VERIFIED PETITION FOR A TEMPORARY RESTRAINING ORDER AND STAY OF STATE COURT PROCEEDINGS

## I. PRELIMINARY STATEMENT

This is an emergency action necessitated by a profound and ongoing subversion of the United States Constitution. Defendant STUART MINKOWITZ has issued a directive that functions as a prior restraint on Plaintiff's fundamental right to access the federal courts. By threatening Plaintiff with "Contempt of Court" and potential incarceration for the act of filing future litigation or administrative grievances against Defendant or his staff, Defendant has effectively declared himself above the law and beyond the reach of federal civil rights oversight. This Petition seeks an immediate Stay to prevent the inevitable and irreparable harm of a retaliatory arrest—a threat already documented in the February 4, 2026, Order—and to ensure that the "shield" of judicial office is not used as a "sword" to decapitate Plaintiff's constitutional rights.

## II. STATEMENT OF FACTS

1. Plaintiff has filed a Federal Civil Rights Complaint against Defendant STUART MINKOWITZ alleging constitutional violations.

2. In retaliation for the filing of federal litigation, Defendant has utilized his administrative position to label Plaintiff a "Vexatious Litigant" to obstruct Plaintiff's access to the courts.

3. **EXHIBIT C ATTACHED:** In the Order dated February 4, 2026, Defendant explicitly threatened Plaintiff in writing with "Contempt of Court" and potential incarceration should Plaintiff exercise his Constitutional right to file future lawsuits or administrative filings against Defendant or Defendant's staff without prior approval from the very person he is suing.

4. Plaintiff has reason to believe that Defendant, acting in a clear absence of all jurisdiction and in retaliation for Plaintiff's exercise of his First Amendment right to petition for redress, may issue or has issued a warrant for Plaintiff's arrest.

5. Plaintiff currently resides in Arkansas. Any attempt to enforce a retaliatory warrant or contempt order across state lines constitutes an abuse of process and an escalation of the constitutional injuries already documented.

## III. TABLE OF AUTHORITIES & CONSTITUTIONAL PRECEDENTS

6. **First Amendment (The Right to Access Courts):** The U.S. Supreme Court held in *Christopher v. Harbury*, 536 U.S. 403 (2002), that the right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot vindicate any other right." Threatening a citizen with jail for suing a government official is the ultimate "chilling effect" on this right.

7. **Prohibition on Prior Restraints:** In *Organ. for a Better Austin v. Keefe*, 402 U.S. 415 (1971), the Supreme Court noted that "any prior restraint on expression comes to this Court with a heavy presumption against its constitutional validity." A court order requiring a judge's permission to sue that same judge is a constitutionally invalid prior restraint.

8. **Clear Absence of Jurisdiction:** In *Bradley v. Fisher*, 80 U.S. 335 (1871), and later in *Stump v. Sparkman*, 435 U.S. 349 (1978), the Supreme Court established that when a judge acts in the "clear absence of all jurisdiction"—such as attempting to regulate the filings of a separate Federal District

*124*

Court—immunity is forfeited.

9. **Retaliatory Contempt:** In *Holt v. Virginia*, 381 U.S. 131 (1965), the Court ruled that "The right to be heard must include the right to file pleadings and motions" and that a state cannot use its contempt power to punish a party for making allegations in a legal document.

10. **The Anti-Injunction Act Exception:** Under **28 U.S.C. § 2283**, a federal court may stay state proceedings "where necessary in aid of its jurisdiction." Because Defendant's threat of contempt directly interferes with this Court's ability to hear Plaintiff's federal claims, a Stay is mandatory.

## IV. LEGAL ARGUMENT

11. **Irreparable Harm:** The threat of incarceration for the exercise of a constitutional right is the definition of irreparable harm. *Elrod v. Burns*, 427 U.S. 347 (1976).

12. **Likelihood of Success:** There is no legal precedent that allows a state judge to serve as a "gatekeeper" to the Federal Judiciary for a plaintiff who is currently suing that judge.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

A. **ISSUE** an immediate Stay of any and all warrants, contempt orders, or enforcement of the February 4, 2026, Vexatious Litigant order issued by STUART MINKOWITZ.

B. **ENJOIN** the Defendant and any agents acting on his behalf from attempting to arrest or incarcerate Plaintiff for the act of filing federal litigation.

