UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

**Civil Action No.: 2:26-cv-03662-CCC-CF**

**The Honorable Claire C. Cecchi, U.S.D.J.**
**The Honorable Christopher F. Falk, U.S.M.J.**

# NOTICE OF FILING: SECOND AMENDMENT TO PLAINTIFF'S SUBMISSION AND ARGUMENT

**TO: THE CLERK OF THE COURT**
**TO: THE HONORABLE CLAIRE C. CECCHI, U.S.D.J.**
**TO: OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY**

**PLEASE TAKE NOTICE** that the Plaintiff, ALBERT SEDGES, appearing pro se, hereby submits this **Second Amendment to Plaintiff's Submission and Argument**. This filing is organized into five (5) distinct "Blocks" of Forensic Evidence and Constitutional Argument.

This submission is intended to clarify the administrative and structural failures within the Morris County Vicinage and to provide the Court with the specific legal precedents supporting the documented Constitutional violations.

## SUMMARY OF BLOCKS INCLUDED IN THIS FILING:

- **BLOCK 1:** Two-Prong Fraud Upon the Court (Interception of Chief Justice Rabner Complaint).
- **BLOCK 2:** Judicial Usurpation (Judge Barbato Adjudicating His Own Misconduct Complaints).
- **BLOCK 3:** Abdication of Oversight (27-Order "Massacre" while Subordinate was under Federal Summons).
- **BLOCK 4:** Obstruction of Redress (Threats of Incarceration for Accessing Federal Courts).
- **BLOCK 5:** Conflict of Interest *Per Se* (Forfeiture of Competence following Service of Federal Summons on Jan 27, 2026, at 1:31 p.m.).

**LEGAL NOTICE:** All documents filed herein incorporate by reference the attached **Table of Authorities** and **Exhibit H**, demonstrating the total collapse of judicial integrity and the clear absence of jurisdiction.

**Dated:** April 11, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**
**201 South Rodgers Rd.**
**Hot Springs, AR 71901**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

Civil Action No.: 2:26-cv-03662-CCC-CF

The Honorable Claire C. Cecchi, U.S.D.J.
The Honorable Christopher F. Falk, U.S.M.J.

# SECOND AMENDMENT TO PLAINTIFF'S SUBMISSION AND ARGUMENT

## PLAINTIFF'S CONSOLIDATED TABLE OF BLOCKS

### BLOCK 1: TWO-PRONG FRAUD UPON THE COURT
Evidence documenting the interception of formal complaints intended for Chief Justice Stuart Rabner and the documented *Sua Sponte* fraud violations utilized by Defendant Minkowitz to obstruct administrative oversight. **PAGES-3-43**

### BLOCK 2: SELF-ADJUDICATION AND USURPATION
Forensic proof (including Form C and Trans IDs) showing Judge Barbato adjudicating his own misconduct complaints and recusal motions while Defendant Minkowitz failed to intervene. **(See attached Exhibit H).** **PAGES- 44-61**

### BLOCK 3: ABDICATION WHILE SUBORDINATE WAS UNDER FEDERAL SUMMONS
Documentation of the 27 orders signed by a subordinate judge between January 29, 2026, February 3, 2026, and February 27, 2026, while that judge was an active Defendant under a Federal Summons, enabled by the Assignment Judge's administrative silence. **(See attached Exhibit H).** **PAGES- 62-123**

### BLOCK 4: OBSTRUCTION OF CONSTITUTIONAL RIGHT OF REDRESS
Evidence of the February 4, 2026, Order and subsequent directives threatening Plaintiff with Contempt, Sanctions, and Incarceration for exercising Federal Rights to access the Federal Judiciary. **PAGES 124-130**

### BLOCK 5: THE CONFLICT OF INTEREST PER SE AND LOSS OF COMPETENCE
Documentation of the specific moment of service (January 27, 2026, at 1:31 p.m.) that transformed the sitting state judge into a Federal Defendant, rendering him constitutionally "incompetent" to preside. **(See attached Exhib..** **PAGES- 131-135**

4/11/2026

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ALBERT SEDGES,**
Plaintiff,

v.

**ASSIGNMENT JUDGE MINKOWITZ,**
(In his Individual and Administrative Capacities)
Defendant.

Civil Action No.: 2:26-cv-03366₂-CCC-CF *(handwritten)*
(To be filled in once received)

*TWO PRONG FRAUD + SUA SPONTE VIOLATION (handwritten)*

*BLOCK-1 (handwritten)*

## 2ND AMENDED COMPLAINT FOR CONSTITUTIONAL VIOLATIONS

## (42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 407)

## I. PRELIMINARY STATEMENT

1. Plaintiff, Albert Sedges, a disabled senior citizen and *pro se* litigant, files this First Amended Complaint to incorporate newly documented evidence of administrative fraud and the systemic blockade of his First Amendment right to petition the government for redress.

2. This amendment specifically addresses the documented interception of protected correspondence intended for the Chief Justice of the New Jersey Supreme Court, orchestrated under the administrative oversight of Defendant Minkowitz.

## II. SUPPLEMENTAL ALLEGATIONS: THE ADMINISTRATIVE INTERCEPT

3. On or about December 10, 2025, Plaintiff submitted a formal filing via the Judiciary Electronic Document Submission (JED) system titled **"FORMAL NOTIFICATION TO THE CLERK: MANDATORY ROUTING TO THE CHIEF JUSTICE."**   *PGS. MARKED EXHIBIT A (handwritten)*

4. This document contained explicit, bolded instructions stating: **"MANDATORY ROUTING TO: The Honorable Stuart Rabner, Chief Justice."** The document provided the specific Trenton address and advised the Clerk that the content addressed judicial misconduct by the Defendant and his subordinates.

5. Despite these clear, ministerial instructions, the Defendant, acting in his administrative capacity, permitted or directed the "hijacking" of this correspondence. Instead of being routed to the Chief Justice in Trenton, the filing was diverted back to the very subjects of the complaint—specifically Judge Barbato—to be "adjudicated" locally.

6. This act constitutes a **"Star Chamber"** procedure where the Defendant and his subordinates acted as judges in their own cause, effectively "stealing" the Plaintiff's mail from the record to prevent oversight from the New Jersey Supreme Court.

## III. CAUSE OF ACTION: DENIAL OF ACCESS TO THE COURTS

7. The interception of Plaintiff's "Mandatory Routing" notification constitutes a violation of the **First and Fourteenth Amendments**.

8. By blocking the Plaintiff's path to the Chief Justice, Defendant Minkowitz performed a non-judicial, administrative act intended to insulate the court from federal and state oversight, thereby piercing any claim of absolute judicial immunity.

## IV. PRAYER FOR RELIEF

**3**

**SUPPLEMENT TO 2ND AMENDED COMPLAINT: CONSTITUTIONAL CHALLENGE TO THE FEBRUARY 4, 2026 ORDER**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Plaintiff, ALBERT SEDGES, Pro Se, submits this Supplemental Statement to be incorporated into the First Amended Complaint. This statement specifically addresses the "Order Dismissing Submissions as Frivolous" entered by Defendant STUART MINKOWITZ on February 4, 2026 (**See Attached Exhibit & February 4, 2026 Vexatious Order,**

This Order is the primary evidence of the Defendant's extrajudicial threats and his direct interference with the Plaintiff's access to the Federal Judiciary.

## I. PRELIMINARY STATEMENT

This action arises from a calculated and documented campaign of administrative sabotage and judicial retaliation orchestrated by Defendant STUART MINKOWITZ. Under the "Color of Law," the Defendant has abandoned the impartial role of a jurist to become a personal antagonist against a *Pro Se* litigant.

The centerpiece of this constitutional injury is a formal Order, dated February 4, 2026, wherein the Defendant characterizes the Plaintiff's exercise of his First Amendment right to petition the Federal Government as "intimidation" and "incomprehensible." This is not merely a legal ruling; it is a manifesto of judicial hubris. By threatening the Plaintiff with "Contempt of Court" and "Sanctions" for the mere act of filing a federal civil rights complaint, the Defendant has attempted to exert a "Prior Restraint" that is abhorrent to the United States Constitution.

The Defendant's conduct "shocks the conscience" because it weaponizes the state's administrative machinery to insulate himself and his subordinates from accountability. A judge who uses his robe as a shield to threaten a citizen with arrest for seeking federal redress has stepped outside the bounds of judicial immunity. Plaintiff brings this action to dismantle this "Gatekeeping" tyranny and to restore the Supremacy of Federal Law over the arbitrary and retaliatory orders of a local vicinage.

## II. SUPPLEMENTAL STATEMENT OF FACTS: ANALYSIS OF THE FEBRUARY 4, 2026 ORDER

### 1. THE "ADVISEMENT" AS UNLAWFUL PRIOR RESTRAINT
The Order begins by stating Plaintiff was "advised" regarding his litigation pattern. Under Federal law, a state official "advising" a citizen against exercising their First Amendment right to petition the Federal Court constitutes an unlawful Prior Restraint. (*Organization for a Better Austin v. Keefe*, 402 U.S. 415).

### 2. THE "INCOMPREHENSIBLE" PARADOX
Defendant Minkowitz characterizes Plaintiff's filings as "entirely incomprehensible," yet simultaneously labels them "frivolous" and "intimidating." This is a violation of Due Process under the 14th Amendment. A court cannot logically adjudicate a document it claims it cannot understand. (*Rochin v. California*, 342 U.S. 165).

### 3. CRIMINALIZING THE RIGHT TO PETITION AS "INTIMIDATION"
The Order claims Plaintiff's filings were submitted to "intimidate the trial judge." Seeking redress through the court system is the antithesis of intimidation; it is the exact process the Constitution mandates. To characterize a legal filing as "intimidation" is an attempt to criminalize the First Amendment. (*City of Houston v. Hill*, 482 U.S. 451).

### 4. THE "SUA SPONTE" GATEKEEPING AS AN ABUSE OF PROCESS
The Defendant asserts a *sua sponte* authority to intercept filings "before a summons is issued." This practice violates the Supremacy Clause (Art. VI, Cl. 2). A state judge cannot act as a gatekeeper for Federal Civil Rights claims.

4

## 5. THE SWORD OF DAMOCLES: UNLAWFUL THREAT OF CONTEMPT

Paragraph 2 of the Order explicitly threatens "Contempt of Court" for future filings. This is a documented Retaliatory Threat. (*Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274).

## III. SUMMARY OF AUTHORITIES:

### 1. Pulliam v. Allen, 466 U.S. 522 (1984)

The U.S. Supreme Court explicitly ruled that judicial immunity does NOT bar a claim for prospective injunctive relief or attorney's fees under 42 U.S.C. § 1983.

### 2. Ex Parte Young, 209 U.S. 123 (1908)

Allows a citizen to sue a state official in federal court to prevent them from enforcing an unconstitutional state law or order.

### 3. County of Sacramento v. Lewis, 523 U.S. 833 (1998)

Establishes the "shocks the conscience" standard for 14th Amendment violations when an official uses power in an arbitrary, oppressive, or malicious way.

### 4. 42 U.S.C. § 1983

The primary vehicle for this action, providing a federal remedy for the deprivation of rights by those acting under color of state law.

Respectfully submitted,

**ALBERT SEDGES, Plaintiff Pro Se**

*[signature]* 4/6/2026

5

**PRELIMINARY STATEMENT: THE HUMAN COST OF ADMINISTRATIVE TYRANNY**

This action is brought to address a level of judicial overreach that transcends mere legal error and enters the realm of the absurd. The Plaintiff, a citizen seeking nothing more than his day in court, has been met with an administrative wall so thick and an audacity so bold that it shocks the conscience of any reasonable person. To be told by a state official that the doors to the United States Federal Court are locked by his personal order—and that the price of entry is one's physical liberty—is a fundamental betrayal of the judicial oath. This is not a matter of a "difficult" ruling; it is a matter of a high-ranking official holding a citizen's constitutional rights hostage under the threat of a jail cell. It is the definition of administrative bullying, designed to "step on" a Pro Se litigant as if he were a bug, rather than a man with a voice and a right to be heard.

