# UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

## ALBERT SEDGES, Plaintiff, v. STUART MINKOWITZ, Defendant.

### Case No.: 26-cv-03662-CCC-CF

## EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**I. PRELIMINARY STATEMENT** This is an emergency application to enjoin Assignment Judge Stuart Minkowitz from continuing his campaign of judicial retaliation against the Plaintiff. The Defendant has issued an *ex parte* Order (dated February 4, 2026) that explicitly threatens the Plaintiff with contempt and incarceration for the act of petitioning this Federal Court. By labeling the Plaintiff's federal filings as "frivolous" and threatening a warrant for his arrest should he continue to seek federal redress, the Defendant is not managing a state docket—he is actively obstructing federal justice.

## II. STATEMENT OF FACTS: THE THREAT OF UNCONSTITUTIONAL RETALIATION

1. On February 4, 2026, Defendant Minkowitz issued an Order under the guise of an Order to Show Cause, wherein he stated that any future filing by the Plaintiff, if deemed "frivolous," would result in an application for "Contempt of Court/Enforcement of Litigant's Rights" and the potential issuance of a warrant for arrest and incarceration.

2. The Defendant explicitly acknowledged in this Order that he intercepted a "Summons and Complaint with a request for an emergent stay" intended for this Federal Court.

3. By unilaterally intercepting documents intended for this Court and threatening the Plaintiff with jail time for submitting them, the Defendant is creating a "chilling effect" that effectively prevents the Plaintiff from accessing the federal judiciary.

## III. STATEMENT OF ARGUMENT: THE FEDERAL NECESSITY OF THE RESTRAINING ORDER

1. **Irreparable Harm**: The threat of state-sanctioned incarceration for exercising First Amendment rights constitutes irreparable harm per se. The Plaintiff cannot meaningfully participate in his own federal litigation if he is under a credible threat of arrest from the very state official currently being sued in this forum.

2. **Likelihood of Success on the Merits**: The Defendant's actions constitute a clear violation of the First Amendment right to petition for redress and the Supremacy Clause. A state judge has no jurisdiction to hold a litigant in contempt for filing federal actions against judicial officers.

3. **Balance of Equities**: The balance tips sharply in favor of the Plaintiff. The Defendant suffers no prejudice if he is enjoined from retaliating against the Plaintiff for federal filings; the Plaintiff, conversely, faces the deprivation of his liberty.

4. **Public Interest**: It is overwhelmingly in the public interest to ensure that judicial officers do not use the threat of criminal sanctions to insulate themselves from federal civil rights litigation.

## IV. PIERCING THE IMMUNITY SHIELD

1. Judicial immunity is not absolute. Under *Stump v. Sparkman*, 435 U.S. 349 (1978), a judge is not immune from liability for actions taken in the clear absence of all jurisdiction. By intercepting federal filings and threatening the Plaintiff for exercising his right to petition this Court, the Defendant has stepped entirely outside his judicial role.

2. The Defendant's actions constitute bad faith and a malicious attempt to shield himself and co-defendants from federal scrutiny. Such conduct is a direct violation of due process and precludes the Defendant from claiming judicial immunity in the face of these unconstitutional retaliatory acts.

## V. TABLE OF AUTHORITIES

- **42 U.S.C. § 1983**: Liability for the deprivation of constitutional rights under color of state law.

- **First Amendment (U.S. Const.)**: Right to petition the government for redress of grievances; protection against retaliation.

- **Supremacy Clause (U.S. Const. Art. VI, cl. 2)**: Prohibits state judicial interference with federal litigation.

- *In re Murchison*, 349 U.S. 133 (1955): Due process mandates that no judge shall be an adversary to the litigant appearing before him.

- *Stump v. Sparkman*, 435 U.S. 349 (1978): Immunity is void where the judge acts in clear absence of all jurisdiction or where the act is not a legitimate judicial function.

**VI. PRAYER FOR RELIEF** WHEREFORE, Plaintiff respectfully requests that this Court issue an Emergency Temporary Restraining Order enjoining Defendant Stuart Minkowitz, the Morris County Sheriff's Office, and any other law enforcement agents acting under their direction, from:

1. Threatening, arresting, or incarcerating the Plaintiff for any filings submitted to this Federal Court;

2. Executing, serving, or facilitating any warrant of arrest based on the Defendant's February 4, 2026, "vexatious litigant" Order;

3. Intercepting or suppressing any future pleadings intended for this Court; and

4. Engaging in any further *ex parte* retaliatory administrative actions against the Plaintiff while the federal action is pending.

