UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

ALBERT SEDGES,                    )      HON. CLAIRE C. CECCHI, U.S.D.J.

       Plaintiffs,     )
                              Civil Action No. 26-03662
   v.                             )

JUDGE MINKOWITZ,                  )

       Defendants.     )

_____

BRIEF IN SUPPORT OF JUDGE MINKOWITZ'S MOTION TO DISMISS

_____

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625

KENNETH R. SCHUSTER, JR.
Deputy Attorney General
On the Brief

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT..........................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY......................2

STANDARD OF REVIEW............................................6

    A. Rule 12(b)(1) Standard...................................6

    B. Rule 12(b)(6) Standard...................................7

ARGUMENT......................................................8

       POINT I

            PLAINTIFF'S CLAIMS AGAINST JUDGE MINKOWITZ ARE
            BARRED BY ELEVENTH AMENDMENT SOVEREIGN IMMUNITY AND
            BECAUSE THE JUDGE IS NOT A "PERSON" SUBJECT TO
            LIABILITY UNDER 42 U.S.C. § 1983......................8

                A. Judge Minkowitz Is an Arm of the State
                   Entitled to Eleventh Amendment Sovereign
                   Immunity ......................................9

                B. Judge Minkowitz is Not a "Person" Amenable
                   to Suit Under 42 U.S.C. § 1983 ...............11

       POINT II

            IN ADDITION TO SOVEREIGN IMMUNITY, PLAINTIFF'S
            CLAIMS AGAINST JUDGE MINKOWITZ, INCLUDING HIS
            CLAIMS SEEKING DECLARATORY OR INJUNCTIVE RELIEF,
            ARE BARRED BY ABSOLUTE JUDICIAL IMMUNITY.............13

       POINT II

            PLAINTIFF HAS FAILED TO STATE COGNIZABLE CLAIMS
            UNDER THE FOURTEENTH AMENDMENT FOR VIOLATION OF
            PROCEDURAL DUE PROCESS CLAUSE AS WELL AS UNDER THE
            FIRST AMENDMENT FOR DENIAL OF ACCESS TO THE COURTS
            ......................................................19

                A. Plaintiff Fails to Properly Plead a
                   Fourteenth Amendment Procedural Due Process
                   Claim .........................................19

i

B. Plaintiff Fails to Properly Plead a First
Amendment Denial of Access to Courts Claim ...23

CONCLUSION................................................29

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alabama v. Pugh*,
   438 U.S. 781 (1978) ........................................9

*Albright v. Oliver*,
   510 U.S. 266 (1994) .......................................19

*Alvin v. Suzuki*,
   227 F.3d 107 (3d Cir. 2000) ...............................20

*Antoine v. Byers & Anderson, Inc.*,
   508 U.S. 429 (1993) .......................................14

*Archie v. Hamilton Twp. Mun. Court*,
   No. 19-20975, 2024 U.S. Dist. LEXIS 135662 (D.N.J.
   July 30, 2024) ............................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................7, 8

*Azubuko v. Royal*,
   443 F.3d 302 (3d Cir. 2006) .........................13, 18, 22

*Ball v. Butts*,
   445 F. App'x 457 (3d Cir. 2011) ...........................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................7, 8

*Bernard v. Ignelzi*,
   No. 25-1245, 2025 U.S. App. LEXIS 34072 (3d Cir.
   Dec. 31, 2025) ............................................13

*Bey v. Clementon Elem. Sch. Dist.*,
   No. 10-5609, 2011 U.S. Dist. LEXIS 79473 (D.N.J.
   Jul. 21, 2011) ............................................12

*Bistrian v. Levi*,
   696 F.3d 352 (3d Cir. 2012) ................................8

*Bradley v. Fisher*,
   80 U.S. 335 (1872) ........................................14

*Cabbell v. Sivilli*,
   No. 14-6439, 2016 U.S. Dist. LEXIS 40765 (D.N.J.
   Mar. 29. 2016) ...........................................12

*Carol Ann Sedges v. Albert Sedges*,
   Docket Number FM-14-773-25 ...................................1

*Chadwick v. Court of Common Pleas*,
   244 F. App'x 451 (3d Cir. 2007) ............................18

*Christopher v. Harbury*,
   536 U.S. 403 (2002) ........................................23

*Clawans v. Schakat*,
   140 A.2d 234 (N.J. Super. App. Div. 1958) ..................21

*Dongon v. Banar*,
   363 F. App'x 153 (3d Cir. 2010) ............................10

*Finkelman v. Nat'l Football League*,
   810 F.3d 187 (3d Cir. 2016) .................................7

*Forrester v. White*,
   484 U.S. 219 (1988) ....................................14, 15

*Foster v. Essex Cty. Corr. Facility*,
   No. 23-1613, 2023 U.S. Dist. LEXIS 175162 (D.N.J.
   Sep. 28, 2023) ............................................12

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) .............................7, 8

*Franklin Armory v. Callahan*,
   No. 19-19323, 2021 U.S. Dist. LEXIS 228148 (D.N.J.
   Nov. 29, 2021) ............................................20

*Gallas v. Supreme Court*,
   211 F.3d 760 (3d Cir. 2000) ............................14, 15

*Hunter v. Supreme Court of N.J.*,
   951 F. Supp. 1161 (D.N.J. 1996) ...........................10

*Johnson v. New Jersey*,
   869 F. Supp. 289 (D.N.J. 1994) ............................10

*Lee v. Gallina-Mecca*,
   No. 22-2871, 2023 WL 5814783 (3d Cir. Sept. 8, 2023) ........10

iv

*Brandon E. ex rel. Listenbee v. Reynolds*,
   201 F.3d 194 (3d Cir. 2000) ...............................18

*Luft v. Clerk of the Superior Ct. of New Jersey*,
   No. 3:19-CV-11728-BRM-LHG, 2020 WL 967857 (D.N.J.
   Feb. 28, 2020) ...........................................10

