**ALBERT SEDGES,**

Plaintiff,

v.

**STUART MINKOWITZ,**

Defendant.

**PLAINTIFF'S SUPPLEMENTAL CERTIFICATION IN FURTHER SUPPORT OF THRESHOLD STRIKES AND CANDOR MOTIONS: DEMOLITION OF DEFENSE BAD-FAITH ATTEMPTS TO ERASE INDIVIDUAL-CAPACITY LIABILITY AND FALSE CLAIMS OF IMMUNITY**

## PRELIMINARY STATEMENT

This supplemental filing exposes an untenable defense tactic that attempts to dodge individual-capacity liability through a distorted reading of well-settled law. The defense motion to dismiss deliberately blurs the clear, explicit boundaries of the complaint—which names Defendant Stuart Minkowitz in both his individual and administrative capacities (as designated clearly at the top of the complaint page and confirmed at Sharpie mark number three at the bottom)—in an attempt to invoke a sweeping official-capacity shield where none exists.

The court must recognize that the plaintiff has already embedded the required remedy directly within the record; the plaintiff refuses to wait until reply papers are required merely to prove what is already self-evident. This maneuver is nothing more than a blatant sleight of hand and smoke and mirrors—it is an outright insult to the dignity of this tribunal. The plaintiff declines to wait for opposition filings to expose the chasm between reality and fabrication because the underlying complaint already proves the truth upfront, dismantling their deceptive narrative at inception.

Within their motion to dismiss, the defense aggressively and falsely asserts that the claims against Judge Minkowitz must be dismissed because state officials cannot be sued under 42 U.S.C. Section 1983. This assertion is demonstrably false, fabricated, and advanced in direct, calculated violation of the duty of candor when applied to a defendant explicitly sued in his individual capacity.

## STATEMENT OF FACTS

1. **Explicit Individual-Capacity Pleading:** As established on the face of the active, unassailable record, the complaint explicitly designates Defendant Stuart Minkowitz in his individual capacity at the top of the page, further corroborated by physical notation (Sharpie mark number three) at the bottom of the page, alongside his administrative responsibilities.

2. **The Defense Mischaracterization of Capacity:** In the pending Motion to Dismiss, the defense deliberately treats the action solely as an official-capacity suit to wrongfully invoke sovereign and absolute immunities, ignoring the explicit individual-capacity framing that places the defendant squarely under personal liability standards.

3. **Individualized Malfeasance:** Defendant Minkowitz acted outside the bounds of lawful judicial authority by maintaining supervisory awareness of unlawful self-adjudication cycles, refusing to intervene, and instead utilizing administrative positioning to facilitate retaliatory measures against the Plaintiff.

4. **The Bad-Faith Shield:** The defense's contention that Section 1983 completely bars this action completely conceals and falsifies the settled legal reality that state actors acting under color of

law are fully reachable in their individual personal capacities for constitutional torts.

## STATEMENT OF ARGUMENTS

### I. The Defense Attempt to Strip Individual-Capacity Claims via Blanket Immunity Constitutes a Fraud Upon the Court and Violates the Duty of Candor

The defense's core premise in their motion to dismiss—that Section 1983 suits cannot reach state judicial officials—is directly and fatally contradicted by established law when applied to individual-capacity allegations. When a moving party asserts a total jurisdictional bar while intentionally mischaracterizing an individual-capacity complaint as an official-capacity-only action, that party commits an active fraud upon the tribunal. A motion built on a demonstrable misrepresentation of the pleadings cannot survive scrutiny.

### II. Piercing the Immunity Shield via Individual Capacity and Total Lack of Jurisdiction

Judicial and administrative immunities do not protect state actors when they are sued personally for conduct that falls outside protected judicial acts or violates clear constitutional boundaries.

- **Personal Liability of State Actors:** Under ***Hafer v. Melo***, 502 U.S. 21, 27–31 (1991), state officials sued in their individual capacities are "persons" under 42 U.S.C. Section 1983 and can be held personally liable for damages for constitutional violations committed under color of state law, even when the acts arose out of official duties.
- **Limits of Judicial Immunity:** Under ***Stump v. Sparkman***, 435 U.S. 349, 356–357 (1978), absolute judicial immunity does not protect a judge for actions taken completely outside their judicial capacity or in the clear absence of all jurisdiction.