C. **ORDER** that the February 4, 2026, Order be declared unconstitutional as a matter of law to the extent it purports to regulate Plaintiff's access to the Federal Courts.

## VI. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Emergency Verified Petition for a TRO and Stay has been served via U.S. Mail, first-class postage prepaid, upon the following:

**New Jersey Office of the Attorney General**
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, NJ 08625

**STUART MINKOWITZ**
Superior Court of New Jersey
Morris County Courthouse
P.O. Box 910
Morristown, NJ 07963

## VERIFICATION

I, Albert Sedges, declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___**4/7/**___, 2026

**ALBERT SEDGES, Plaintiff Pro Se**

125

Ex-C

**PREPARED BY THE COURT**

| | |
|---|---|
| **IN THE MATTER OF ALBERT N. SEDGES.** | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION – FAMILY PART, MORRIS COUNTY<br><br>**FILED**<br><br>FEB 0 4 2026<br><br>Hon. Stuart A. Minkowitz, A.J.S.C.<br>Superior Court of New Jersey<br>Judge's Chambers |
| **CAROL A. SEDGES,**<br>　　　　　*Plaintiff,*<br><br>v.<br><br>**ALBERT N. SEDGES,**<br>　　　　　*Defendant.* | DOCKET NO: FM-14-773-25<br><br>Civil Action<br><br>**ORDER DISMISSING SUBMISSION(S)/FILING(S)/ MOTION(S) AS FRIVOLOUS** |

**WHEREAS,** on February 2, 2026, the Court, after hearing, determined that Albert N. Sedges engaged in pattern of harassing and vexatious litigation amounting to an abuse of process, and entered an order, pursuant to <u>Rosenblum v. Borough of Closter</u>, 333 N.J. Super. 385 (App. Div. 2000), requiring "all submissions hereinafter filed by [Mr. Sedges] [ ] to be reviewed by the Assignment Judge of the Superior Court of the vicinage in which they are filed, as soon as practicable after being filed, but before a summons is issued and/or service is effectuated on any party, with the Assignment Judge of the Superior Court of the vicinage in which it is filed, having

126



the responsibility, for good cause, to <u>sua</u> <u>sponte</u> dismiss any patently frivolous filing;" and

**WHEREAS,** on February 4, 2026, Mr. Sedges uploaded a filing/submission in the New Jersey Courts Judiciary Electronic Document System ("JEDS"), under the within Family Part docket number (eCourts Trans ID: **FAM2026173003**), what appears to a Summons and Complaint with a request for an emergent stay against the trial judge in his matter, purportedly filed in the United States District Court for the District of New Jersey; and

**WHEREAS,** although Mr. Sedges is a pro se litigant, he is nevertheless required to abide by the Rules Governing the Courts. See <u>Rubin v. Rubin</u>, 188 N.J. Super. 155, 159 (App. Div. 1982); and

**WHEREAS,** Mr. Sedges has been advised and warned by court staff and his trial judge on several occasions to file in accordance with the requirements of the Rules Governing the Courts; and

**WHEREAS,** Mr. Sedges' filing/submission fails to abide by any of the requirements of Rules Governing the Courts, and particularly, Rules 1:5-6(b); 1:6-2; 1:6-4; 1:6-5; and/or 5:5-4; and

**WHEREAS,** Mr. Sedges' filing/submission, to the extent it can be understood, appears to seek relief from the federal courts against his trial judge and

127

**Ex-C**

not the parties to the instant litigation, and thus, irrelevant to the instant litigation; and

**WHEREAS,** Mr. Sedges' filing/submission, in substance, is entirely incomprehensible, and appears to have been filed/submitted solely to influence and/or intimidate the trial judge and/or the plaintiff; and

**WHEREAS,** the Court finds that Mr. Sedges' filing/submission under eCourts Trans ID: **FAM2026173003** is patently frivolous, and upon good cause having been shown; therefore,

**IT IS,** on this 4th day of February, 2026;

**ORDERED,** as follows:

1. Albert N. Sedges' filing/submission of February 4, 2026, under eCourts Trans ID: **FAM2026173003**, be and hereby is dismissed as frivolous, and shall not be served on any party.