**AMENDMENT TO COUNT VI: OBSTRUCTION OF FEDERAL JURISDICTION**

**LEGAL PRECEDENT AND DIRECT EVIDENCE OF ADMINISTRATIVE TYRANNY**

1. **UNCONSTITUTIONAL PRIOR RESTRAINT:** Defendant Minkowitz has overseen and enforced an order that explicitly threatens the Plaintiff with incarceration and contempt specifically for seeking redress in the United States District Court. This is a facial violation of the First Amendment right to petition the Government for a redress of grievances and a direct assault on the Supremacy Clause of the United States Constitution.

2. **THE "SMOKING GUN" ORDER:** Defendant Minkowitz has not merely suggested a restriction on the Plaintiff's filings; he has codified a direct threat to the Plaintiff's physical liberty within the four corners of his official judicial order. This order serves as a direct "Administrative Intercept" of the Plaintiff's Constitutional rights.

3. **SPECIFIC LOCATION AND LANGUAGE:** On **Page 3** of the Defendant's "Vexatious Litigant" Order, under the section regarding future filings, Defendant Minkowitz states in his own words as documented in **Paragraph 13** of the Plaintiff's Complaint:  E X H I B T B

   *"The Defendant oversaw an order declaring the Plaintiff's Federal Lawsuit (Case No. 25-cv-17354) 'incomprehensible' and ordering that Federal filings 'shall not be served on any party.' The Defendant further threatened the Plaintiff with Contempt of Court and jail specifically for seeking redress in the United States District Court."*

4. **LACK OF JURISDICTION TO ENJOIN FEDERAL FILINGS:** It is a settled matter of law that a state court judge has no jurisdiction to enjoin, bar, or punish a citizen for filing an *in personam* action in a Federal District Court. The U.S. Supreme Court has held that the right to a federal remedy is a grant of federal law that cannot be abridged by state authority.

5. **DONOVAN V. CITY OF DALLAS, 377 U.S. 408 (1964):** The Supreme Court of the United States held: *"State courts are completely without power to restrain federal-court proceedings in in personam actions... the right to pursue a federal remedy is a grant of federal law and cannot be taken away by the State."* Any order by Defendant Minkowitz attempting to criminalize the Plaintiff's access to this Court is *void ab initio* for lack of jurisdiction.

6. **GENERAL ATOMIC CO. V. FELTER, 434 U.S. 12 (1977):** The Supreme Court reaffirmed that: *"The right to pursue federal court litigation is not a right granted by the State and cannot, therefore, be taken away by the State."* The Court further noted that it is not within the power of a state court to determine whether a federal suit is "vexatious" as a justification for blocking federal jurisdiction.

7. **MITCHUM V. FOSTER, 407 U.S. 225 (1972):** The Supreme Court established that **42 U.S.C. § 1983** is an express Congressional authorization for federal courts to enjoin state court

**6**

proceedings that violate a citizen's constitutional rights. Defendant's threat of "jail" for filing a § 1983 action is a direct attempt to circumvent this federal mandate.

8. **BOUNDS V. SMITH, 430 U.S. 817 (1977):** The fundamental right of access to the courts requires that the judiciary assist citizens in the preparation and filing of meaningful legal papers, rather than creating artificial criminal barriers to entry.

9. **ADMINISTRATIVE TYRANNY:** By utilizing the "Vexatious Litigant" label to threaten the Plaintiff with the loss of physical liberty for exercising his federal rights, Defendant Minkowitz has moved beyond judicial discretion into the realm of administrative tyranny and a total deprival of Due Process under the Fourteenth Amendment.

10. **VOID AB INITIO:** Because Defendant Minkowitz lacks the subject matter jurisdiction to police the doors of the Federal Judiciary, the portion of his order threatening the Plaintiff with jail for federal filings is *void ab initio*. It is not a judicial act, but an act of administrative overreach and intimidation.

## FINAL SUMMARY: BEYOND THE PALE

The actions detailed in this amendment represent a departure from the rule of law so severe that it "shocks the conscience." We are faced with a judicial officer who has used his administrative power not to manage a court, but to build a cage around a citizen's rights. To use the threat of a jail cell to silence a federal lawsuit is an act of pure intimidation that goes "beyond the pale" of civilized jurisprudence. It is an attempt to create a legal vacuum where the United States Constitution does not apply and where the Supreme Court's precedents are ignored. This conduct is more than a legal error; it is a systemic failure of justice that leaves the Plaintiff with no choice but to seek the protection of this Federal Court against the very person sworn to uphold the law.

4/3/2026

Plaintiff incorporates all requests for relief from the original complaint and further requests that this Court take judicial notice of the documented "Intercept" as evidence of a systemic policy designed to strip *pro se* litigants of their Constitutional protections.

## VERIFICATION

I, ALBERT SEDGES, certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

**ALBERT SEDGES, Plaintiff Pro Se**
**Dated: April 3, 2026**

8

**NOTICE**: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status information.

### Form A - Notice of Motion

**Filing Attorney Information or Pro Se Litigant:**

*E x H*

Name   ALBERT SEDGES

NJ Attorney ID Number   N/A

Address   201 SOUTH RODGERS RD. HOTSPRINGS AR. 79101 BLDG I APT130

Daytime Phone   8626836327   ext. N/A   Cell Phone _____

Email Address   SEDGES1@YAHOO.COM

Your Name   ALBERT SEDGES

(check one) ☐ Plaintiff   ■ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County   Morris |
| v. | Docket Number   FM-14-000773-25 |
| ALBERT SEDGES | **Civil Action** |
| Defendant (Name as it appears in original caption) | **Notice of Motion** (See Below) |

TO: (Other party's lawyer or Other Party)
JOHN DELL'ITALIA 18 TONY GALENTO PLAZA ORANGE N.J. 07050

(County Probation Division)
N/A

PLEASE TAKE NOTICE that on Friday, _____, at 9:00 a.m., or as soon after that as the matter may be heard, ALBERT SEDGES _____, the (check one) ☐ plaintiff / ■ defendant will apply to whichever judge is hearing matters in the Superior Court, Chancery Division - Family Part, Morris _____ County, at the Morris _____ County Courthouse MORRISTOWN _____, New Jersey for an order to:

☐ Continuation/Termination of Child Support

☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments

☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments        ☐ Emancipate a Child

☐ Change Custody arrangements               ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements            ☐ Change of Venue

■ Other (specify):  JUDICIAL MISCONDUCT ASSIGN JUDGE MINKOWITZ

(Type or print what you are asking the court to do.  Attach additional sheets of 8.5" x 11" white paper, if necessary.)

1. SEE ATTACHED COMPLAINT

Ex A

2.

3.

4.

5. Require the ___Morris___ County Probation Division to adjust its records in accordance with this order for Child Support account CS- __N/A__ , and reissue any orders of income withholding if necessary;

6. Or such other relief as the Court may deem equitable and just.

7. I (check one) ■ do / ☐ do not want oral argument.

s/ _____        Date: 12/10/2025
(Signature)

(check one)  ☐ Plaintiff        ■ Defendant

| | | | |
|---|---|---|---|
| If you requested oral argument do you need to request: | | | |
| An interpreter | ☐ Yes  ☐ No | Language: | |
| A disability accommodation  ☐ Yes  ☐ No | | Accommodation: | |

Revised 08/06/2020, CN 10483                                      page 18 of 36

10

## Form B – Certification in Support of a Motion

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

**Ex A**

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOTSPRINGS AR. 79101 BLDG I APT130

Daytime Phone  8626836327     ext. N/A     Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

| | |
|---|---|
| CAROL SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County  MORRIS |
| v. | Docket Number  FM-14-000773-25 |
| | **Civil Action** |
| ALBERT SEDGES | **Certification in Support of a** |
| Defendant (Name as it appears in original caption) | **Motion** |
| | (See Below) |

I, ALBERT SEDGES _____, of full age, hereby certify:

1. I am the (check one) ☐ plaintiff / ■ defendant in this matter and I am filing this Certification in support of my Notice of Motion to:

☐ Continuation/Termination of Child Support    ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments    ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments    ☐ Emancipate a Child

☐ Change Custody arrangements    ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements    ☐ Change of Venue

■ Other (specify): JUDICIAL MISCONDUCT ASSIGN JUDGE MINKOWITZ

2. Explanation of facts: (Attach additional sheets of 8.5" x 11" white paper, if necessary.)
   a. SEE ATTACHED COMPLAINT


   b.

---

Revised 08/06/2020, CN 10483                                                         page 21 of 36

**11**



## Form D- Certification of Filing and Service

I hereby certify that the original of the attached Notice of Motion, the original of the attached supporting Certification, and the original and two copies of the Proposed Order are being filed with the Clerk of the Superior Court at the __Morris_____ Family Division Manager's Office.

In addition, I certify that I served a copy of this motion (check one)

- ☐ personally, on the person(s) or attorney(s) listed below.
    - ☐ Notarized acknowledgement of service signed by the other party attached (Form H). (Required if checking the box above.)

- ☐ by process server, courier service or by an adult neutral third party, on the person(s) or attorney(s) listed below.
    - ☐ Affidavit/Acknowledgement of service attached. (Required if checking the box above.)

- ■ by mailing it on this date to the person(s) or attorney(s) listed below by **BOTH** regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

| | |
|---|---|
| JOHN DELL'ITALIA | |
| (Name) | (Name) |
| 9589071052702736380307 | |
| (Certified Mail Number) | (Certified Mail Number) |
| 18 TONY GALENTO PLAZA | |
| (Address) | (Address) |
| ORANGE N.J. 07050 | |
| (City, State & Zip Code) | (City, State & Zip Code) |
| | |
| (Name) | (Name) |
| | |
| (Certified Mail Number) | (Certified Mail Number) |
| | |
| (Address) | (Address) |
| | |
| (City, State & Zip Code) | (City, State & Zip Code) |

s/ _____    Date: 12/10/2025
(Signature)
ALBERT SEDGES
(Type or print your name)
(check one)  ☐ Plaintiff      ■ Defendant

CONFIDENTIAL FM-14-000773-25   12/29/2025 12:15:20 AM   Pg 5 of 27   Trans ID: FAM20252055810

**FILED**

FEB 03 2026

Martin F. Barbato, J.S.C.

**Ex -A**

### Form C - Proposed Order

**Filing Attorney Information or Pro Se Litigant:**
Name ALBERT SEDGES
NJ Attorney ID Number N/A
Address 201 SOUTH ROGERS RD. HOT SPRINGS AR 71901
BLDG 1 APT 130

Daytime Phone 8626836327    ext. N/A    Cell Phone
Email Address SEDGES1@YAHOO.COM
Your Name ALBERT SEDGES
(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris

Docket Number  FM-14-000773-25

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _December 29, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support     ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments     ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments     ☐ Emancipate a Child

☐ Change Custody arrangements     ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements     ☐ Change of Venue

■ Other (specify):  "Two-Pronged Fraud Upon the Court" by judge MINKOWITZ

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_  ORDERED THAT:

1.  The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

    a. _____
    b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

CONFIDENTIAL FM-14-000773-25  12/29/2025 12:15:20 AM  Pg 6 of 27  Trans ID: FAM20252055810

EX. A

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*Failure to state a claim and/or to provide legally sufficient support for a claim upon which relief can be granted.*

_____

_____

2. The _Morris_____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- _N/A_____, required by this order and reissue, if necessary, any income withholding orders.

_Martin F. Barlato_____

Martin F. Barlato       , J.S.C.

FOR CHIEF JUSTICE - RABNER INTERCEPTED BY BARBT. ALLOWED BY DEFENDANT AND HELD FOR 37 DAYS WHILE HIS SUBORDINATE WAS UNDER FEDERAL SUMMONS 25-CV-17354 WHEN THIS ORDER WAS ADJUDICATED

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's **Procedural Due Process** and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his **Right to Appellate Review.** *See also Estate of Doerfler v. Fed. Ins. Co.,* 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

14

# SUPERIOR COURT OF NEW JERSEY

# CHANCERY DIVISION

**EX-A**

# FAMILY PART

# MORRIS COUNTY

Plaintiff: Carol Sedges

v.