**Dated:** June 2, 2026

**Respectfully Submitted,**

**Albert Sedges** Plaintiff, *Pro Se*

PREPARED BY THE COURT

| | |
|---|---|
| IN THE MATTER OF ALBERT N. SEDGES. | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION – FAMILY PART, MORRIS COUNTY **FILED** FEB 0 4 2026 Hon. Stuart A. Minkowitz, A.J.S.C. Superior Court of New Jersey Judge's Chambers |
| CAROL A. SEDGES, *Plaintiff,* v. ALBERT N. SEDGES, *Defendant.* | DOCKET NO: FM-14-773-25 Civil Action **ORDER DISMISSING SUBMISSION(S)/FILING(S)/ MOTION(S) AS FRIVOLOUS** |

**WHEREAS,** on February 2, 2026, the Court, after hearing, determined that Albert N. Sedges engaged in pattern of harassing and vexatious litigation amounting to an abuse of process, and entered an order, pursuant to <u>Rosenblum v. Borough of Closter</u>, 333 N.J. Super. 385 (App. Div. 2000), requiring "all submissions hereinafter filed by [Mr. Sedges] [ ] to be reviewed by the Assignment Judge of the Superior Court of the vicinage in which they are filed, as soon as practicable after being filed, but before a summons is issued and/or service is effectuated on any party, with the Assignment Judge of the Superior Court of the vicinage in which it is filed, having

1

the responsibility, for good cause, to <u>sua</u> <u>sponte</u> dismiss any patently frivolous filing;" and

**WHEREAS,** on February 4, 2026, Mr. Sedges uploaded a filing/submission in the New Jersey Courts Judiciary Electronic Document System ("JEDS"), under the within Family Part docket number (eCourts Trans ID: **FAM2026173003**), what appears to a Summons and Complaint with a request for an emergent stay against the trial judge in his matter, purportedly filed in the United States District Court for the District of New Jersey; and

**WHEREAS,** although Mr. Sedges *is a pro se litigant,* he *is* nevertheless required to abide by the Rules Governing the Courts. See <u>Rubin v. Rubin</u>, 188 N.J. Super. 155, 159 (App. Div. 1982); and

**WHEREAS,** Mr. Sedges has been advised and warned by court staff and his trial judge on several occasions to file in accordance with the requirements of the Rules Governing the Courts; and

**WHEREAS,** Mr. Sedges' filing/submission fails to abide by any of the requirements of Rules Governing the Courts, and particularly, Rules 1:5-6(b); 1:6-2; 1:6-4; 1:6-5; and/or 5:5-4; and

**WHEREAS,** Mr. Sedges' filing/submission, to the extent it can be understood, appears to seek relief from the federal courts against his trial judge and

2

not the parties to the instant litigation, and thus, irrelevant to the instant litigation; and

**WHEREAS**, Mr. Sedges' filing/submission, in substance, is entirely incomprehensible, and appears to have been filed/submitted solely to influence and/or intimidate the trial judge and/or the plaintiff; and

**WHEREAS**, the Court finds that Mr. Sedges' filing/submission under eCourts Trans ID: **FAM2026173003** is patently frivolous, and upon good cause having been shown; therefore,

**IT IS**, on this 4th day of February, 2026;

**ORDERED**, as follows:

1. Albert N. Sedges' filing/submission of February 4, 2026, under eCourts Trans ID: **FAM2026173003**, be and hereby is dismissed as frivolous, and shall not be served on any party.

2. This order, and any subsequent order of dismissal due to frivolity, if any, unless otherwise indicated, shall not preclude an application for, or a finding of Contempt of Court/Enforcement of Litigant's Rights, under Court Rule 1:10, or to the extent applicable, the consideration or issuance

**3**

of sanctions in accordance with Court Rules 1:2-4;1:4-8; 5:7-2(b); and/or 5:7-5.


/s/ Stuart A. Minkowitz

_____

HON. STUART A. MINKOWITZ, A.J.S.C.


The Court has served a copy of this Order on all parties via email and regular mail.

4