*Magill v. Casel*,
   568 A.2d 1221 (N.J. Super. App. Div. 1990) .................21

*MCI Telecomm. Corp. v. Bell Atl.-Pa.*,
   271 F.3d 491 (3d Cir. 2001), *cert. denied*, 537 U.S.
   941 (2002) ...............................................17

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*,
   298 U.S. 178 (1936) ........................................7

*Midnight Sessions, Ltd. v. Philadelphia*,
   945 F.2d 667 (3d Cir. 1991) ...............................20

*Mireles v. Waco*,
   502 U.S. 9 (1991) .........................13, 14, 15, 16, 18

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
   549 F.2d 884 (3d Cir. 1977) ................................6

*Nemeth v. Office of the Clerk of the N.J. Superior
   Court*,
   837 Fed. Appx. 924 (3d Cir. 2020) .........................17

*Panitch v. Panitch*,
   770 A.3d 1237 (N.J. Super. App. Div. 2001) .................21

*Parish v. Parish*,
   988 A.2d 1180 (N.J. Super. App. Div. 2010) .........27, 28, 29

*Parratt v. Taylor*,
   451 U.S. 527 (1981) .......................................20

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) ......................................9, 10

*Pierson v. Ray*,
   386 U.S. 547 (1967) .......................................15

*Pulliam v. Allen*,
   466 U.S. 522 (1984) .......................................18

v

*Rosenblum v. Borough of Closter,*
   333 N.J. Super. 385 (App. Div. 2000) ........................16

*Rosenblum v. Borough of Closter,*
   755 A.2d 1184 (N.J. Super. App. Div. 2000) 3, 4, 26, 27, 28, 29

*Russell v. Richardson,* 905
   F.3d 239, 247 (3d Cir. 2018) ...............................13

*Sedges v. Barbato et al.,*
   Docket No. 2:25-cv-17354-ES-JBC ...........................2, 4

*Sedges v. Barbato et al.,*
   No. 2:25-cv-17354-ES-JBC ......................................3

*Sedges v. Mahoney,*
   Docket No. 2:26-cv-08974-EP-JBC ..............................3

*Sedges v. Rabner,*
   Docket No. 2:26-cv-08597-CCC-CF .............................3

*Shaikh v. Schron,*
   No. 24-8249, 2025 U.S. Dist. LEXIS 215310 (D.N.J.
   Oct. 30. 2025) .............................................22

*Smolow v. Hafer,*
   353 F. Supp. 2d 561 (E.D. Pa. 2005) .........................7

*Stump v. Sparkman,*
   435 U.S. 349 (1978) .....................................14, 15

*United States v. Hays,*
   515 U.S. 737 (1995) .........................................7

*United States v. Ward,*
   760 F. Supp.2d 480 (D.N.J. 2011) ...........................22

*United Transp. Union v. State Bar of Michigan,*
   401 U.S. 576 (1971) ........................................23

*Vasilopoulos v. Essex Cty. Prosecutors Office,*
   No. 08-5603, 2009 U.S. Dist. LEXIS 82100 (D.N.J.
   Sep. 8, 2009) .............................................12

*Wallace v. Starkist,*
   No. A-3131-18, 2021 N.J. Super. Unpub. LEXIS 224
   (N.J. Super. App. Div. Feb. 10, 2021) ......................28

*Will v. Mich. Dep't of State Police*,
491 U.S. 58 (1989) ........................................9, 11

**Statutes**

42 U.S.C. § 1983....................i, 2, 5, 8, 9, 11, 12, 13, 18

Federal Courts Improvement Act..................................18

N.J. Stat. Ann. § 2A:15-59.1(b)(1)..............................27

**Other Authorities**

FIRST AMENDMENT......................................i, ii, 19, 23

FOURTEENTH AMENDMENT................................i, 5, 6, 19

First, Fourth, Fifth and Fourteenth Amendments..................6

First and Fourteenth Amendments..............................2, 5

Fed. R. Civ. P. 12(b)(1) and 12(b)(6)...........................6

(https://www.njcourts.gov/attorneys/jud-ethics)................25

https://www.njcourts.gov/attorneys/jud-ethics (last
visited Aug. 4, 2026) ......................................24

Judiciary website (www.njcourts.gov)...........................24

N.J. Ct. R. 1:4-8(a)(1)........................................27

N.J. Ct. R. 1:12-1.............................................21

N.J. Ct. R. 1:12-2.............................................21

N.J. Ct. R. 2:15...............................................24

N.J. Ct. R. 2:15-24.......................................22, 25, 27

New Jersey Court Rule 1:33-2...................................16

New Jersey Court Rule 1:33-4...................................16

Rule 12(b)(1).......................................i, 6, 9, 11, 13

Rule 12(b)(6).........................................i, 7, 19

U.S. Const. amend. I...........................................23

U.S. Const. amend. XI.......................................9

U.S. Const. amend. XIV, § 1................................19

U.S. Constitution Eleventh Amendment...............i, 2, 8, 9, 10

**<u>PRELIMINARY STATEMENT</u>**

Pro se plaintiff Albert Sedges is a party to a marriage dissolution action, *Carol Ann Sedges v. Albert Sedges*, Docket Number FM-14-773-25, pending before the Superior Court of New Jersey, Chancery Division, Family Part, Morris County.  The Family Part action is assigned to the Hon. Martin F. Barbato, J.S.C.

Dissatisfied with Judge Barbato's decisions in the Family Part matter, Plaintiff has filed four separate federal lawsuits against Superior Court staff and judges, alleging civil rights violations in each. In the instant suit, Plaintiff asserts that Assignment Judge Stuart Minkowitz engaged in administrative misconduct when the Judge allegedly failed to respond to his request to intervene in the Family Part matter. Plaintiff also contends that Judge Minkowitz violated his constitutional rights by finding that Plaintiff is a vexatious litigant, denying Plaintiff access to the courts, and permitting Judge Barbato to remain assigned to the Family Part matter. Plaintiff seeks $500,000 in compensatory damages, punitive damages, a declaratory judgment that his constitutional rights were violated, and a permanent injunction vacating Judge Minkowitz's finding that he is a vexatious litigant.