### III. Incorporation of Supporting Constitutional Precedents

As mandated, the following established legal precedents directly support the Constitutional violations committed through these administrative blockades, bad-faith pleadings, and retaliatory threats:

- **Pulliam v. Allen, 466 U.S. 522 (1984):** Establishes that judicial immunity does not bar claims for prospective injunctive relief or attorney's fees under 42 U.S.C. Section 1983.
- **Ex Parte Young, 209 U.S. 123 (1908):** Authorizes suits against state officials in federal court to halt the enforcement of unconstitutional orders and administrative practices.
- **County of Sacramento v. Lewis, 523 U.S. 833 (1998):** Governs 14th Amendment substantive due process violations arising from executive abuse of power that "shocks the conscience."
- **Donovan v. City of Dallas, 377 U.S. 408 (1964) & General Atomic Co. v. Felter, 434 U.S. 12 (1977):** Hold that state courts are entirely without power to restrain federal-court proceedings or penalize litigants for pursuing federal remedies.

## TABLE OF AUTHORITIES

### Federal Cases

- Arizona v. Fulminant, 499 U.S. 279 (1991)
- Bounds v. Smith, 430 U.S. 817 (1977)

- Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009)
- City of Houston v. Hill, 482 U.S. 451 (1987)
- County of Sacramento v. Lewis, 523 U.S. 833 (1998)
- Donovan v. City of Dallas, 377 U.S. 408 (1964)
- Ex Parte Young, 209 U.S. 123 (1908)
- General Atomic Co. v. Felter, 434 U.S. 12 (1977)
- Hafer v. Melo, 502 U.S. 21 (1991)
- In re Murchison, 349 U.S. 133 (1955)
- Marshall v. Jerrico, Inc., 446 U.S. 238 (1980)
- Mitchum v. Foster, 407 U.S. 225 (1972)
- Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978)
- Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977)
- Organization for a Better Austin v. Keefe, 402 U.S. 415 (1971)
- Pulliam v. Allen, 466 U.S. 522 (1984)
- Rochin v. California, 342 U.S. 165 (1952)
- Stump v. Sparkman, 435 U.S. 349 (1978)
- Tumey v. Ohio, 273 U.S. 510 (1927)
- Ward v. Village of Monroeville, 409 U.S. 57 (1972)

**New Jersey State Rules and Court Decisions**

- N.J. Court Rule 1:7-4(a)
- N.J. Court Rule 1:12-1(f)
- N.J. Court Rule 1:12-2
- N.J. Court Rule 1:33-2
- N.J. Court Rule 1:4-8
- Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298 (App. Div. 2018)
- Rosenblum v. Borough of Closter, 333 N.J. Super. 385 (App. Div. 2000)
- Rubin v. Rubin, 188 N.J. Super. 155 (App. Div. 1982)

## CERTIFICATION OF TELLING THE TRUTH

I, ALBERT SEDGES, of full age, hereby certify and state as follows:

1. I am the Plaintiff pro se in this matter.

2. I have read the contents of this filing, and the factual statements made herein and in the accompanying complaint records are true and correct to the best of my knowledge, information, and belief.

3. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under the law.

Dated: August 12, 2026

Respectfully submitted,

s/ Albert Sedges

**ALBERT SEDGES, Plaintiff Pro Se**

241 South 10th Avenue

Forsyth, MT 59327

Phone: 862-683-6327

## NOTICE OF CERTIFICATION TO THE ATTORNEY GENERAL OF NEW JERSEY

**TO: OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY**

Richard J. Hughes Justice Complex

25 W. Market St.

Trenton, NJ 08625

PLEASE TAKE NOTICE that pursuant to federal and local practice requirements, the Plaintiff, Albert Sedges, appearing pro se, hereby provides formal notice of this submission and constitutional challenge concerning the individual-capacity claims and actions of Assignment Judge Stuart Minkowitz, directed to the Office of the Attorney General of New Jersey.