2. This order, and any subsequent order of dismissal due to frivolity, if any, unless otherwise indicated, shall not preclude an application for, or a finding of Contempt of Court/Enforcement of Litigant's Rights, under Court Rule 1:10, or to the extent applicable, the consideration or issuance

**128**

of sanctions in accordance with Court Rules 1:2-4;1:4-8; 5:7-2(b); and/or

5:7-5.

**Ex-C**

/s/ Stuart A. Minkowitz

_____

HON. STUART A. MINKOWITZ, A.J.S.C.

The Court has served a copy of this Order on all parties via email and regular mail.

*129*

- **Stump v. Sparkman, 435 U.S. 349 (1978):** Excluding immunity for acts taken in the "clear absence of all jurisdiction."

- **N.J. Court Rule 1:12-2:** Mandatory disqualification for fair and unbiased hearings.

- **N.J. Court Rule 1:33-2:** Assignment Judge's authority over the vicinage.

## V. CONCLUSION

Block 5 proves that the state court was converted into a tool for a Federal Defendant. This is not a matter of "discretion"—it is a total forfeiture of judicial authority. Defendant Minkowitz's administrative silence in the face of this *per se* conflict constitutes a deliberate indifference to the Plaintiff's constitutional rights.

**Dated:** April 11, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**

130

# BLOCK 5: THE CONFLICT OF INTEREST PER SE AND THE TOTAL FORFEITURE OF JUDICIAL COMPETENCE

## I. PRELIMINARY STATEMENT

This Block establishes the definitive legal timeline that renders all subsequent state court actions void. On January 27, 2026, at 1:31 p.m., the "impartiality" of the state court was extinguished as a matter of law. By being served with a Federal Summons, the presiding judge became the Plaintiff's direct legal adversary. Defendant STUART MINKOWITZ's liability in this Block stems from his failure to recognize this *per se* conflict and his administrative decision to allow a Federal Defendant to maintain a position of power over the Federal Plaintiff. **(See attached Exhibit H).**

## II. STATEMENT OF FACTS: THE 1:31 P.M. JURISDICTIONAL COLLAPSE

1. **The Moment of Service:** On January 27, 2026, at 1:31 p.m., Judge Martin F. Barbato was served with a Federal Summons for violating the Plaintiff's rights under the color of law.

2. **Transformation of the Court:** At that precise moment, the state court judge ceased to be a neutral arbiter and became a "Federal Defendant." The litigant before him (the Plaintiff) became his "Federal Adversary."

3. **Mandatory Recusal Triggered:** Under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the probability of actual bias in this scenario is too high to be constitutionally tolerable.

4. **Minkowitz's Administrative Failure:** Defendant Minkowitz was notified of this service. His refusal to reassign the case created a "Structural Error" where a federal defendant was permitted to use his state bench to issue orders against the person suing him in federal court.

5. **Abdication of Neutrality:** Despite the conflict, the Defendant continued to preside, showing a manifest disregard for the Rule of Law and the New Jersey Code of Judicial Conduct. **(See attached Exhibit H).**

## III. LEGAL ARGUMENT: THE INCOMPETENT TRIBUNAL

When a judge is under Federal Summons by the very litigant appearing before him, he loses the "neutral competence" required by the 14th Amendment. As established in *Tumey v. Ohio*, 273 U.S. 510 (1927), a judge cannot adjudicate when they have a direct personal interest in the outcome.

Defendant Minkowitz had a mandatory duty to remove this conflict. By allowing it to persist, he sanctioned a "Retaliatory Tribunal." Any order signed after January 27, 2026, at 1:31 p.m. was issued in the "clear absence of all jurisdiction" (*Stump v. Sparkman*, 435 U.S. 349) and is legally **VOID. (See attached Exhibit H).**

## IV. TABLE OF AUTHORITIES FOR BLOCK 5

- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):** Mandating recusal when the "probability of actual bias is too high to be constitutionally tolerable."

- **In re Murchison, 349 U.S. 133 (1955):** Establishing that a fair trial in a fair tribunal is a basic requirement of due process.

- **Tumey v. Ohio, 273 U.S. 510 (1927):** Prohibiting a judge from adjudicating when they have a direct personal interest.

*131*

Case 2:26-cv-03662-CCC-CF    Document 4-1    Filed 04/13/26    Page 80 of 83 PageID: 253

Case 2:25-cv-17354-ES-JBC    Document 13    Filed 02/05/26    Page 1 of 24 PageID: 135
Case 2:25-cv-17354-ES-JBC    Document 5    Filed 01/23/26    Page 1 of 2 PageID: 60

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**ALBERT SEDGES,**
*Plaintiff*

V.