Defendant: ALBERT SEDGES

DOCKET NO.: FM-14-000773-25

FORMAL NOTIFICATION TO THE CLERK OF THE SUPERIOR COURT

(Re: Mandatory Routing of Motion to the Chief Justice)

**TO:** Clerk of the Superior Court of New Jersey Family Part, Morris County

**AND FOR MANDATORY ROUTING TO:** The Honorable Stuart Rabner, Chief Justice New Jersey State Supreme Court Richard J. Hughes Justice Complex P.O. Box 970 Trenton, New Jersey 08625-0970

**FILED BY:** Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 **Phone:** (862) 683-6327 **Email:** sedges1@yahoo.com **Date:** December 10, 2025

**WHEREAS,** the undersigned, Albert Sedges, is filing a specific Motion through the Judiciary Electronic Document Submission (JED) system in the above-captioned matter (Docket No. FM-14-000773-25);

**WHEREAS,** this Notification formally advises the Clerk that the content of the motion specifically addresses judicial conduct and matters related to the rulings and actions of **Judge Minkowitz** and **Judge Barbato**, previously or currently assigned to this matter;

**NOW, THEREFORE, TAKE NOTICE** that, due to the nature of the allegations contained within the Motion, this Notification serves as a formal and mandatory instruction to ensure that a true and honest copy of the complete Motion, and this accompanying Notification, is physically placed upon the desk of **Chief Justice Rabner** at the New Jersey State Supreme Court located within the Richard J. Hughes Justice Complex, Trenton, New Jersey. The motion is filed with the express intent that the Chief Justice be apprised of the issues raised concerning the proceedings in the Superior Court, Family Part, Morris County.

CERTIFICATION OF SERVICE To CHIEf JUsTICE RABNER AT ABOVE APDRESS VIA U.S. mAiL

15

I hereby certify that on this 10th day of December, 2025, a true and honest copy of this Formal Notification to the Clerk, along with the Motion referred to herein, has been and will be served upon the following individuals through the specified methods:

1. **Judge Barbato:** Via email, U.S. Mail, and the JED system.
2. **Judge Minkowitz:** Via email, U.S. Mail, and the JED system.

    NJ S.C 10 COURT ST. MORRISTOWN NJ 47960

3. **Wife's Attorney Name JOHN DELL'ITALIA 18 TONY GALENTO PLAZA ORANGE N.J. 07050**

## CERTIFICATION OF TRUTH

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Albert Sedges (Filer/Defendant) PRO SE

Ex A

16



## FORMAL COMPLAINT AND REQUEST FOR INTERVENTION

### CONCERNING JUDICIAL SELF-ADJUDICATION, CONFLICT OF INTEREST, AND VIOLATION OF RECUSAL PROCEDURE (RULE 1:12-2)

Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 Phone: (862) 683-6327 Email: sedges1@yahoo.com Date: December 10, 2025

VIA U.S. MAIL (CERTIFIED) AND EMAIL

Chief Justice Stuart Rabner New Jersey State Supreme Court Richard J. Hughes Justice Complex P.O. Box 970 Trenton, New Jersey 08625-0970

**RE: Judicial Self-Adjudication, Conflict of Interest, and Procedural Failure in Morris County Family Part Case Name:** Carol Sedges v. Albert Sedges **Docket Number:** FM-14-000773-25 **Judges Involved:** Judge Barbato (Presiding Judge) and Judge Minkowitz (Assignment Judge)

Chief Justice Rabner,

This communication is a formal complaint regarding a fundamental procedural and due process violation in the above-referenced matrimonial matter, resulting from the failure of the Assignment Judge to uphold the clear mandates of the New Jersey Rules of Court regarding judicial disqualification. I respectfully request your immediate intervention.

### FACTUAL BACKGROUND OF THE VIOLATION (Corrected Timeline)

1. **October 20, 2025 (Complaint Filed):** I filed a formal complaint or submission detailing Judge Barbato's alleged misconduct in the matter.

2. **October 30, 2025 (Recusal Motion Filed):** I moved for the recusal and disqualification of Judge Barbato based on his subsequent adversarial conduct and lack of impartiality.

3. **November 21, 2025 (Unlawful Self-Adjudication and Vexatious Referral):** Judge Barbato issued a proposed Order that was then signed, in which he unlawfully ruled on and **denied both the October 20th complaint against him and the October 30th Motion for Recusal.** This action placed him in the position of adjudicating his own impartiality, in direct violation of **New Jersey Court Rule 1:12-2.** Crucially, in the very same November 21st Order, Judge Barbato included a referral to the Assignment Judge designating me as a potential vexatious litigant.

4. **Assignment Judge's Selective Enforcement (Demonstrated Bias):** The Assignment Judge, **Judge Minkowitz,** has been made aware of the procedural illegality of Judge Barbato's self-adjudication (ruling on his own complaint and recusal) but has refused to intervene or correct the error. This systemic failure is highlighted by the Assignment Judge's **immediate and rapid action** upon receiving the vexatious litigant referral from Judge Barbato in the same November 21st Order, where he promptly issued an Order to Show Cause against me. This differential treatment—swift

**17**

punitive action against me, coupled with total inaction regarding the clear procedural violation by his subordinate—demonstrates a severe, intolerable bias and complicity in the failure of due process.

**Ex A**

## VIOLATION OF JUDICIAL CANONS AND RULES

The self-adjudication of a recusal motion and a complaint concerning one's own conduct is a gross violation of **R. 1:12-2** and the principles of due process. The subsequent refusal of the Assignment Judge to exercise his supervisory authority to correct this error, while simultaneously acting with haste on the referral against me, constitutes a willful failure to enforce the Rules of Court and compromises the integrity of the judicial process. This inaction confirms and ratifies the procedural error, creating an intolerable conflict of interest that denies me the right to an unbiased hearing on the motion for disqualification.

## REQUEST FOR REMEDY

Given that the Assignment Judge has failed to fulfill his administrative duty to correct this conflict, even after repeated and specific notification, I am compelled to address the highest judicial authority.

I respectfully request that you, as Chief Justice, intervene immediately and issue an Administrative Order:

1. **VACATING** the Order issued by Judge Barbato denying his own complaint and his own recusal.

2. **REQUIRING** the appointment of a **neutral, outside judge** (from a different vicinage or the Appellate Division) to hear the Motion for Disqualification/Recusal of both Judge Barbato and Assignment Judge Minkowitz, thereby restoring adherence to the Rules of Court.

3. **STAYING** all proceedings in this matter pending the resolution of the recusal issue by the assigned judge.

I attach the proposed Order denying the complaint (Exhibit A) and the proposed Order denying recusal (Exhibit B) as evidence of this procedural breakdown, both of which were unlawfully signed by Judge Barbato.

## CERTIFICATION

I, Albert Sedges, hereby certify that the foregoing statements made by me are true and accurate to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Respectfully,

Albert Sedges Defendant Pro Se Docket No.: FM-14-000773-25

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2025, I served a true and correct copy of this Formal Complaint and Request for Intervention upon the following parties via **JEDS system email** (for

**18**

the Judges) and **First-Class Mail** (for all parties, including opposing counsel):

- **Hon. Stuart Rabner, Chief Justice** (Via Certified Mail and Email) *ADDRESS FRONT PAGE*

- **Hon. Assignment Judge Minkowitz** (Via JEDS Email and First-Class Mail)

 *NJSC
10 COURT ST
MORRISTOWN NJ 07960*

- **Hon. Judge Barbato** (Via JEDS Email and First-Class Mail)

- **John Dell'Italia, Esq.** (Opposing Counsel)

  - 18 Tony Galento Plaza

  - Orange, New Jersey 07050

*Ex A*

**19**

# FORMAL COMPLAINT AND REQUEST FOR INTERVENTION

## CONCERNING JUDICIAL SELF-ADJUDICATION, CONFLICT OF INTEREST, AND VIOLATION OF RECUSAL PROCEDURE (RULE 1:12-2)

Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 Phone: (862) 683-6327 Email: sedges1@yahoo.com Date: December 10, 2025

VIA U.S. MAIL (CERTIFIED) AND EMAIL

Chief Justice Stuart Rabner New Jersey State Supreme Court Richard J. Hughes Justice Complex P.O. Box 970 Trenton, New Jersey 08625-0970

RE: Judicial Self-Adjudication, Conflict of Interest, and Procedural Failure in Morris County Family Part Case Name: Carol Sedges v. Albert Sedges Docket Number: FM-14-000773-25 Judges Involved: Judge Barbato (Presiding Judge) and Judge Minkowitz (Assignment Judge)

Chief Justice Rabner,

This communication is a formal complaint regarding a fundamental procedural and due process violation in the above-referenced matrimonial matter, resulting from the failure of the Assignment Judge to uphold the clear mandates of the New Jersey Rules of Court regarding judicial disqualification. I respectfully request your immediate intervention.

### FACTUAL BACKGROUND OF THE VIOLATION (Corrected Timeline)

1. **October 20, 2025 (Complaint Filed):** I filed a formal complaint or submission detailing Judge Barbato's alleged misconduct in the matter.

2. **October 30, 2025 (Recusal Motion Filed):** I moved for the recusal and disqualification of Judge Barbato based on his subsequent adversarial conduct and lack of impartiality.

3. **November 21, 2025 (Unlawful Self-Adjudication and Vexatious Referral):** Judge Barbato issued a proposed Order that was then signed, in which he unlawfully ruled on and **denied both the October 20th complaint against him and the October 30th Motion for Recusal.** This action placed him in the position of adjudicating his own impartiality, in direct violation of **New Jersey Court Rule 1:12-2.** Crucially, in the very same November 21st Order, Judge Barbato included a referral to the Assignment Judge designating me as a potential vexatious litigant.

4. **Refiling of Complaint (Following Week):** Following Judge Barbato's unlawful denial of his own complaint and recusal motion, I refiled the complaint against him. This refiled motion/complaint was explicitly marked as being **"for Assignment Judge eyes only,"** ensuring Assignment Judge Minkowitz was directly and personally informed of the need to intervene and correct the procedural error.

5. **Assignment Judge's Selective Enforcement (Demonstrated Bias):** The Assignment Judge, **Judge Minkowitz**, has been made aware of the procedural illegality of Judge Barbato's self-adjudication (ruling on his own complaint and recusal) but has refused to intervene or correct the error. This systemic failure is highlighted by the Assignment Judge's **immediate and rapid action** upon receiving the vexatious litigant referral from Judge Barbato in the same November 21st Order, where he promptly issued an Order to Show Cause against me. This differential treatment—swift punitive action against me, coupled with total inaction regarding the clear procedural violation by his subordinate—demonstrates a severe, intolerable bias and complicity in the failure of due process.

**VIOLATION OF JUDICIAL CANONS AND RULES**

The self-adjudication of a recusal motion and a complaint concerning one's own conduct is a gross violation of R. 1:12-2 and the principles of due process. The subsequent refusal of the Assignment Judge to exercise his supervisory authority to correct this error, while simultaneously acting with haste on the referral against me, constitutes a willful failure to enforce the Rules of Court and compromises the integrity of the judicial process. This inaction confirms and ratifies the procedural error, creating an intolerable conflict of interest that denies me the right to an unbiased hearing on the motion for disqualification.

**REQUEST FOR REMEDY**

Given that the Assignment Judge has failed to fulfill his administrative duty to correct this conflict, even after repeated and specific notification (including the refiled complaint directed exclusively to him), I am compelled to address the highest judicial authority.

I respectfully request that you, as Chief Justice, intervene immediately and issue an Administrative Order:

1. **VACATING** the Order issued by Judge Barbato denying his own complaint and his own recusal.

2. **REQUIRING** the appointment of a **neutral, outside judge** (from a different vicinage or the Appellate Division) to hear the Motion for Disqualification/Recusal of both Judge Barbato and Assignment Judge Minkowitz, thereby restoring adherence to the Rules of Court.

3. **STAYING** all proceedings in this matter pending the resolution of the recusal issue by the assigned judge.

I attach the proposed Order denying the complaint (Exhibit A) and the proposed Order denying recusal (Exhibit B) as evidence of this procedural breakdown, both of which were unlawfully signed by Judge Barbato.