While the Court must accept all of Plaintiff's factual allegations as true at this stage, the allegations in the Second

1

Amended Complaint are insufficient to state a viable cause of action under 42 U.S.C. § 1983 against Judge Minkowitz and should otherwise be dismissed for lack of jurisdiction. First, Plaintiff's § 1983 claims against Judge Minkowitz in his official capacity are barred by Eleventh Amendment sovereign immunity and because a state court judge is not a "person" that can be sued under the statute. Second, Plaintiff fails to allege facts in the Amended Complaint to establish that Judge Minkowitz acted outside his judicial capacity or without jurisdiction in the underlying Family Part matter and thus Plaintiff's § 1983 claims are barred by judicial immunity. Judicial immunity applies to Plaintiff's § 1983 claims seeking declaratory and injunctive relief as injunctive relief is not available against a § 1983 action against a state court judge and Plaintiff's request for declaratory relief is improper as it is retrospective in nature and does not address an allegedly ongoing violation of Plaintiff's civil rights. Third, Plaintiff has failed to state cognizable claims under the First and Fourteenth Amendments.

For these reasons, which are discussed more fully below, Plaintiff's Amended Complaint should be dismissed with prejudice.

<u>**STATEMENT OF FACTS AND PROCEDURAL HISTORY**</u>

On April 6, 2026, Plaintiff filed this instant[1] suit, with an

---

[1] Plaintiff has filed three other federal actions arising from the same underlying Family Part matter: *Sedges v. Barbato et al.*,

application to proceed in forma pauperis. *See* ECF No. 1. On April 11, 2026, Plaintiff filed an Amended Complaint (ECF No. 3) and then on April 13, 2026, a Second Amended Complaint (ECF No. 4) – which we will refer to as the operative pleading in this case based on the Court's April 27, 2026, text order (ECF No. 10).

In Block 1[2] of the Amended Complaint, Plaintiff alleges that Judge Minkowitz intercepted "protected correspondence intended for the Chief Justice of the New Jersey Supreme Court," intending to insulate the Family court from state and federal oversight.[3] *See* Plaintiff's Amended Complaint (ECF No. 4) at pp. 4-47.

---

Docket No. 2:25-cv-17354-ES-JBC, *Sedges v. Rabner*, Docket No. 2:26-cv-08597-CCC-CF, and *Sedges v. Mahoney*, Docket No. 2:26-cv-08974-EP-JBC. This office represents Judge Barbato in *Sedges v. Barbato et al.*, No. 2:25-cv-17354-ES-JBC. In March 2026, Judge Barbato moved to dismiss Complaint. That motion remains pending.

[2] Plaintiff's 148-page Amended Complaint is divided into five "Blocks." Each Block contains either a cause of action or legal argument section. Plaintiff does not include a traditional "Counts" section in the operative pleading. Although Plaintiff's original Complaint (ECF No. 1) contains six counts, the Second Amended Complaint does not. We cite solely to the Second Amended Complaint as it is the operative pleading.

[3] In support of his allegations listed in Block 1, Plaintiff attaches Exhibit A, which is the formal judicial misconduct complaint addressed to the Chief Justice of the Supreme Court. *Id.* at pp. 10-36. Exhibit B is an order, dated February 4, 2026, signed by Assignment Judge Minkowitz, following an order to show cause to address the hundred plus motions filed by Mr. Sedges, which explains that due to a pattern of vexatious litigation, all future filings of Mr. Sedges would need to be reviewed by the Assignment Judgment of Morris County pursuant to *Rosenblum v. Borough of Closter*, 755 A.2d 1184 (N.J. Super. App. Div. 2000). *Id.* at pp. 42-47. In the same order, Judge Minkowitz found that Plaintiff's February 4, 2026 filing was frivolous under *Rosenblum*. *Id*. at 46.

In Block 2, Plaintiff alleges that Judge Minkowitz knowingly and deliberately permitted Judge Barbato to intercept, adjudicate, and dismiss formal misconduct complaints filed against himself.[4] *See id.* at pp. 48-65.

In Block 3, Plaintiff alleges that Judge Minkowitz permitted Judge Barbato to continue presiding over his Family Part matter after Judge Barbato was named as a defendant in Plaintiff's federal lawsuit.[5] *Id.* (ECF No. 4-1) at pp. 2-71.

In Block 4, Plaintiff alleges that Judge Minkowitz "utilized his administrative position to label Plaintiff a 'Vexatious Litigant' to obstruct Plaintiff's access to the courts."[6] *Id.* at p. 72. Plaintiff further alleges that Judge Minkowitz inappropriately allowed a "[r]retaliatory tribunal" to persist despite Plaintiff's pending federal action against Judge Barbato.

---

[4] In Block 2, Plaintiff attaches Exhibit E, which consists of orders signed by Judge Barbato adjudicating Plaintiff's motions objecting to alleged judicial misconduct. *Id.* at pp. 48-65. Plaintiff relies on these orders to show that Judge Barbato inappropriately adjudicated his complaint accusing Judge Barbato misconduct, yet these motions were filed by Plaintiff in the Family Part matter over which Judge Barbato was presiding.

[5] In Block 3, Plaintiff includes several orders signed by Judge Barbato after he was served with the summons and complaint in *Sedges v. Barbato*, Docket No. 2:25-cv-17354-ES-JBC. *Id.* (ECF No. 4-1) at pp. 2-71.

[6] Plaintiff attaches Exhibit C, a copy of the February 4, 2026, Order, signed by Judge Minkowitz in which the Judge found that Plaintiff's filing was frivolous under *Rosenblum*. *Id.* at 74-77. Plaintiff also attaches this same exhibit in Block 1 as Exhibit B.

*Id.* at pp. 79-83.

As noted, Plaintiff has not included Counts in his Second Amended Complaint, but instead utilities Blocks in which he has incorporated factual allegations and legal theories.