**SUMMONS IN A CIVIL CASE**

**BARBATO,**
*Defendant*

CASE NUMBER: **2:25–CV–17354–ES–JBC**

TO: *(Name and address of Defendant):*

MARTIN BARBATO
10 COURT ST.
MORRISTOWN NJ.
07960

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

ALBERT SEDGES
201 SOUTH ROGERS RD
HOT SPRINGS AR. 71901

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

/s Melissa E. Rhoads

**Clerk of Court**



ISSUED ON 2026–01–23 12:06:04, Clerk
USDC NJD

132

ALBERT SEDGES                           Plaintiff

                    vs.

BARBATO                                 Defendant

Superior Court of New Jersey
Venue:   IN THE UNITED STATES DISTRICT COURT OF NEW
         JERSEY
Docket Number:   2:25-CV-17354-ES-JBC

**Person to be Served** (Name & Address):
Judge MARTIN BARBATO
10 COURT STREET, MORRISTOWN, N.J. 07960

**AFFIDAVIT OF SERVICE**
(For use by Private Service)

**Attorney:**

Cost of Service pursuant to R. 4:4-3(c)

_____

**Papers Served:**
Summons and Complaint

**Service Data:**
Served Successfully   [X]      Not Served   [ ]

Date  Tue, Jan 27 2026      Time:      01:31 PM
                            Attempts:   1

[ ] Delivered a copy to him / her personally
[X] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)
[ ] Left a copy with a person authorized to accept service, e.g., management agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship or title
Jennifer Shuktis
OMBUDSMAN

**Description of Person Accepting Service:**

Sex: Female    Age: 40    Height: 5'7"    Weight: 170    Skin Color: Caucasian    Hair Color: Brown

[ ] No response on: Date: _____    Date: _____
                    Time: _____    Time: _____
[ ] Other: _____    Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this
__ day of __Feb__ __2026__

Notary Signature
Name of Notary, commission expiration.

I, Patrick Persicano, was at the time of service a competent adult and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____    2/3/2026

Official Seal
DINA L PERSICANO
Notary Public-New Jersey
My Comm. Expires Oct. 20, 2027
ID # 50070460

**133**

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:25-CV -17354-ES-JBC

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))

This summons for (name of individual and title, if any) Judge MARTIN BARBATO was received by me on (date) 1/24/2026.

☐ I personally served the summons on the individual at (place) _____ on (date) _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with (name) _____ , a person of suitable age and discretion who resides there, on (date) _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on (name of individual) Jennifer Shultis , who is designated by law to accept service of process on behalf of (name of organization) Judge MARTIN BARBATO on (date) Tue, Jan 27 2026 ; or

☐ I returned the summons unexecuted because: _____ ; or

☐ Other: _____ ; or

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 2/3/2026

_____
Server's signature

Patrick Persicano
_____
Printed name and title

P.O. BOX 70, TENAFLY, NJ 07670
_____
Server's address

Additional information regarding attempted service, etc.:
1) Successful Attempt: Jan 27, 2026, 1:31 pm EST at 10 COURT STREET, MORRISTOWN, N.J. 07960 received by Jennifer Shultis. Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 170; Height: 5'7"; Hair: Brown; Eyes: Brown; Other: I served the OMBUDSMAN Jennifer Shultis.with documents Summons and Complaint

134

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

IN THE UNITED STATES DISTRICT COURT OF NEW JERSEY

| ALBERT SEDGES | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-CV -17354-ES-JBC |
| | ) |
| BARBATO | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Judge   .RTIN B  RBATO

i J C○·⁷·° ST. MORRISTOWN NJ· 07960

A lawsuit has been filed against you.

Within 21 days after service of this   ·mons on y   ·not counting the day you received it) – or 60 days if you are the United States or a United States agency. or an officer or e···  yee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answ·· .o the attached   ·plaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the ·· ·tiff or plaintiff's attorney, whose name and address are:

ALBERT SEDGES 201 SMTH ROGERS RD HOT SPRINGS AR. 71901

If you fail to respond. judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____    _____

*Signature of Clerk or Deputy Clerk*

135