**CERTIFICATION**

I, Albert Sedges, hereby certify that the foregoing statements made by me are true and accurate to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

21

Respectfully,

Albert Sedges Defendant Pro Se Docket No.: FM-14-000773-25

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2025, I served a true and correct copy of this Formal Complaint and Request for Intervention upon the following parties via **JEDS system email** (for the Judges) and **First-Class Mail** (for all parties, including opposing counsel):

- **Hon. Stuart Rabner, Chief Justice** (Via Certified Mail and Email) *ADDRESS FRONT PAGE*

- **Hon. Assignment Judge Minkowitz** (Via JEDS Email and First-Class Mail) *N.J.S.C*

- **Hon. Judge Barbato** (Via JEDS Email and First-Class Mail) *10 COURT ST, MORRISTOWN N.J. 07960*

- **John Dell'Italia, Esq.** (Opposing Counsel)

    - 18 Tony Galento Plaza *18 TONY GALENTO PLAZA ORANGE NJ 07050*

*EX A*

**22**



# FORMAL COMPLAINT TO CHIEF JUSTICE RABNER: EVIDENCE OF SUPERVISORY FAILURE AND BAD FAITH

## Focused on Judge Barbato's Unlawful Order Denying Complaint (Exhibit A)

This analysis addresses the Proposed Order signed by Judge Barbato, dated November 25, 2025, and the subsequent duplicative Order dated December 5, 2025 (collectively, **Exhibit A**). These Orders unlawfully deny the Defendant's **Complaint Against Judicial Conduct** directed at the Presiding Judge's own actions.

Exhibit A is not merely an error by Judge Barbato; it stands as concrete evidence that the required judicial oversight—specifically by **Assignment Judge Minkowitz**—is either absent or willfully disregarded, leading to a fundamental breakdown of procedural fairness in this matter.

### 1. Primary Procedural Violation: Usurpation of Administrative and Judicial Authority

The issuance of these Orders constitutes a gross and dual violation of proper judicial procedure and administrative authority:

| Authority Usurped | Action Taken by Judge Barbato | Rule or Principle Violated |
| --- | --- | --- |
| Clerk's Deficiency Screening Authority | The Judge *denied* the complaint on grounds of lack of legal/factual support, despite the document being **stamped, certified, and accepted by the Clerk's Office.** | **Administrative Rule/Clerk's Duty:** The Clerk's Office is responsible for initial screening and returning documents that are procedurally deficient. By attempting to summarily reject an already-filed document based on its content, the Judge is attempting to **retroactively usurp the Clerk's administrative authority to shield his own actions.** |
| Assignment Judge's Authority | The Judge adjudicated and ruled upon a complaint directed specifically against *his own* conduct and orders. | **N.J. Rule of Court 1:12-2 & Judicial Ethics:** A judge cannot preside over a matter concerning his or her own disqualification or impartiality. The complaint required immediate referral to the Assignment Judge for review, not self-adjudication. |

### 2. The Unjustifiable Basis for Denial (Unsupported by the Record)

The Order's stated basis for denial—that the filing is "not being supported by law and/or fact"—is a transparent act of judicial self-defense that confirms the Judge's attempt to circumvent proper procedure:

- **Failure of Due Process Gatekeeping:** A properly filed judicial complaint, if truly lacking any legal or factual basis, *would have been returned by the Clerk's Office for deficiency* before it ever reached the Judge's desk. The Clerk's Office **stamped and certified the filing**, indicating it was administratively complete and fit for judicial review.



- **Attempt to Hide Behind the Clerk:** Judge Barbato's subsequent ruling on the "support of law and/or fact" is an unlawful attempt to retroactively impose an administrative deficiency on a filed, certified document. He is trying to "get cute" by using the Clerk's non-action as a pretense to justify ruling on a complaint against himself, confirming a lack of neutrality.

- The Judge's duty was not to rule on the merits of a complaint against himself but to determine if the document necessitated **mandatory recusal** and subsequent referral.

- Ruling on the "support" confirms the Judge was acting to defend his own judicial record, demonstrating a failure to recuse and a clear **lack of neutrality.**

- The duplicative Order of December 5, 2025, further solidifies the violation by having the Judge confirm his prior, unlawful self-adjudication.

### 3. Clear Evidence of Judicial Bias (The Vexatious Referral)

The simultaneous issuance of the denial (of the complaint against the Judge) and the initiation of a **Vexatious Litigant Referral** in the same November 25th Order confirms an adversarial and punitive intent. The Judge denied the challenge to his conduct and immediately responded with a high-stakes, punitive action against the Defendant, violating the judicial requirement for impartiality and due process.

### 4. Assignment Judge Minkowitz's Supervisory Failure

The existence of Exhibit A, which is readily accessible through the court docket, is compelling evidence of a failure of supervision by Assignment Judge Minkowitz:

- **Exhibit A is Proof of Neglect:** A complaint directed at the conduct of a Presiding Judge **must** be immediately referred up the chain of command for review by the Assignment Judge.

- **Awareness of Breach:** Given the clear, self-evident nature of the procedural breach—a judge ruling on a complaint against himself—Assignment Judge Minkowitz, as the supervisor, is inherently responsible for reviewing and correcting this type of structural error that corrupts the judicial process.

- **Waiver of Authority:** By allowing Judge Barbato's unlawful Order (Exhibit A) to stand unchallenged and uncorrected on the docket, Assignment Judge Minkowitz has implicitly abdicated his supervisory duty under N.J. Rule 1:12-2 and allowed the subordinate judge's procedural violation to persist.

- **The Nexus:** Exhibit A confirms that the Assignment Judge is **well aware** of the facts establishing the procedural and ethical violations but has failed to intervene, thereby ratifying the self-adjudication of the complaint by the subject of that complaint.

24



# Procedural Analysis of Court Exhibits

This document serves as an analytical log of specific procedural documents, focusing on dates, stated rationale, and alleged conflicts or errors.

## Exhibit A: Defendant's Initial Motion for Recusal

| Detail | Description |
| --- | --- |
| Document Type | Motion for Recusal |
| Filing Date | October 30, 2025 |
| Purpose | To request the assigned Judge's removal from the case due to alleged bias or conflict of interest. |
| Key Point | The motion was filed on October 30th. It triggered the procedural obligation for the Judge to either recuse or deny the motion formally. |

## Exhibit B: Form C Proposed Order Denying Recusal (By Judge BARBATO)

| Detail | Description |
| --- | --- |
| Document Type | Form C Proposed Order (Denial of Recusal) |
| Judge Identity | Judge BARBATO (The Judge against whom the recusal/complaint is directed to). |
| Decision Date | December 5th (Matter opened November 1st, decided December 5th) |
| Stated Rationale | "This is a duplicate of defendant's previous motion of October 20th 2025 which was denied pursuant to the courts, November 25th 2025 order." |
| Procedural Conflict | The Judge explicitly states the recusal motion is a "duplicate" of a "previous motion of October 20th 2025." The defendant asserts: 1. October 20th was the date of the initial Complaint/main motion, not the first recusal motion. 2. The Recusal Motion was filed on October 30th (Exhibit A). |
| Analysis | Crucial Conflict and Evidence: This document serves as primary evidence that Judge BARBATO is ruling on his own recusal/complaint, which is a significant procedural violation. Furthermore, |



the denial is predicated on a factual misstatement of the record—conflating the **October 20th Complaint** with the **October 30th Recusal Motion**. This mischaracterization of the motion's history supports the narrative that the Judge is "doubling down" on his position by denying the request based on an inaccurate procedural history.

**THE ASSIGNMENT JUDGE MINKOWITZ IS WELL AWARE OF THESE VIOLATIONS AND DOES NOTHING OTHER THAN ZEALOUSLY FILE A O.T.C AGAINST ME DUE TO JUDGE BARDATO REFERAL ON THE DENIED COMPLAINT TO HIMSELF EXHIBIT A**

EX A

**TO:** The Honorable Chief Justice Stuart Rabner Supreme Court of New Jersey Richard J. Hughes Justice Complex 25 W. Market St. Trenton, NJ 08625

**FROM:** Albert Sedges 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901 **Phone:** 862-683-6327

**DATE:** December 10, 2025

EX H

(1 OF 3)

**SUBJECT:** Formal Complaint Against **Assignment Judge Minkowitz** for Failure of Supervisory Duty Leading to Compromised Judicial Impartiality

**CASE NAME/CAPTION:** Sedges versus Sedges **DOCKET NUMBER:** FM-14-000773-25 **VICINAGE/COUNTY:** Morris County, New Jersey

## Executive Summary of the Administrative Failure

This formal complaint is filed against **Assignment Judge Minkowitz** for a grave and specific failure to execute his mandatory administrative and supervisory duties as the leader of the Morris County Vicinage (Vicinage 10). This failure allowed for a fundamental compromise of judicial impartiality, undermining the integrity of the judicial process.

Assignment Judge **Minkowitz** improperly permitted his subordinate, **Presiding Judge Barbato**, to preside over and issue a ruling on the **very complaint and motion for recusal that had been filed against Judge Barbato himself.**

## Details of the Dereliction of Duty

1. **Conflict of Interest Arose (First Notice):** I filed a formal complaint against Presiding Judge Barbato on **October 20, 2025**, and subsequently filed a motion for recusal on **October 30, 2025**, both submitted via the JEDS system. The full particulars of the complaint and the basis for the recusal are fully detailed in the attached documents, **Exhibits A and B.**

2. **Assignment Judge's Acknowledged Notice (Second, Targeted Notice):** Following Judge Barbato's improper self-ruling (Exhibit B), I **refiled the complaint and motion for recusal** with a specific designation stating: **"For Assignment Judge Minkowitz's Eyes Only."** This action delivered undeniable, personal notice to Judge **Minkowitz** that his subordinate was improperly ruling on his own complaint and that supervisory intervention was immediately required.

3. **Prior Notice:** Furthermore, Assignment Judge **Minkowitz** was previously and repeatedly put on notice of the seriousness of this situation through the submission of **several supplemental certifications** addressing the ongoing issues within his Vicinage. Therefore, Judge **Minkowitz** cannot claim ignorance regarding the actions of Judge Barbato or the necessity for supervisory intervention.

4. **Assignment Judge's Obligation:** As the Assignment Judge, Judge **Minkowitz** had the administrative responsibility to address the conflict filed against his subordinate. The proper procedure required Judge **Minkowitz** to assume jurisdiction over the matter and assign it to an impartial, non-involved judge. This is required to maintain the fundamental integrity of the judicial process.

5. **The Failure and Proof:** Assignment Judge **Minkowitz** failed to execute this essential supervisory function, even after receiving targeted and exclusive notice (Point 2). He permitted Presiding Judge Barbato to remain seized of the matter and rule on his own complaint and recusal motion. As proof, I am submitting as **Exhibit B** the **Proposed Order denying his own motion for complaint and recusal**, signed by Judge Barbato.

27

6. **Damage to Integrity:** Allowing a judge to rule on the merits of a complaint concerning his or her own conduct or impartiality is a direct violation of due process and creates an unacceptable **appearance of impropriety**. This administrative failure by Assignment Judge **Minkowitz** constitutes a profound disregard for the procedural safeguards intended to ensure litigants receive a fair and impartial hearing.

2 of 3

## Request for Review and Intervention

I submit that Assignment Judge **Minkowitz's** tolerance of this action constitutes an administrative failure that necessitates immediate intervention from the Supreme Court.

I respectfully request that Chief Justice Rabner review this complaint and take appropriate administrative action to address Assignment Judge **Minkowitz's** failure of supervision, to **vacate the ruling issued by Judge Barbato (Exhibit B) and the underlying ruling on the complaint (Exhibit A)**, and to restore due process in my case (Sedges versus Sedges, Docket No. FM-14-000773-25).

EX A

28

**Albert Sedges**, hereby certify as follows:

1. I have read the foregoing Formal Complaint Against Assignment Judge Minkowitz and attest that the statements contained herein are **true and accurate** to the best of my knowledge, information, and belief.

2. I understand that these statements are made subject to the penalties of perjury and that any willful false statement is punishable by law.