In Block 1, Plaintiff asserts that Judge Minkowitz denied his access to the courts in violation of the First and Fourteenth Amendments by intercepting mail and preventing information from reaching the Chief Justice of the New Jersey Supreme Court. *Id.* (ECF No. 4) at p. 4.

In Block 2, Plaintiff contends that Judge Minkowitz violated 42 U.S.C. § 1983 by abdicating oversight and facilitating judicial usurpation when he allowed Judge Barbato to "intercept and destroy grievances filed against him." *Id.* at pp. 48-49.

In Block 3, Plaintiff claims that his Fourteenth Amendment rights were violated when Judge Minkowitz allowed Judge Barbato to sign 27 orders in the underlying Family Part matter after Plaintiff sued Judge Barbato in federal court. *Id.* (ECF No. 4-1) at p. 3

In Block 4, Plaintiff contends that Judge Minkowitz retaliated against Plaintiff for suing Judge Barbato and denied him access to the courts by threatening to hold him in contempt and issuing an order dismissing his submissions as frivolous. *Id.* at pp. 72-73.

In Block 5, Plaintiff again asserts that Judge Minkowitz violated his right to due process of law when the Judge failed to

remove Judge Barbato from presiding over the underlying Family Part matter after Plaintiff sued Judge Barbato in federal court. *Id.* at p. 79.

According to the Amended Complaint, Plaintiff "incorporates all requests for relief from the original complaint." *Id.* (ECF No. 4) at p. 9. In original Complaint, Plaintiff requested declaratory judgment that Judge Minkowitz violated his rights under the First, Fourth, Fifth and Fourteenth Amendments. *See* ECF No. 1 at p. 5. Plaintiff requested $500,000 in compensatory damages, punitive damages, and a permanent injunction vacating State court orders finding him a "vexatious litigant." *Id.* at p. 5. Lastly, Plaintiff seeks an order of redress for "the immediate and un-intercepted forwarding of all pending misconduct complaints to Chief Justice Stuart Rabner and a full accounting of the mail that was stolen from the record." *Id.*

This motion follows.

**STANDARD OF REVIEW**

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Both standards are discussed below.

**A.    Rule 12(b)(1) Standard.**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a district court must distinguish between facial and factual challenges to its subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

6

"In a facial attack a Defendant argues that the plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005). Conversely, "[w]hen assessing standing on the basis of the facts alleged in a complaint, this means [courts] apply the same standard of review [that courts] use when assessing a motion to dismiss for failure to state a claim." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016). Nevertheless, for either a facial or factual attack, the burden is on the plaintiff to prove jurisdiction. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

### B.    Rule 12(b)(6) Standard.

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal

7

elements of the claim.  The court must "accept as true all well-pled factual allegations" and draw all reasonable inferences in favor of the plaintiff. *Bistrian v. Levi*, 696 F.3d 352 n.1 (3d Cir. 2012); *Fowler*, 578 F.3d at 210-11.  The court may, however, "disregard any legal conclusions." *Fowler*, 578 F.3d at 210-211.

The court must then determine whether the facts alleged in the complaint are "sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Ashcroft*, at 679).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 550 U.S. at 663.  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler*, 578 F.3d at 211.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS AGAINST JUDGE MINKOWITZ ARE BARRED BY ELEVENTH AMENDMENT SOVEREIGN IMMUNITY AND BECAUSE THE JUDGE IS NOT A "PERSON" SUBJECT TO LIABILITY UNDER 42 U.S.C. § 1983.**

This Court lacks subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims against Judge Minkowitz, who functions as an arm of the State of New Jersey.  Thus, Eleventh Amendment sovereign immunity applies to Plaintiff's § 1983 claims. Additionally, Judge Minkowitz in his official capacity is not a

8

"person" against whom a § 1983 claim may be maintained. Thus, Plaintiff's claims against Judge Minkowitz should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

A. **Judge Minkowitz Is an Arm of the State Entitled to Eleventh Amendment Sovereign Immunity.**

The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment to the United States Constitution prohibits "suits brought in federal courts by [a State's] own citizens as well as by citizens of another state" against the State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is a jurisdictional bar and divests federal courts of their subject matter jurisdiction to hear a case. *See Pennhurst*, 465 U.S. at 98-100. Courts have long held that this immunity protects non-consenting States from suits brought in federal court by private citizens seeking monetary damages. *See id*. at 100-01.

Eleventh Amendment sovereign immunity extends beyond the State and immunizes state agencies, departments, and officials, provided they constitute "arm[s] of the state." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). A state agency or department is an

"arm" of the State when the State "is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101 (citations omitted). And more specifically, the Third Circuit has ruled that the New Jersey Judiciary and its employees are integral to and an "arm" of the State's judicial branch of government and, thus, entitled to sovereign immunity. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010); *see also Hunter v. Supreme Court of N.J.*, 951 F. Supp. 1161, 1177 (D.N.J. 1996) (holding that New Jersey Supreme Court is protected by sovereign immunity); *Johnson v. New Jersey*, 869 F. Supp. 289, 296 (D.N.J. 1994) (stating that the New Jersey Superior Court is an "arm" of the State of New Jersey and entitled to sovereign immunity); *Luft v. Clerk of the Superior Ct. of New Jersey,* No. 3:19-CV-11728-BRM-LHG, 2020 WL 967857, at *6 (D.N.J. Feb. 28, 2020) ("As part of the Superior Court, the Superior Court Clerk's Office is likewise entitled to sovereign immunity."). Sovereign immunity extends to state court judges. *See Lee v. Gallina-Mecca,* No. 22-2871, 2023 WL 5814783, at *3 (3d Cir. Sept. 8, 2023) (stating that New Jersey Superior Court judges are "arms of the state" under the Eleventh Amendment, and [] enjoy[] sovereign immunity from suits in [their] official capacity.").