3. I further certify that a true and complete copy of this Formal Complaint, along with all attached Exhibits (A and B, and Supplemental Certifications), has been served upon the following individuals and offices this **December 10, 2025**, by **First Class U.S. Mail** and via the **JEDS system email** where applicable:

| Party Served | Title/Capacity | Address for Service |
|---|---|---|
| **Assignment Judge Minkowitz** | Assignment Judge | Superior Court of Morris County, 10 Court Street, Morristown, NJ 07960 |
| **Presiding Judge Barbato** | Presiding Judge | Superior Court of Morris County, 10 Court Street, Morristown, NJ 07960 |
| **John Dell'Italia, Esq.** | Opposing Counsel | 18 Tony Galento Plaza, Orange, NJ 07050 |

**Signature**

**Albert Sedges** 201 South Rogers Road, Building I, Apartment 130 Hot Springs, Arkansas 71901



# PLAINTIFF'S MOTION FOR JUDICIAL DISQUALIFICATION OF HONORABLE JUDGE BARBATO AND HONORABLE JUDGE MINKOWITZ AND FOR THE IMPOSITION OF SANCTIONS PURSUANT TO R. 1:4-8

CASE CAPTION: Sedges v. Sedges DOCKET NO.: FM-14-000773-25

TO THE COURT:

Plaintiff, Albert Sedges, Pro Se, respectfully moves this Court for an Order: (1) Disqualifying the Honorable Judge Barbato and the Honorable Assignment Judge Minkowitz from all future proceedings in the above-captioned matter pursuant to R. 1:12-1(f); (2) Vacating all Orders resulting from the *sua sponte* referral process; and (3) Imposing sanctions against opposing counsel pursuant to R. 1:4-8.

## I. STATEMENT OF REASONS FOR MOTION

This motion is necessary because the referral of the Plaintiff's conduct for a potential "vexatious litigant" designation, originating from the trial judge (Barbato) and acted upon *sua sponte* by the Assignment Judge (Minkowitz), creates an impermissible appearance of impropriety and violates the Plaintiff's fundamental due process rights to an impartial judiciary.

### A. The Vexatious Litigant Process and Impartiality

The procedure for designating a litigant as vexatious involves a high degree of judicial scrutiny that must be initiated and overseen with absolute impartiality. When the trial judge (Barbato) initiates the action by referring the matter to the Assignment Judge (Minkowitz), and the Assignment Judge then acts *sua sponte*, it suggests that the judiciary itself is abandoning its role as a neutral arbiter and has initiated the adversarial action against the Plaintiff. This procedure is legally flawed and taints the entire process.

## II. ARGUMENT FOR JUDICIAL DISQUALIFICATION (R. 1:12-1(f))

A judge must be disqualified if there is any reason that might preclude a fair and unbiased hearing and judgment, or if there is any doubt as to the judge's ability to preside impartially. (N.J. Ct. R. 1:12-1(f)).

### A. Disqualification of Hon. Judge Barbato

Judge Barbato, by unilaterally initiating the referral for a "vexatious litigant" finding, has acted as an **adversary** against the Plaintiff, placing his own personal knowledge, observations, and conclusions regarding the Plaintiff's conduct into the judicial record. This extra-judicial involvement disqualifies him:

1. **Impartiality:** The referral demonstrates that Judge Barbato has predetermined that the Plaintiff's filings are vexatious, compromising his ability to rule impartially on any future motion filed by the Plaintiff.

2. **Appearance of Impropriety:** The act of initiating the process itself creates an appearance that the Judge is personally invested in restraining the Plaintiff, thus violating the judicial canons

**30**

requiring judges to avoid any appearance of bias.

### B. Disqualification of Hon. Assignment Judge Minkowitz

Assignment Judge Minkowitz, by acting *sua sponte* on the referral from Judge Barbato, has effectively ratified the trial judge's non-neutral position and adopted the adversarial role:

1. **Tainted Process:** The referral from Judge Barbato, who has demonstrated bias, taints the subsequent action by the Assignment Judge.

2. **Due Process Violation:** An Assignment Judge using their *sua sponte* power to initiate a vexatious litigant proceeding based on a non-neutral referral violates the Plaintiff's due process right to defend against a truly impartial proceeding.

## III. ARGUMENT FOR RULE 1:4-8 SANCTIONS AGAINST COUNSEL

Rule 1:4-8 permits sanctions against a party or counsel who files a motion or pleading that is submitted for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Opposing counsel's actions in this matter, particularly the continuation of litigation on issues already addressed and the alleged involvement in prompting the vexatious litigant review, constitute harassing and frivolous tactics designed to cause unnecessary delay and expense.

The Plaintiff intends to submit a formal Notice of Motion for Sanctions to opposing counsel, in compliance with the procedural requirements of Rule 1:4-8, arguing that opposing counsel is participating in a pattern of harassing litigation that has now extended into involving the Assignment Judge in matters already decided.

## IV. CONCLUSION

The judicial process initiated by the *sua sponte* referral and subsequent action is procedurally flawed and fatally compromised by the appearance of partiality. Furthermore, the defense counsel's litigation tactics demonstrate bad faith.

Plaintiff respectfully requests that the Court:

1. **DISQUALIFY** the Honorable Judge Barbato from all future proceedings in these matters.

2. **DISQUALIFY** the Honorable Assignment Judge Minkowitz from presiding over any matter concerning the Plaintiff's vexatious litigant status or related judicial review.

3. **STAY** all proceedings related to the vexatious litigant referral pending the outcome of this disqualification motion.

4. **RESERVE JURISDICTION** to impose sanctions pursuant to R. 1:4-8 upon the filing of the required Notice.

5. Grant such other relief as the Court deems just and equitable.

Sincerely,



Albert Sedges, Pro Se

## CERTIFICATION OF TRUTH AND SERVICE

I hereby certify that the foregoing statements made by me are true to the best of my knowledge, information, and belief. I understand that any false statements made in this document are subject to the penalties of law.

I further certify that a true and accurate copy of this Motion for Judicial Disqualification and Imposition of Sanctions has been served upon opposing counsel via the JEDS system, U.S. Mail (First Class), and via email on this **December 10th, 2025.**

The mailing address for opposing counsel is: **Superior Court of Morris County 10 Court Street, Morristown, New Jersey 07960.**

**Albert Sedges** Plaintiff Pro Se

**32**

**EX. A**

## SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: FAMILY PART MORRIS COUNTY

| | |
|---|---|
| **In the Matter of the Application for an Injunction Against Albert Sedges Preventing him from Filing Papers with the Court without Permission of the Assignment Judge** | **DOCKET NO. FM-14-00773-25** |
| | CIVIL ACTION |
| **MOTION TO DISQUALIFY JUDGE BARBATO AND ASSIGNMENT JUDGE MINKOWITZ FOR CAUSE AND MOTION FOR RULE 1:4-8 SANCTIONS** | HEARING DATE: [Insert Date from OSC] |

**COMES NOW**, the Defendant, ALBERT SEDGES, *Pro Se*, and respectfully moves this Honorable Court for an Order pursuant to **N.J. Court Rule 1:12-1(f)** to disqualify **Judge Barbato** and **Assignment Judge Minkowitz** from any further participation in this matter, and further moves for an Order pursuant to **N.J. Court Rule 1:4-8** imposing sanctions upon the party responsible for the filing of the factually unverified and procedurally compromised Order to Show Cause (OSC).

## I. STATEMENT OF FACTS AND DUE PROCESS VIOLATIONS

1. This Motion is filed contemporaneously with the Certification in Opposition to the Order to Show Cause (OSC) which seeks to label the Defendant a Vexatious Litigant.

2. The OSC was initiated by Assignment Judge Minkowitz based upon a referral from Judge Barbato, who is the subject of a pending Administrative Complaint and Recusal Motion filed by the Defendant. SEE ATTACHED EXIBIT B

3. The OSC alleges that the Defendant filed **233 frivolous filings** since October 1, 2025. As demonstrated in the Certification in Opposition, this number is a **mathematically impossible and factually fraudulent fabrication** that is not supported by the Court's own records, constituting a gross misrepresentation of the record.

4. Assignment Judge Minkowitz, in issuing the OSC, explicitly compromised the judicial process by acting as both the **complainant** (by initiating the action based on the unverified 233 claim) and the **adjudicator** (by presiding over the Vexatious Litigant application against the Defendant).

5. Judge Barbato initiated the referral while he was being actively challenged by the Defendant for judicial non-compliance (violating Rule 1:7-4) and ignoring a pending Recusal Motion against himself, thereby using the vexatious litigant referral for an improper retaliatory purpose.

## II. ARGUMENT FOR DISQUALIFICATION UNDER RULE 1:12-1(f)

### A. Disqualification of Judge Barbato (Compromised Impartiality)

Pursuant to **Rule 1:12-1(f)**, a judge must be disqualified if there is any reason which might preclude a fair and unbiased hearing and judgment, or if there are any other circumstances making their continued service improper.

1. **Direct Conflict and Retaliation:** Judge Barbato is the subject of the Defendant's **Administrative Complaint and Recusal Motion**. His referral of the Defendant as a vexatious litigant, while simultaneously denying consideration of the complaints against himself, is a clear act of **retaliation** designed to silence the litigant who challenges his authority. This creates an irreconcilable conflict of interest, where the challenged judge is weaponizing administrative process against the challenging party.

**33**

2. **Lack of Findings of Fact:** Judge Barbato's underlying orders were repeatedly non-compliant with **Rule 1:7-4**, forcing the Defendant to file supplemental certifications. His referral order is devoid of any specific findings of fact as to **why** the filings were frivolous, further demonstrating a lack of judicial temperance and impartiality.

3. **Compromised Appearance of Justice:** No reasonable litigant could believe they will receive a fair hearing from a judge who has actively participated in a proceeding designed to strip them of their access to the courts.

**B. Disqualification of Assignment Judge Minkowitz (Acting as Complainant and Judge)**

1. **Violation of Due Process by Dual Role:** Assignment Judge Minkowitz has allowed himself to be placed in the untenable position of being the **accuser** and the **adjudicator**. By initiating the *sua sponte* OSC based on the unverified, mathematically flawed claim of 233 filings, the Assignment Judge has prejudged the Defendant's entire record ("Having found these to have no legal or factual Merit"). This compromises the **impartiality of the tribunal** and violates the Defendant's right to due process.

2. **Compromised Appearance of Justice:** The Assignment Judge's reliance on factually false information (the 233 filings) and subsequent initiation of the OSC demonstrates a personal bias against the Defendant before the hearing even begins. This requires immediate recusal to preserve the integrity of the Morris County judiciary.

## III. ARGUMENT FOR SANCTIONS UNDER RULE 1:4-8 (FRIVOLOUS LITIGATION)

**Rule 1:4-8** provides for sanctions when a pleading is filed for an **improper purpose**, such as harassment or to cause unnecessary delay or needless increase in the cost of litigation, or when the factual contentions are **without evidentiary support**.

1. **The Referral Order as a Frivolous Submission:** The Order issued by Judge Barbato, which referred the vexatious litigant claim based on a grossly inflated and unverified number of filings (the 233 claim), was filed for the **improper purpose of retaliation and to impede the Defendant's access to justice** and his ability to appeal the underlying non-compliant orders.

2. **Factual Contentions Without Evidentiary Support:** The central, dispositive factual assertion in the OSC—the **233 filings**—is a fabrication. The individual who submitted this number to the Assignment Judge failed to conduct a reasonable inquiry and certified a claim that is mathematically contradicted by the court's own records (as detailed in the Certification in Opposition). This constitutes a clear violation of **Rule 1:4-8(a)(3)**.

3. **Relief Sought Under Rule 1:4-8:** The Court must immediately strike the OSC as a frivolous filing and impose sanctions, including, but not limited to, **all costs and attorney fees incurred by the Defendant** in defending against this baseless and procedurally improper Vexatious Litigant proceeding.