Here, the foregoing well-settled authority clearly establishes that Judge Minkowitz, a New Jersey Superior Court Judge, functions as an arm of the state entitled to Eleventh Amendment immunity from suit in federal court. Therefore, the

10

Amended Complaint should be dismissed pursuant to Rule 12(b)(1) as the Court lacks subject matter jurisdiction over Plaintiff's claims against Judge Minkowitz.

B.    **Judge Minkowitz is Not a "Person" Amenable to Suit Under 42 U.S.C. § 1983.**

42 U.S.C. § 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

To be liable within the meaning of the statute, a defendant must be a "person."  However, the Supreme Court held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), that the State, arms of the State, and officials of the State acting in their official capacities, are not "persons" within the meaning of Section 1983. While state officials are literally "persons," a suit against a state official in their official capacity is not a suit against the official, but rather, is a suit against the official's office. "As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71.

For instance, it is well-established that courts are "not persons amenable to suit via Section 1983." *Archie v. Hamilton Twp. Mun. Court*, No. 19-20975, 2024 U.S. Dist. LEXIS 135662, at

11

*13 (D.N.J. July 30, 2024); *See Foster v. Essex Cty. Corr. Facility*, No. 23-1613, 2023 U.S. Dist. LEXIS 175162, at *16 (D.N.J. Sep. 28, 2023) ("Plaintiff's § 1983 claims against... New Jersey Superior Court, Union Vicinage are also barred because the court is not a 'person' under § 1983."). This principle extends to Superior Court judges. *See Cabbell v. Sivilli*, No. 14-6439, 2016 U.S. Dist. LEXIS 40765, at *9-11 (D.N.J. Mar. 29. 2016) (dismissing claims against a Superior Court judge in her official capacity for lack of subject matter jurisdiction and noting that the § 1983 personhood inquiry mirrors the Eleventh Amendment inquiry); *Vasilopoulos v. Essex Cty. Prosecutors Office*, No. 08-5603, 2009 U.S. Dist. LEXIS 82100, at *16-18 (D.N.J. Sep. 8, 2009) (dismissing claims against Superior Court judges in their official capacity on grounds that judges are not a "person" under *Will*); *Bey v. Clementon Elem. Sch. Dist.*, No. 10-5609, 2011 U.S. Dist. LEXIS 79473, at *14-16 (D.N.J. Jul. 21, 2011) (dismissing § 1983 claims against Superior Court judge and expressly invoking *Will* in holding that because the allegations implicated the judge's acts as a state official during a child custody proceeding, the judge in his official capacity did constitute a "person" under § 1983).

Here in accordance with the above-cited, well-settled authority, Plaintiff's § 1983 claims fail as a matter of law because Judge Minkowitz is not a "person" amenable to suit. Therefore, Plaintiff's § 1983 claims against Judge Minkowitz

12

should be dismissed with prejudice pursuant to Rule 12(b)(1).

## POINT II

**IN ADDITION TO SOVEREIGN IMMUNITY, PLAINTIFF'S CLAIMS AGAINST JUDGE MINKOWITZ, INCLUDING HIS CLAIMS SEEKING DECLARATORY OR INJUNCTIVE RELIEF, ARE BARRED BY ABSOLUTE JUDICIAL IMMUNITY.**

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *see also* 42 U.S.C. § 1983 (generally prohibiting injunctive relief against judicial officers); *Ball v. Butts*, 445 F. App'x 457, 458 (3d Cir. 2011) (holding that a request for injunctive relief "was subject to dismissal [for failure to state a claim] because such relief is not available against 'a judicial officer for an act . . . taken in such officer's judicial capacity'"). "Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). In short, a "judge is immune from suit for *money damages* and is immune from suits for declaratory and injunctive relief" unless a plaintiff can prove any exceptions apply. *Bernard v. Ignelzi*, No. 25-1245, 2025 U.S. App. LEXIS 34072, at *5 (3d Cir. Dec. 31, 2025) (citing *Mireles*, 502 U.S. at 9)(emphasis added).

"Judicial immunity is essential to judges' ability to exercise 'independent and impartial . . . judgment.'" *Russell v.*

13

*Richardson*‚905 F.3d 239, 247 (3d Cir. 2018) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)).  "'The nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have.'" *Gallas v. Supreme Court*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Forrester v. White*, 484 U.S. 219, 226 (1988)).  "'If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.'" *Gallas*, 211 F.3d at 768 (quoting *Forrester*, 484 U.S. at 227).  "'The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.'" *Gallas*, 211 F.3d at 768 (quoting *Forrester*, 484 U.S. at 227).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978).

14

"This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Judicial immunity is overcome only if (1) the challenged actions were not taken in the judge's judicial capacity; or (2) the challenged actions, "though judicial in nature, were taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

"'The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Gallas*, 211 F.3d at 768-769 (quoting *Stump*, 435 U.S. at 362).  Courts are tasked with "draw[ing] the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." *Forrester*, 484 U.S. at 227.

"With respect to the second inquiry, [courts] must distinguish between acts in the 'clear absence of jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection." *Gallas*, 211 F.3d at 768-69 (quoting *Stump*, 435 U.S. at 356 n.6).  In other words, a judge with even minimal subject matter jurisdiction is entitled to judicial immunity. *See Gallas*, 211 F.3d at 771 ("[A] judge does not act in the clear absence of

15

jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court even though a court rule or other procedural constraint required another judge to act in the matter.")

Here, Plaintiff's claims against Judge Minkowitz in connection with the court's rulings in the ongoing marital dissolution action should be dismissed with prejudice because they are barred by judicial immunity.

First, New Jersey Court Rule 1:33-2 provides that "[f]or each vicinage, the Chief Justice shall designate a judge of the Superior Court to serve as Assignment Judge." Furthermore, the Assignment Judge shall be "responsible for the supervision and efficient management of all court matters filed in the vicinage..." New Jersey Court Rule 1:33-4. Pursuant to this authority, and following Plaintiff's vexatious behavior, Assignment Judge Minkowitz screened Plaintiff's voluminous and frivolous filings and ultimately dismissed them. *See id.; see also Rosenblum v. Borough of Closter*, 333 N.J. Super. 385 (App. Div. 2000). Here, Judge Minkowitz did not act in the "clear absence of jurisdiction," but instead utilized the authority vested in him as Assignment Judge. *Mireles*, 502 U.S. at 11-12.