## IV. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, and those articulated in the contemporaneous Certification in Opposition, the Defendant, Albert Sedges, respectfully requests that the Court enter an Order:

A. **IMMEDIATELY DISQUALIFYING** Judge Barbato and Assignment Judge Minkowitz from further participation in this matter pursuant to **R. 1:12-1(f)**. B. **IMMEDIATELY DISMISSING** the Order to Show Cause with prejudice, due to its foundation upon factually fraudulent information and compromise of due process. C. **IMPOSING SANCTIONS** pursuant to **R. 1:4-8** upon the party responsible for the

**34**

baseless referral, and awarding the Defendant all reasonable costs incurred in defending against this frivolous administrative action. D. Assigning the matter to a new, impartial Judge.

**I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and that I understand these statements are made subject to the penalties of perjury under law.**

**Dated:** December 8, 2025

**Albert Sedges Defendant, Pro Se**

**35**

CONFIDENTIAL FM-14-000773-25   10/20/2025 06:00:48 PM   Pg 5 of 9   Trans ID: FAM20251711251

# EX-B

**Form C - Proposed Order**

**FILED**

DEC 05 2025

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT N. SEDGES

NJ Attorney ID Number  N/A

Address  69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856

Daytime Phone 8626836327    ext. N/A    Cell Phone 0000000000

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT N. SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL ANN SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on Friday, _October 20, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): Formal Administrative Complaint and Request for Immediate Judic

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☐ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _December 2, 2025_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

**36**

# EX-B

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

Defendant failed to make a request for relief that was supported by law and/or fact. Defendant filed the same motion five times, on 10/18/25 (twice), on 10/20/25, and on 10/21/25 (twice). Defendant has filed fifty-one motions and/or certifications since 10/17/25, seeking similar relief to this motion and/or previous motions. Therefore,

2. The _Morris_ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-_N/A_, required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_
, J.S.C.

Defendant is hereby referred to the Hon. Stuart Minkowitz, A.J.S.C., for a hearing on whether Defendant should be found to be a vexatious litigant, pursuant to Rosenblum v Borough of Closter, 333 N.J. Super 385, 395-397 (App. Div. 2000).

DENYING HIS OWN COMPAINT
SAYS I'M VEXATOUS
REFERRED, WAS NOT "SUA SPONTE"

# EX-B

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

Defendant failed to make a request for relief that was supported by law and/or fact. Defendant filed the same motion five times, on 10/18/25 (twice), on 10/20/25, and on 10/21/25 (twice). Defendant has filed fifty-one motions and/or certifications since 10/17/25, seeking similar relief to this motion and/or previous motions. Therefore,

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

_Martin J Barbato_
_____, J.S.C.

Defendant is hereby referred to the Hon. Stuart Minkowitz, A.J.S.C., for a hearing on whether Defendant should be found to be a vexatious litigant, pursuant to _Rosenblum v Borough of Closter_, 333 N.J. Super 385, 395-397 (App. Div. 2000).

DENYING HIS OWN COMPAINT SAYS I'M VEXATOUS REFERRED, WAS NOT "SUA SPONTE"

37

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

**Civil Action No.: 2:26-cv-03662-CCC-CF**

**The Honorable Claire C. Cecchi, U.S.D.J.**
**The Honorable Christopher F. Falk, U.S.M.J.**  SPECIFIC TO PAGES 35-43

# BLOCK 1: THE ADMINISTRATIVE SMOKING GUN — AUTHORIZED USURPATION OF AUTHORITY

## I. PRELIMINARY STATEMENT: THE TOTAL ABDICATION OF ADMINISTRATIVE OVERSIGHT

This Block presents the definitive forensic evidence of Defendant STUART MINKOWITZ's deliberate abandonment of his constitutionally mandated supervisory duties. Documented herein is a "Form C" Proposed Order containing a handwritten adjudication by Judge Martin F. Barbato, filed on December 5, 2025. This document serves as the "Coup de Grace" of administrative malfeasance: it proves that Defendant Minkowitz permitted the very subject of a formal conduct complaint—filed by the Plaintiff on October 20, 2025—to adjudicate and dismiss the charges against himself.

By allowing a subordinate judge to act as the "Judge of his own Cause," Defendant Minkowitz did not merely commit a procedural oversight; he sanctioned a "Retaliatory Autocracy" within the Morris County Vicinage. This Block exposes the specific mechanism by which the administrative hierarchy was collapsed to shield a judge from accountability, thereby stripping the Plaintiff of his 14th Amendment right to a neutral and detached tribunal. This is the smoking gun that proves the constitutional injuries sustained were the result of an authorized administrative policy of collusion.

## II. STATEMENT OF FACTS: THE HANDWRITTEN PROOF OF ADMINISTRATIVE COLLUSION

1. **The Filing of the Formal Complaint:** On October 20, 2025, the Plaintiff filed a formal Complaint against Judge Barbato. This was not a mere motion for recusal; it was a direct challenge to the judge's conduct and integrity, addressed to the administrative authority of the Vicinage.

2. **The Hijacking of the Administrative Process:** Under the Principle of Administrative Hierarchy, a complaint against a judge's conduct is a ministerial and administrative matter that must be handled by the Assignment Judge. However, Defendant Minkowitz permitted this administrative file to be intercepted and placed on the desk of the very man being accused.

3. **The Handwritten Self-Exoneration:** As evidenced by the attached **REFERAL DENIED COMPLAIT.pdf,** filed on December 5, 2025, Judge Barbato personally penned the denial on the "Form C" Proposed Order. In a display of absolute jurisdictional usurpation, the accused judge acted as the arbiter of his own fitness, summarily dismissing the formal Complaint filed against him.

4. **Minkowitz's Ministerial Failure to Vacate:** This "Self-Adjudication" was processed through the ADS/JED system and finalized in the public record under the ultimate authority of Defendant Minkowitz. As the "Chief Judicial Administrator," Minkowitz had immediate notice of this

35-43

usurpation. His failure to vacate this fraudulent order and reassign the matter constitutes an affirmative administrative act of ratification.

5. **The Labeling of the Litigant as "Vexatious":** The handwritten notes on this document attempt to frame the Plaintiff's pursuit of constitutional redress as "vexatious." By allowing a judge to use the power of the state to officially label a citizen "vexatious" for the act of filing a complaint against him, Defendant Minkowitz authorized a framework of pure, unadulterated retaliation.

6. **The Forensic Breakdown of Authorized Malfeasance:** This document proves that the subordinate judge was not acting in a vacuum. He was acting under the "Administrative Umbrella" of Defendant Minkowitz, who provided the "color of law" necessary to execute this self-serving adjudication and bypass the administrative safeguards of the New Jersey Judiciary.

## III. LEGAL ARGUMENT: THE FORFEITURE OF IMMUNITY AND THE LOSS OF JURISDICTION

The foundational maxim of Western law is *Nemo iudex in causa sua*—no man shall be a judge in his own cause. The United States Supreme Court has elevated this principle to a Constitutional mandate under the 14th Amendment. In *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980), the Court held that the neutrality requirement is a "personal right" of the litigant that cannot be compromised by administrative convenience or collusion.

Defendant Minkowitz's liability is **Administrative and Ministerial**. Under **N.J. Court Rule 1:33-2**, the Assignment Judge is the plenary authority for the "functions and efficient operation of the courts." He is the only individual with the power to "transfer actions" and oversee the integrity of the vicinage. By allowing Barbato to adjudicate a formal Complaint filed against him, Minkowitz established an official policy of "Non-Interference with Judicial Malfeasance."

This act constitutes a **Structural Error**—a defect affecting the entire framework within which the trial proceeds. *Arizona v. Fulminante*, 499 U.S. 279 (1991). Because the tribunal was rendered "incompetent" by this conflict, the December 5th Order was issued in the **clear absence of all jurisdiction**. Under *Stump v. Sparkman*, 435 U.S. 349 (1978), and *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), Defendant Minkowitz is personally and professionally liable for the administrative customs that allowed this unconstitutional "shield of self-protection" to exist.

## IV. TABLE OF AUTHORITIES FOR BLOCK 1

- **N.J. Court Rule 1:33-2:** Designating the Assignment Judge as the "Chief Judicial Administrator" with exclusive authority over the vicinage and judicial conduct.

- **N.J. Court Rule 1:12-2:** Mandatory disqualification where there is any reason which might preclude a fair and unbiased hearing.

- **Marshall v. Jerrico, Inc., 446 U.S. 238 (1980):** Due Process guarantees a "neutral and detached judge" as a constitutional minimum.

- **In re Murchison, 349 U.S. 133 (1955):** "A fair trial in a fair tribunal is a basic requirement of due process."

- **Tumey v. Ohio, 273 U.S. 510 (1927):** Prohibiting a judge from adjudicating a matter where they have a direct personal interest in the outcome.

- **Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978):** Establishing liability for administrators whose policies or "customs" lead to constitutional deprivations.

- **Stump v. Sparkman, 435 U.S. 349 (1978):** Immunity is lost when a state actor operates in the "clear absence of all jurisdiction."

35-43

## V. CONCLUSION: THE DEATH OF JUDICIAL INTEGRITY

Block 1 provides the "Smoking Gun" evidence that the Morris County Vicinage has devolved into a retaliatory sanctuary. The handwritten note on the Form C, filed December 5, 2025, is the forensic evidence of a system that has replaced constitutional oversight with administrative collusion. Defendant STUART MINKOWITZ sat at the helm while a subordinate judge used the state's seal to protect himself and punish the Plaintiff for a Complaint filed on October 20, 2025. This document proves that the constitutional injuries sustained were the direct result of Minkowitz's administrative failure to act. The Order is **VOID**, the process was **FRAUDULENT**, and the Defendant must be held to account for this total breakdown of the Rule of Law.

**Dated:** April 12, 2026

**Respectfully submitted,**

**ALBERT SEDGES, Plaintiff Pro Se**
**201 South Rogers Rd.**
**Hot Springs, AR 71901**
**BLDG I APT. 130**
**Phone: 862-683-6327**

35-43



**FILED**

**PREPARED BY THE COURT:**

DEC 01 2025

Hon. Stuart A. Minkowitz, A.J.S.C.

IN THE MATTER OF THE
APPLICATION FOR
AN INJUNCTION AGAINST
ALBERT N. SEDGES,
PREVENTING HIM FROM
FILING PAPERS WITH THE
COURT WITHOUT
PERMISSION OF THE
ASSIGNMENT JUDGE.

: SUPERIOR COURT OF NEW JERSEY
: CHANCERY DIVISION
: FAMILY PART MORRIS COUNTY
:
:
:    Docket No. FM-14-773-25
:
:    Civil Action
:
:    ORDER TO SHOW CAUSE
:
:

THIS MATTER, having been opened by the court sua sponte, after a review of the one hundred and thirteen (113) voluminous motions/certifications [see attached list] filed between October 1, 2025 and October 27, 2025 by Albert N Sedges, self-represented, in the Chancery Division, Family Part, Morris County, in a matrimonial action under docket number FM-14-773-25; along with an additional one hundred and twenty (120) voluminous motions/certifications from October 27, 2025 to present; and the Court having found these motions/certifications to have no legal or factual merit; and the Court having considered the impact of these filings and of potential future frivolous filings on judiciary resources; and for good cause shown; therefore,

IT IS, on this 1st day of December, 2025;

ORDERED that Albert N. Sedges shall appear before this Court in person on January 12, 2026, at 1:30 p.m., in the Historic Courtroom, Room C200, Morris

**38**



Ex B

County Courthouse, Morristown, New Jersey (or by way of a contemporaneous

virtual proceeding via teleconference if ordered by the court in advance of the

hearing), to show cause why an order should not be entered requiring any future

complaints, motions, applications, certifications or correspondence filed by Albert

N. Sedges be reviewed by the Assignment Judge of the vicinage in which the

matter is pending, as soon as practicable after being filed, but before service is

effectuated on any party, with the Assignment Judge having the responsibility, for

good cause, to sua sponte dismiss any patently frivolous or non-meritorious

BARBATU REFERRN

motions, applications, or notices; and it is further

**ORDERED,** that Albert N. Sedges may file any opposition to this application

by no later than January 2, 2026; and it is further

**ORDERED,** that the compilation of cases attached hereto, and all of Albert

N. Sedges' notices of motion and supporting documentation associated with Albert

N. Sedges in the Chancery Division, Family Part of the Superior Court of New

Jersey, Morris County, shall be admitted into evidence pursuant to N.J.R.E. 1006,

absent written objection setting forth the basis for the same.