Second, despite Plaintiff's allegations of administrative misconduct, Plaintiff's claims relate only to Judge Minkowitz's actions taken in his judicial capacity, i.e., in supervising and

16

reviewing Plaintiff's underlying Family Part matter. Plaintiff challenges only judicial acts, i.e., Judge Minkowitz's orders declaring Plaintiff's filings as frivolous and Judge Minkowitz's alleged failure in not removing Judge Barbato from Plaintiff's state court matter. *See* Second Amended Complaint, (ECF Nos. 4, 4-1). Plaintiff does not attribute any non-judicial acts to Judge Minkowitz as providing a basis for his civil rights claims, only court rulings in the marital dissolution action with which Plaintiff disagrees.

Therefore, Judge Minkowitz's judicial conduct provides no basis for liability. Plaintiff may appeal those rulings through the state courts, but his requests for injunctive and declaratory relief regarding already completed state judicial acts and orders should be denied as they are retrospective in nature and thus improper. *See MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 506 (3d Cir. 2001), *cert. denied*, 537 U.S. 941 (2002) (holding that relief sought pursuant to the *Ex Parte Young* exception "must be prospective, declaratory, or injunctive relief . . . and cannot be retrospective[.]"); *see also Nemeth v. Office of the Clerk of the N.J. Superior Court*, 837 Fed. Appx. 924, 927 (3d Cir. 2020) (affirming trial court's ruling that plaintiff's claims fell outside the scope of the *Ex Parte Young* exception where they sought "retrospective relief in the form of a decree that the state court judgments related to [plaintiff's] foreclosure are

17

unconstitutional.").

Moreover, injunctive relief is otherwise unavailable against a judicial officer such as Judge Minkowitz. First, judicial immunity applies to even prospective relief against a judicial officer as judicial immunity is immunity to suit, not just damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). And while *Pulliam v. Allen*, 466 U.S. 522 (1984), held that judicial immunity was not a bar to claims for injunctive or declaratory relief under § 1983, Congress amended § 1983 in 1996 as part of the Federal Courts Improvement Act to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197 (3d Cir. 2000); *Chadwick v. Court of Common Pleas*, 244 F. App'x 451, 455 (3d Cir. 2007). Thus, injunctive relief against a federal judge is barred absent the violation of a declaratory decree or if declaratory relief is unavailable. *Azubuko*, 443 F.3d at 304.

Here, Judge Minkowitz's judicial conduct provides no basis for liability. Plaintiff may appeal those rulings through the state courts, but he may not sue the Judge for compensatory monetary damages for injuries allegedly caused by the court's rulings, or seek to recover punitive monetary damages against the

18

Judge.  Nor may Plaintiff seek declaratory or injunctive relief against Judge Minkowitz for his judicial conduct.  As Plaintiff's claims against the Judge fail as a matter of law, they should be dismissed with prejudice pursuant to Rule 12(b)(6).

### POINT III

**PLAINTIFF HAS FAILED TO STATE COGNIZABLE CLAIMS UNDER THE FOURTEENTH AMENDMENT FOR VIOLATION OF PROCEDURAL DUE PROCESS CLAUSE AS WELL AS UNDER THE FIRST AMENDMENT FOR DENIAL OF ACCESS TO THE COURTS.**

Plaintiff does not plead a cognizable claim which shows that Judge Minkowitz violated his constitutional rights under the Fourteenth Amendment due process clause. Plaintiff also fails to plead a First Amendment denial of access to the courts claim. Thus, even if this Court had jurisdiction to hear Plaintiff's claims, such claims should still be dismissed under Ruler 12(b)(6) because the facts alleged fail to state a prima facie claim.

A. **Plaintiff Fails to Properly Plead a Fourteenth Amendment Procedural Due Process Claim.**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or properly without due process of law."  U.S. Const. amend. XIV, § 1.  The Due Process Clause confers both substantive and procedural rights.  *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Procedural due process means that individuals should have the "opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). To prove a procedural due

19

process violation, plaintiff must show: (1) defendant was acting under color of law; (2) deprived plaintiff of a "protected property interest;" and (3) that the state process for challenging the alleged constitutional violation was inadequate. *See Midnight Sessions, Ltd. v. Philadelphia*, 945 F.2d 667, 680 (3d Cir. 1991)(citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)).

States and State officials cannot be held to have violated due process requirements when procedural protections are available, but the plaintiff has refused to avail himself of those protections. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Thus, "a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Id.* at 116. "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Id.; see also Franklin Armory v. Callahan*, No. 19-19323, 2021 U.S. Dist. LEXIS 228148, at *39-42 (D.N.J. Nov. 29, 2021) (dismissing plaintiff's due process claims when it did not appeal decisions of administrative agency or officers to the New Jersey Appellate Division).

Here, Plaintiff fails to properly allege that he was deprived of property and that the state court process for challenging any alleged deprivation was inadequate. Instead, Plaintiff alleges that Judge Minkowitz violated his due process rights by failing to

20

remove Judge Barbato from presiding over the underlying Family Part matter after Plaintiff sued Judge Barbato in federal court. *See* Plaintiff's Amended Complaint (ECF No. 4) at p. 79.  However, Plaintiff overlooks the fact that he could have filed a motion to disqualify Judge Barbato from hearing the Family Part matter.[7] *See* N.J. Ct. R. 1:12-2 (providing that "Any party, on motion made to the judge before trial or argument and stating the reasons therefor, may seek that judge's disqualification.").