_____
HON. STUART A MINKOWITZ, A.J.S.C.

39

Case 2:25-cv-17364-ES-JBC    Document 11    Filed 02/04/26    Page 2 of 5 PageID: 130

Ex-B

**PREPARED BY THE COURT**

| | |
|---|---|
| **IN THE MATTER OF ALBERT N. SEDGES.** | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION – FAMILY PART, MORRIS COUNTY<br><br>**FILED**<br><br>FEB 04 2026<br><br>Hon. Stuart A. Minkowitz, A.J.S.C.<br>Superior Court of New Jersey<br>Judge's Chambers |
| **CAROL A. SEDGES,**<br>          *Plaintiff,*<br><br>v.<br><br>**ALBERT N. SEDGES,**<br>          *Defendant.* | DOCKET NO: FM-14-773-25<br><br>Civil Action<br><br>**ORDER DISMISSING SUBMISSION(S)/FILING(S)/ MOTION(S) AS FRIVOLOUS** |

**WHEREAS,** on February 2, 2026, the Court, after hearing, determined that Albert N. Sedges engaged in pattern of harassing and vexatious litigation amounting to an abuse of process, and entered an order, pursuant to Rosenblum v. Borough of Closter, 333 N.J. Super. 385 (App. Div. 2000), requiring "all submissions hereinafter filed by [Mr. Sedges] [ ] to be reviewed by the Assignment Judge of the Superior Court of the vicinage in which they are filed, as soon as practicable after being filed, but before a summons is issued and/or service is effectuated on any party, with the Assignment Judge of the Superior Court of the vicinage in which it is filed, having

40

**Ex B**

the responsibility, for good cause, to <u>sua</u> <u>sponte</u> dismiss any patently frivolous filing;" and

**WHEREAS,** on February 4, 2026, Mr. Sedges uploaded a filing/submission in the New Jersey Courts Judiciary Electronic Document System ("JEDS"), under the within Family Part docket number (eCourts Trans ID: **FAM2026173003**), what appears to a Summons and Complaint with a request for an emergent stay against the trial judge in his matter, purportedly filed in the United States District Court for the District of New Jersey; and

**WHEREAS,** although Mr. Sedges is a pro se litigant, he is nevertheless required to abide by the Rules Governing the Courts. See <u>Rubin v. Rubin</u>, 188 N.J. Super. 155, 159 (App. Div. 1982); and

**WHEREAS,** Mr. Sedges has been advised and warned by court staff and his trial judge on several occasions to file in accordance with the requirements of the Rules Governing the Courts; and

**WHEREAS,** Mr. Sedges' filing/submission fails to abide by any of the requirements of Rules Governing the Courts, and particularly, Rules 1:5-6(b); 1:6-2; 1:6-4; 1:6-5; and/or 5:5-4; and

**WHEREAS,** Mr. Sedges' filing/submission, to the extent it can be understood, appears to seek relief from the federal courts against his trial judge and

**41**

**Ex B**

not the parties to the instant litigation, and thus, irrelevant to the instant litigation; and

**WHEREAS**, Mr. Sedges' filing/submission, in substance, is entirely incomprehensible, and appears to have been filed/submitted solely to influence and/or intimidate the trial judge and/or the plaintiff; and

**WHEREAS**, the Court finds that Mr. Sedges' filing/submission under eCourts Trans ID: **FAM2026173003** is patently frivolous, and upon good cause having been shown; therefore,

**IT IS**, on this 4th day of February, 2026;

**ORDERED**, as follows:

1. Albert N. Sedges' filing/submission of February 4, 2026, under eCourts Trans ID: **FAM2026173003**, be and hereby is dismissed as frivolous, and shall not be served on any party.

2. This order, and any subsequent order of dismissal due to frivolity, if any, unless otherwise indicated, shall not preclude an application for, or a finding of Contempt of Court/Enforcement of Litigant's Rights, under Court Rule 1:10, or to the extent applicable, the consideration or issuance

**42**



of sanctions in accordance with Court Rules 1:2-4;1:4-8; 5:7-2(b); and/or 5:7-5.

/s/ Stuart A. Minkowitz

_____

HON. STUART A. MINKOWITZ, A.J.S.C.

The Court has served a copy of this Order on all parties via email and regular mail.

43

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**ALBERT SEDGES,** Plaintiff,

v.

**STUART MINKOWITZ,** Defendant.

Civil Action No.: 2:26-cv-03662-CCC-CF

The Honorable Claire C. Cecchi, U.S.D.J.
The Honorable Christopher F. Falk, U.S.M.J.

# SECOND AMENDMENT TO PLAINTIFF'S SUBMISSION AND ARGUMENT

# BLOCK 2: THE ABDICATION OF OVERSIGHT AND THE FACILITATION OF JUDICIAL USURPATION

## I. PRELIMINARY STATEMENT

This Block identifies the core of Defendant STUART MINKOWITZ's liability under 42 U.S.C. § 1983. As Assignment Judge, Defendant Minkowitz has a mandatory, non-delegable duty to maintain the integrity of the Morris County Vicinage and to ensure that no judge under his supervision "judges his own cause."

Plaintiff alleges that Defendant Minkowitz knowingly and with deliberate indifference permitted Judge Martin F. Barbato to intercept, adjudicate, and dismiss formal misconduct complaints filed against himself. By abdicating his administrative gatekeeping role, Defendant Minkowitz allowed a subordinate to act in the clear absence of all jurisdiction to protect himself from scrutiny. This is a profound administrative failure—a "hands-off" approach to corruption—that has stripped the Plaintiff of his fundamental right to a neutral and detached tribunal. **(See attached Exhibit E).**

## II. STATEMENT OF FACTS: ADJUDICATING IN HIS OWN CAUSE

1. **Mandatory Administrative Duty:** Pursuant to N.J. Court Rule 1:33-2, Defendant Minkowitz is the chief judicial administrator of the vicinage. He is the sole authority responsible for the oversight of judicial conduct complaints.

2. **The Interception of Grievances:** Plaintiff filed formal misconduct complaints against Judge Martin F. Barbato, directed to the Office of the Assignment Judge. Rather than adjudicating these as required, Defendant Minkowitz allowed these grievances to be diverted back to the very subject of the complaint: Judge Barbato.

3. **The "Self-Adjudication" Receipts:** As documented with forensic specificity in **Exhibit E (Form C - Proposed Order)**, Judge Barbato utilized his own digital Trans ID (FAM20251916088) to sign orders dismissing complaints and motions for recusal filed against himself. **(See attached Exhibit E).**

4. **Minkowitz's Knowledge and Inaction:** Defendant Minkowitz was fully aware that Judge Barbato was adjudicating his own cause. By failing to intervene, Minkowitz effectively sanctioned

**44**

a "Self-Protecting Judiciary" where the rules of the Supreme Court of New Jersey were rendered a nullity.

5. **Forensic Proof of Usurpation**: Plaintiff's Form C proposed orders show that Judge Barbato was acting in a dual capacity as both the "Target of the Complaint" and the "Adjudicator of the Complaint." Defendant Minkowitz provided the administrative cover—the "color of law"—necessary for this usurpation to occur. **(See attached Exhibit E).**

## III. LEGAL ARGUMENT: ADMINISTRATIVE MALFEASANCE AND THE STRUCTURAL ERROR

The United States Supreme Court has established that "a fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133 (1955). The most fundamental breach of this right occurs when a judge is permitted to sit in judgment of himself.

Defendant Minkowitz's liability is rooted in **Administrative Malfeasance.** When an Assignment Judge facilitates a system where a subordinate judge adjudicates his own misconduct complaints, the error is "Structural." This defect affects the very framework of the judicial process. Because Minkowitz failed to exercise his non-delegable duty to reassign or oversee these complaints, he has established a policy or custom of deliberate indifference to the Plaintiff's constitutional rights, actionable under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

Judicial immunity does not apply here because the acts complained of are **administrative**, not judicial, and occurred in the clear absence of all jurisdiction. No judge has the jurisdiction to judge himself. **(See attached Exhibit E).**

## IV. CONCLUSION: THE COLLAPSE OF ADMINISTRATIVE INTEGRITY

The facts in Block 2 reveal a vicinage where the administrative gatekeeper, Defendant Minkowitz, has abandoned his post. By allowing Judge Barbato to intercept and destroy grievances filed against him, Minkowitz has created a constitutional vacuum. This is an unprecedented collapse of integrity where the "Chief Administrator" has handed the keys of the court to a judge to use for his own self-protection. This Court must hold Defendant Minkowitz accountable for this absolute abdication of his office and vacate all orders resulting from this unsupervised usurpation. **(See attached Exhibit E).**

## TABLE OF AUTHORITIES

### Federal Cases

- *Tumey v. Ohio*, 273 U.S. 510 (1927)
- *In re Murchison*, 349 U.S. 133 (1955)
- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)
- *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)
- *Ward v. Village of Monroeville*, 409 U.S. 57 (1972)

### State Rules and Statutes

- *N.J. Court Rule 1:12-2*
- *N.J. Court Rule 1:33-2*
- *New Jersey Code of Judicial Conduct, Canon 2*

**Dated:** April 11, 2026

45

Respectfully submitted,

ALBERT SEDGES, Plaintiff Pro Se

46

EX-E

CONFIDENTIAL  FM-14-000773-25  11/28/2025 10:54:47 AM  Pg 5 of 15  Trans ID: FAM20251916088

**FILED**

**Form C – Proposed Order**

FEB 03 2026

**Filing Attorney Information or Pro Se Litigant:**
Name  ALBERT SEDGES

Martln F. Barbato, J.S.C.

NJ Attorney ID Number  N/A
Address  201 SOUTH RODGERS RD. HOT SPRINGS AR.
~~71901 BLDG I APT. 130~~

Daytime Phone  8626836327 ___ ext. N/A ___ Cell Phone _____
Email Address  SEDGES1@YAHOO.COM
Your Name  ALBERT SEDGES
(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES
Plaintiff, (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County  Morris

v.

Docket Number  FM-14-000773-25

ALBERT SEDGES
Defendant (Name as it appears in original caption)

**Civil Action**
**Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ *November 28, 2025* _____, on a Notice of Motion to:

☐ Continuation/Termination of Child Support
☐ Increase/Decrease Child Support payments
☐ Increase/Decrease Alimony payments
☐ Change Custody arrangements
☐ Change Visitation arrangements

☐ Motion for Reconsideration
☐ Enforce Litigants' Rights
☐ Emancipate a Child
☐ Reimburse Medical Expenses
☐ Change of Venue

■ Other (specify):  obstruction and violation of process OF ORIGINAL COMPLAINT

filed by ☐ plaintiff / ■ defendant and _____
(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this *February 3, 2026*  ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)
   a. _____
   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

44

CONFIDENTIAL FM-14-000773-25   11/28/2025 10:54:47 AM   Pg 6 of 15   Trans ID: FAM20251916088

## EX-E

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*Defendant failed to state a claim upon which relief could be granted. Denied.*

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__ , required by this order and reissue, if necessary, any income withholding orders.

*Martin J. Barbato*

MARTIN F. BARBATO   , J.S.C.

*DEFENANT LET HIS SUBORDINATE HOLD THIS COMPLAINT FOR 67 DAYS AND ALOW WED HIM TO ADJUDICATE THIS OWN COMPLAINT WHILE UNDER A FEDERAL SUMMONS 25-CV-17354 AND INTERCEPT*

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's Procedural Due Process and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his Right to Appellate Review. See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

48

**EX-E**

## Form C - Proposed Order

**FILED**

**FEB 03 2026**

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD. HOT SPRINGS AR.
71901 BLDG I APT. 130

Daytime Phone  8626836327    ext. N/A    Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action
Order**
(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _November 28, 2025_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): obstruction and violation of process of MOTION TO COMPEL DISCOVERY

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

**49**

EX-E

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*Defendant's request for relief was previously addressed in the Court's Orders of November 24, 2025, and December 3, 2025*

_____

_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS-__N/A__, required by this order and reissue, if necessary, any income withholding orders.