A motion to disqualify a judge is  matter within the judge's discretion.  *Magill v. Casel*, 568 A.2d 1221, 1224 (N.J. Super. App. Div. 1990).  If the motion is denied, this decision may be appealed.  *Id.; See also Panitch v. Panitch*, 770 A.3d 1237 (N.J. Super. App. Div. 2001) (appellants were granted leave from primary litigation to appeal denial of a recusal motion).  Or the movant could continue with trial and, if the judge's decision is unfavorable,  raise the denial of the recusal motion in his appeal. *Clawans v. Schakat*, 140 A.2d 234, 238 (N.J. Super. App. Div. 1958).

---

[7] The New Jersey Court Rules provide that a judge "shall be disqualified" and "shall not sit on any matter" under certain conditions including where the judge is related to any party or attorney in the action, has been an attorney of record or counsel in the action, has given an opinion upon a matter in question in the action, is interested in the event of the action, has discussed or negotiated their post-retirement employment with any part, attorney or law firm involved, or for any other reason which might preclude a fair and unbiased hearing and judgment or which might reasonably lead counsel or the parties to believe so. *See* N.J. Ct. R. 1:12-1.

Thus, if Plaintiff felt that Judge Barbato should be disqualified from hearing the underlying Family Part matter because Plaintiff sued Judge Barbato, the process available to him was to file a motion to disqualify the Judge. If Plaintiff was dissatisfied with the outcome of that motion, the process available to him was to file an appeal.[8]  With these procedural avenues available to him for relief, Plaintiff cannot maintain a procedural

---

[8] It is doubtful that Plaintiff's appeal of the denial of a motion to disqualify Judge Barbato because Plaintiff filed a lawsuit against the Judge would have be successful. Canon 3.17 of Judicial Conduct provides that "A judge shall not be automatically disqualified upon learning that a grievance, i.e., a written submission to the Advisory Committee on Judicial Conduct ('ACJC') alleging judicial misconduct, has been filed against the judge with the ACJC, litigation naming the judge as a party has been initiated in any court, or any other complaint about the judge by any party has been introduced in any other forum." CJC Canon 3.17(E). The New Jersey Rules of Court governing judicial ethics complaints similarly provide that "[t]he filing of allegations concerning a judge shall not automatically require the judge's recusal from a matter involving the grievant." N.J. Ct. R. 2:15-24. This principle is reflected in federal decisional law which holds that the filing of a suit against a judge by a litigant in a matter heard by the judge "is not a sufficient reason for recusal." *United States v. Ward*, 760 F. Supp.2d 480, 484 (D.N.J. 2011) (citing *Azubuko*, 443 F.3d at 304)). In fact, under Canon 3.17(A), the judge retains the presumptive obligation to continued presiding over the matter.  A lawsuit filed against a judge for the strategic purpose of disqualifying the judge based on the judge's adverse rulings against a litigant in a matter before the judge are disfavored under the principle that litigants are not entitled to judges of their own choice. *See Shaikh v. Schron*, No. 24-8249, 2025 U.S. Dist. LEXIS 215310, at *5 (D.N.J. Oct. 30. 2025) (observing that a rule requiring judicial qualification where a litigant sues the judge would produce absurd results as litigants would be permitted to "shop for judges simply by filing a complaint against those they view unfavorably") (citing *Azubuko*, 443 F.3d at 304).

due process claim against Judge Minkowitz for failure to disqualify Judge Barbato from presiding over the underlying Family Part matter. Thus, Plaintiff's procedural due process claim fails as a matter of law and should be dismissed.

### B. **Plaintiff Fails to Properly Plead a First Amendment Denial of Access to Courts Claim.**

The First Amendment provides that:

> Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

[U.S. Const. amend. I.]

The First Amendment guarantees the right of access to the courts. *United Transp. Union v. State Bar of Michigan*, 401 U.S. 576, 585 (1971). To adequately state a First Amendment denial of access to the court claim, a plaintiff must show that: (1) a non-frivolous claim exists; (2) their access to the court system was impeded; and (3) "a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In short, the "right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

Here, Plaintiff alleges that Judge Minkowitz denied his access to the courts by intercepting mail and preventing information from reaching the Chief Justice of the New Jersey

23

Supreme Court, *see* Compl. (ECF No. 4) at p. 4, and by threatening to hold him in contempt and issuing an order dismissing his submissions as frivolous, *see id.* at pp. 72-73. We shall address each aspect of the claim in turn.

First, with respect to the judicial ethics complaint against Judge Barbato that Plaintiff alleges was impeded by Judge Minkowitz, Plaintiff overlooks the fact an ethics complaint against a Superior Court judge, i.e., any "written statement, criticism or grievance that is directed to the [Advisory] Committee [on Judicial Conduct", *see* N.J. Ct. R. 2:15, may be filed directly with the Advisory Committee on Judicial Conduct using a complaint form on the Judiciary website (www.njcourts.gov), or by writing a letter of complaint to the Committee, and delivered via U.S. Mail to the Post Office Box provided on the website or via email to the Advisory Committee's electronic mailbox). *See* https://www.njcourts.gov/attorneys/jud-ethics (last visited Aug. 4, 2026).

Thus, the scenario painted by Plaintiff -- that he sent Judge Minkowitz a complaint about Judge Barbato addressed to the Chief Justice, and Judge Minkowitz wrongfully failed to forward it on to the Chief Justice, thereby preventing Plaintiff from filing a judicial ethics complaint against Judge Barbato -- makes no sense as it completely disregards the process the Advisory Committee has made known to the public for how to file a judicial ethics

24

complaint.   Plaintiff did not need to route an ethics complaint against Judge Barbato through Judge Minkowitz, and Judge Minkowitz could not have prevented Plaintiff from filing an ethics complaint against Judge Barbato directly with the Advisory Committee.