_Martin L Barbato_

MARTIN F. BARBATO    , J.S.C.

DEFENANT LET HIS SUBORDINATE HOLD THIS COMPLAINT FOR 67 DAYS AND ALOWWED HIM TO ADJUDICATE HIS OWN COMPLAINT WHILE UNDER A FEDERAL SUMMONS 25-CV-17354

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's Procedural Due Process and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his Right to Appellate Review. See also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

50



CONFIDENTIAL FM-14-000773-25  01/29/2026 01:49:01 PM  Pg 8 of 300  Trans ID: FAM2026144230

**FILED**

**FEB 27 2026**

**Form C - Proposed Order**

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address  201 SOUTH RODGERS RD.HOT SPRINGS AR.
71901 BLDG 1 APT 130

Daytime Phone  8626836327      ext. N/A      Cell Phone

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey
Chancery Division-Family Part
County    Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _January 29, 2026_ , on a Notice of Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): COMPLAINT AGAINST JUDGE BARBATO  COMPLAINT

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _February 27, 2026_ ORDERED THAT:

1.  The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

    a.  _____

    b.  _____

51

CONFIDENTIAL FM-14-000773-25  01/29/2026 01:49:01 PM  Pg 9 of 300  Trans ID: FAM2026144230

EX-E

c. _____
d. _____
(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).
*Denied. Relief requested was denied several times before this motion, which was filed in duplicate on 1/29/26.*

_____
_____
_____
_____

2. The __Morris__ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- __N/A__, required by this order and reissue, if necessary, any income withholding orders.

DEFENDANT ALLOWED
ADJUDICATING
INTERCEPTING HIS OWN COMPLAIN WHILE
UNDER A FEDERAL SUMMONS 25 CV-17354

_Martin F. Barbato_
Martin F. Barbato , J.S.C.

## PLAINTIFF'S NOTICE OF FACTUAL CONTRADICTION AND STANDING OBJECTION

**TO THE FEDERAL COURT:** The Plaintiff hereby submits this standing objection to the specific findings typed/handwritten by the Defendant (Judge Barbato) on this order. The Court is requested to compare the "reasons" stated herein against the actual existing record of the 22 motions and 7 "boilerplate" denials previously filed in the State matter.

- **RE: "ADDRESSED IN PREVIOUS ORDERS":** This is a material misstatement of the record by the Defendant. This issue has never been substantively adjudicated. There is no Case Management Order (CMO), no Statement of Reasons, and no transcript containing a legal analysis of these specific claims.

- **RE: "DUPLICATE FILING":** This characterization is disingenuous. The Plaintiff was forced to refile due to the State Court's consistent refusal to provide a "Form C" compliant order that would allow for a meaningful appeal.

- **RE: "RETALIATORY INTENT":** This order was issued on 01/29/26, immediately following the Plaintiff's exercise of his First Amendment right to seek Federal relief. It serves no legitimate judicial purpose other than to obstruct the Plaintiff's path to the Appellate Division and to punish the Plaintiff for exposing the State Court's ongoing due process violations.

- **RE: LACK OF CANDOR:** The Defendant's reliance on "Summary Denials" without a factual basis is a direct violation of the duty of candor. The Plaintiff requests that the Federal Court refer to the full record to confirm that the relief requested has remained "un-addressed" for the duration of this litigation.

The Plaintiff maintains that this order is a "Paper Tiger" designed to create a false narrative of vexatious litigation while shielding the Defendant from appellate scrutiny.

52

CONFIDENTIAL FM-14-000773-25   01/05/2026 02:26:55 AM   Pg 5 of 15   Trans ID: FAM20266192



**FILED**

**FEB 03 2026**

Martin F. Barbato, J.S.C.

**Form C - Proposed Order**

Filing Attorney Information or Pro Se Litigant:

Name  ALBERT SEDGES

NJ Attorney ID Number  N/A

Address 201SOUTH RODGERS RD.HOT SPRINGS AR.
71901BLDG I APT 130

Daytime Phone 8626836327 ___ ext. N/A ___ Cell Phone _____

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT SEDGES

(check one) ☐ Plaintiff ■ Defendant

CAROL SEDGES
_____
Plaintiff, (Name as it appears in original caption)

v.

ALBERT SEDGES
_____
Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on ~~Friday,~~ _January 5, 2026_, on a Notice of
Motion to:

☐ Continuation/Termination of Child Support

☐ Increase/Decrease Child Support payments

☐ Increase/Decrease Alimony payments

☐ Change Custody arrangements

☐ Change Visitation arrangements

☐ Motion for Reconsideration

☐ Enforce Litigants' Rights

☐ Emancipate a Child

☐ Reimburse Medical Expenses

☐ Change of Venue

■ Other (specify): COMPLAINT JUDGE BARBATO /VIOLATION OF CMC

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and
considered the certifications and other papers filed herein and having heard the arguments and
considered the arguments of the parties and for good cause shown; It is now
this _February 3, 2026_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See
step 5 on page 10)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483

page 25 of 36

**53**

EX·E

c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

_This motion seeks the same relief addressed in defendant's_
_December 16, 2025, Motion._

2. The **Morris** County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- **N/A**, required by this order and reissue, if necessary, any income withholding orders.

*Martin Barbato*

MARTIN F. BARBATO    , J.S.C.

DEFENANT LET HIS SUBORDINATE HOLD THIS COMPLAINT FOR 29 DAYS AND ALOWWED HIM TO ADJUDICATE HIS OWN COMPLAINT WHILE UNDER A FEDERAL SUMMONS 25-CV-17354-AND INTERCEPT COMPLAINT

## LEGAL NOTICE: MANDATORY FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Rule of Law:** Pursuant to New Jersey Court Rule 1:7-4(a), a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon... on every motion decided by a written order that is appealable as of right."

**Violation:** The attached "Boilerplate Denial" contains no findings of fact or legal reasoning. The failure to provide a statement of reasons is a violation of the Plaintiff's Procedural Due Process and effectively functions as an "Administrative Blockade," stripping the Plaintiff of his Right to Appellate Review. See also *Estate of Doerfler v. Fed. Ins. Co.*, 454 N.J. Super. 298 (App. Div. 2018) (holding that "neither the parties nor the appellate court is well-served by an opinion devoid of analysis or citation to even a single case").

54

CONFIDENTIAL FM-14-000773-25  11/01/2025 12:25:49 PM  Pg 5 of 16  Trans ID: FAM20251785990



**FILED**

DEC 05 2025

**Form C - Proposed Order**

Martin F. Barbato, J.S.C.

**Filing Attorney Information or Pro Se Litigant:**

Name ALBERT N. SEDGES

NJ Attorney ID Number  N/A

Address 201 SOUTH RODGERS RD. HOT SPRINGS AR. 71960 BLDG I APT 130

RECUSAC
COMPLAINT

Daytime Phone 8626836327     ext. N/A     Cell Phone

Email Address SEDGES1@YAHOO .COM

Your Name  ALBERT N. SEDGES

(check one) ☐ Plaintiff  ■ Defendant

CAROL SEDGES

Plaintiff, (Name as it appears in original caption)

v.

ALBERT N. SEDGES

Defendant (Name as it appears in original caption)

Superior Court of New Jersey

Chancery Division-Family Part

County  Morris

Docket Number  FM-14-000773-25

**Civil Action**

**Order**

(See Below)

THIS MATTER being opened to the court on Friday, _November 1, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments ☐ Emancipate a Child

☐ Change Custody arrangements ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements ☐ Change of Venue

■ Other (specify): JUDICIAL RECUSIAL JUDGE BARBATO

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ■ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _December 5, 2025_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

Revised 08/06/2020, CN 10483                                            page 25 of 36

*55*

CONFIDENTIAL FM-14-000773-25  10/20/2025 06:00:48 PM  Pg 6 of 9  Trans ID: FAM20251711251



c. _____

d. _____

(Attach additional sheets of 8.5" x 11" white paper if necessary.)

Additional Relief. (Leave these lines blank for the Judge).

*This is a duplicate of defendant's previous motion of October 20, 2025, which was denied pursuant to the Courts November 25, 2025, Order.*

_____

_____

2. The **Morris** _____ County Probation Division responsible for this matter shall make any adjustments to the account (see Instruction for Form D) CS- **N/A** _____, required by this order and reissue, if necessary, any income withholding orders.

*DENYING HIS RECUSAL* ___Martin F. Barbato___ , J.S.C.

*DUPLICATE of WHAT WHERE IS IT? DEFENDANT LET HIS SUBORDINATE INTERCEPT AND ADJUDICATE HIS OWN COMPLAINT*

To address this, you are dealing with a violation of the **Principle of Administrative Hierarchy** and the **Conflict of Interest** rules. In New Jersey, once a formal complaint or a motion for recusal is filed based on a judge's conduct, that judge loses the neutral "competence" to decide his own fate, especially when the rules designate the Assignment Judge as the arbiter.

I have provided the concise legal statement for your recusal motion below. Following that, I have maintained the entire main document in one block, without truncating, editing, summarizing, or paraphrasing.

## LEGAL NOTICE: JUDICIAL USURPATION OF ADMINISTRATIVE AUTHORITY

**Rule of Law:** Under **New Jersey Court Rule 1:12-2**, while a judge may initially hear a motion for recusal, a judge cannot "judge his own cause" or adjudicate a formal conduct complaint filed against him. Furthermore, **N.J. Court Rule 1:33-2** designates the **Assignment Judge** as the chief judicial administrator of the vicinage with the exclusive authority to oversee judicial conduct complaints and the "transfer of actions."

**Violation:** Defendant Barbato acted in the **clear absence of all jurisdiction** by denying his own recusal motion and summarily dismissing a formal complaint filed against him with the Assignment Judge. By adjudicating his own complaint, the Defendant usurped the authority of **Assignment Judge Minkowitz**, creating a "shield of self-protection" that violates the **14th Amendment Due Process** guarantee of an impartial tribunal and the **New Jersey Code of Judicial Conduct (Canon 2)**.

56

CONFIDENTIAL FM-14-000773-25  10/20/2025 06:00:48 PM  Pg 5 of 9  Trans ID: FAM20251711251

**FILED**

DEC 05 2025

**Form C - Proposed Order**

Martin F. Barbato, J.S.(

**Filing Attorney Information or Pro Se Litigant:**

Name  ALBERT N. SEDGES

NJ Attorney ID Number  N/A

Address  69 MOUNTAINVIEW AVE MOUNT ARLINGTON NEW JERSEY 07856

Daytime Phone  8626836327     ext. N/A     Cell Phone 0000000000

Email Address  SEDGES1@YAHOO.COM

Your Name  ALBERT N. SEDGES

(check one) ☐ Plaintiff  ■ Defendant

| | |
|---|---|
| CAROL ANN SEDGES | Superior Court of New Jersey |
| Plaintiff, (Name as it appears in original caption) | Chancery Division-Family Part |
| | County  Morris |
| v. | Docket Number  FM-14-000773-25 |
| | **Civil Action** |
| ALBERT N. SEDGES | **Order** |
| Defendant (Name as it appears in original caption) | (See Below) |

THIS MATTER being opened to the court on Friday, _October 20, 2025_, on a Notice of Motion to:

☐ Continuation/Termination of Child Support      ☐ Motion for Reconsideration

☐ Increase/Decrease Child Support payments      ☐ Enforce Litigants' Rights

☐ Increase/Decrease Alimony payments      ☐ Emancipate a Child

☐ Change Custody arrangements      ☐ Reimburse Medical Expenses

☐ Change Visitation arrangements      ☐ Change of Venue

■    Other (specify):  Formal Administrative Complaint and Request for Immediate Judic

filed by ☐ plaintiff / ■ defendant and _____

(leave blank, Judge will enter name of other party or their lawyer)

appearing on behalf of the (check one) ☐ plaintiff / ☐ defendant; and the court having read and considered the certifications and other papers filed herein and having heard the arguments and considered the arguments of the parties and for good cause shown; It is now this _December 2, 2025_ ORDERED THAT:

1. The ☐ plaintiff / ■ defendant is hereby ☐ granted / ☒ denied the following relief(s): (See step 5 on page 10)

   a. _____

   b. _____

57