Even if Judge Minkowitz could have impeded Plaintiff from filing a judicial ethics complaint against Judge Barbato, Plaintiff cannot demonstrate that any such complaint had merit or a remedy that he was prevented from being awarded because the ethics complaint was not received.   A judicial ethics complaint does not result in a cash award to the filer, or any kind of compensation, and the Advisory Committee advises the public on its website (https://www.njcourts.gov/attorneys/jud-ethics) that it has no jurisdiction over matters pending before the courts such that it could somehow require Judge Barbato to recuse or otherwise take some action in the underlying Family Part matter.[9]   Thus,

---

[9] In that regard, the Judiciary website's frequently asked questions section (https://www.njcourts.gov/attorneys/jud-ethics) reads:

> **Will the judge need to step down from my case if I file an ACJC complaint?**   No.   The filing of a complaint against a judge does not necessarily require the judge to step down from the case in which the alleged conduct occurred. New Jersey Court Rule 2:15-24.
> **Can the ACJC change a judge's decision?**   No, the committee is not a court and cannot determine whether a judge's decision is correct or incorrect under the law or facts of a particular case, or change a judge's decision.  If a judge makes a decision with which a court user disagrees or which the court user believes violates the law, the court user may file an appeal. Questions

25

Plaintiff is unable to demonstrate the third element of a prima facie denial of access to court claim.

To the extent that Plaintiff premises his denial of access to court claim upon Judge Minkowitz screening his filings (presumably in the underlying Family Part matter) and dismissing them as frivolous under *Rosenblum*, such claim is clearly barred by judicial immunity.    Following *Rosenblum*, the state courts have upheld the entry of screening orders to address vexatious litigation in a manner that is consistent with the restrained party's due process rights.    In *Rosenblum*, the Appellate Division examined whether a pro se litigant could be enjoined from filing successive complaints after the court had previously concluded that the claimed relief was frivolous. 755 A.2d at 1185.    The court held that, in certain circumstances, due process is not impaired by enjoining litigation. *Id*. at 1188.    "[W]here a pattern of frivolous litigation can be demonstrated, the Assignment Judge can prevent the complaint from being filed[,]" when other available sanctions,

---

about how to file an appeal may be directed to the county clerk's office, the Superior Court Clerk or an attorney. [* * *]
**Can the ACJC have a judge removed from my case?** No, the committee cannot have a judge removed from a court case. Questions about the process for requesting a judge's removal may be directed to the county clerk's office, the Superior Court Clerk or an attorney. [* * *]

26

such as monetary penalties, proved unsuccessful as a deterrent.[10]
*Id.* at 1185-86.

Ten years later, in *Parish v. Parish*, 988 A.2d 1180 (N.J. Super. App. Div. 2010), the Appellate Division approved extending *Rosenblum* to the filing of frivolous motions. There, the Appellate Division observed that courts have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail "harassing and vexation litigation." *Id.* at 1185 (quoting *Rosenblum*, 755 A.2d at 1185, 1188); N.J. Stat. Ann. § 2A:15-59.1(b)(1) (providing that a judge may find a frivolous complaint, counterclaim, cross-claim or defense when said pleading is "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury"); N.J. Ct. R. 1:4-8(a)(1) (stating the signature of a party or counsel on a pleading certifies the document is not presented for an "improper purpose, such as to harass or to cause unnecessary delay"). Thus, the entry of a *Rosenblum* order against Plaintiff was within Judge Minkowitz's authority.

Setting aside the immunity bar, Plaintiff's denial of access

---

[10] The court in *Rosenblum* held that, before any prior restraint on access can be considered, the use of litigation to harass must be first "objectively determinable." *Ibid*. Thereafter, any restraint imposed must apply to the "specifically identified claims[,] which . . . have been determined to fall within one of the recognized categories of objective harassment[,]" making "[a] nonspecific and nondiscrete injunction against prospective litigation . . . patently [u]nsustainable." *Ibid*.

claim premised upon the screening of Plaintiff's filings in the underlying Family Part matter fails because, again, Plaintiff is unable to demonstrate that he was prevented from pursuing a non-frivolous claim.

Additionally, Plaintiff could appeal the *Rosenblum* order, as was done in *Parish* and *Wallace v. Starkist*, No. A-3131-18, 2021 N.J. Super. Unpub. LEXIS 224 (N.J. Super. App. Div. Feb. 10, 2021).[11]   Indeed, in *Parish*, the Appellate Division reversed the entry of a *Rosenblum* order enjoining the filing of motions in a Family Part matter where the trial court failed to determine that the pleadings demonstrated "the continuation of vexatious or harassing misuse of judicial process" as evidenced by a "history of repetitious and frivolous filings indicat[ive] of a clear intent to abuse the courts" and limited to the "filing of a repetitious

---

[11] In *Wallace*, plaintiff sued Starkist for damages arising from her alleged injuries caused by eating a foreign substance in a can of tuna fish. 2021 N.J. Super. Unpub. LEXIS 224, at *1.  Starkist's motion to dismiss was granted with prejudice on grounds that the action was filed after the statute of limitations had expired. *Id*. After plaintiff filed twelve  motions to reinstate that were denied because she failed to support them with evidence proving that she filed her complaint within the limitations period, on Starkist's motion, the Assignment Judge entered a *Rosenblum* order that required plaintiff's motions regarding the statute of limitations to be held for screening before they were accepted for filing. *Id*. Plaintiff appealed the *Rosenblum* order as well as the trial judge's order denying her motion to reinstate. *Id.* at *2. However, the Appellate Division never reached the merits of Plaintiff's appeal of the *Rosenblum* order because plaintiff failed to brief any arguments challenging the order. *See id.* at *9.

claim or a claim that the [litigant] knows to be frivolous." 988 A.2d at 1190 (quoting *Rosenblum*, 755 A.2d at 1190) (internal quotation marks omitted).

In sum, Plaintiff's denial of access to courts claim fails and should be dismissed because he identifies no non-frivolous claim that he was impeded from pursuing.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's claims against Judge Minkowitz should be dismissed with prejudice.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:  <u>s/ Kenneth R. Schuster, Jr.</u>
Kenneth R. Schuster, Jr.
Deputy Attorney General

Dated: August 6, 2026